1  BLAKELY LAW GROUP
2  BRENT H. BLAKELY (CA Bar No. 157292)
   1334 Parkview Avenue, Suite 280
3  Manhattan Beach, California 90266
4  Telephone:   (310) 546-7400
   Facsimile:   (310) 546-7401
5  Email:       BBlakely@BlakelyLawGroup.com

6  Attorneys for Defendant
7  MICHAEL COHEN

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11
   | STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual, | Case No. |
   |---|---|
   | Plaintiffs, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT MICHAEL COHEN** |
   | v. | |
   | KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive, | [Filed concurrently with Civil Cover Sheet and Notice of Interested Parties] |
   | Defendants. | Complaint Filed: June 6, 2018 |

NOTICE OF REMOVAL OF ACTION BY DEFENDANT MICHAEL COHEN

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and
3  1446, Defendant Michael Cohen ("Mr. Cohen") hereby removes this civil action from
4  the Superior Court of California for the County of Los Angeles, where it is currently
5  pending as Case No. SC129384, to the United States District Court for the Central
6  District of California, Western Division.

7  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)
8  on the grounds that complete diversity exists between all parties and the amount in
9  controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff
10 Stephanie Clifford a.k.a. Stormy Daniels ("Plaintiff" or "Ms. Clifford") is a resident,
11 citizen and domiciliary of the State of Texas, Mr. Cohen is a resident, citizen and
12 domiciliary of the State of New York, and Defendant Keith Davidson ("Mr.
13 Davidson") is a resident, citizen and domiciliary of the State of California.

14                           **BACKGROUND**

15 On June 6, 2018, an action was commenced in the Superior Court of the State
16 of California in and for the County of Los Angeles, entitled *Stephanie Clifford (aka*
17 *Stormy Daniels) v. Keith M. Davidson, an individual, Michael Cohen, an individual,*
18 *and Does 1 through 10, inclusive*, as Case Number SC129384 (the "Action").
19 Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as
20 **Exhibit 1**.

21 Mr. Cohen has not been served with a copy of the Summons or Complaint in
22 the Action. Mr. Cohen is informed and believes that Mr. Davidson has not been
23 served with a copy of the Summons or Complaint in the Action.

24 Plaintiff asserts in the Complaint two causes of action for: (1) Breach of
25 Fiduciary Duty against Mr. Davidson; and (2) Aiding and Abetting Breach of
26 Fiduciary Duty against Mr. Cohen. Plaintiff alleges that Mr. Davidson acted as her
27 attorney throughout the time period at issue in the Complaint. (Complaint, ¶ 8.)
28 Plaintiff further alleges that Mr. Davidson breached his fiduciary duties of loyalty and

to maintain client confidences by engaging "in numerous communications and concerted action with Mr. Cohen, the purpose of which was not to benefit Ms. Clifford, but to benefit Mr. Cohen and [Donald] Trump." (*Id*., at ¶ 66.) Plaintiff claims that she "has been damaged by Mr. Davidson's various breaches in an amount to be proven at trial, but which exceeds $100,000." (*Id*., at ¶ 72.)

Plaintiff alleges that Mr. Cohen aided and abetted Mr. Davidson's breach of his fiduciary duties to Ms. Clifford. (Complaint, at ¶¶ 74-82.) Plaintiff claims that she "has been damaged by Mr. Cohen's misconduct in an amount to be proven at trial, but which exceeds $100,000." (*Id*., at ¶ 81.) Mr. Cohen denies that he engaged in any wrongful conduct and that Plaintiff suffered any damages as a result thereof.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of, $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.     The Amount-In-Controversy Requirement is Satisfied.**

The Complaint states that Plaintiff's damages "are well in excess of $100,000." (Complaint, ¶ 60; *see also* ¶¶ 72, 81.) Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

Because the state court Complaint expressly seeks more than $75,000, removal on the basis of diversity should be allowed unless the amount set forth in the initial complaint was stated in bad faith. Because Plaintiff instituted the case in state court, there is a strong presumption Plaintiff did not inflate the claim to support removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Sanchez*

*v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir.1996).

Thus, because it is facially apparent from the Complaint that Plaintiff seeks well more than $75,000, the amount-in-controversy requirement is satisfied, and this action may be removed to this Court by Mr. Cohen pursuant to the provisions of 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and All Defendants.

Plaintiff alleges at Paragraph 1 of the Complaint that she "is a resident of the State of Texas." Mr. Cohen alleges herein that she is also a citizen and domiciliary of the State of Texas. Nothing in the Complaint suggests otherwise. Mr. Cohen is not aware of any residency, citizenship or domiciliary by Plaintiff in either California or New York at the time of filing of the Complaint.

Plaintiff alleges at Paragraph 2 of the Complaint that Mr. Davidson "is a citizen of the State of California." Mr. Cohen alleges herein that Mr. Davidson is a resident, citizen and domiciliary of the State of California. Mr. Cohen is not aware of any residency, citizenship or domiciliary by Mr. Davidson in either Texas or New York. In fact, as of the date of filing this Notice of Removal, the business address listed by Mr. Davidson with the State Bar of California is located within the County of Los Angeles, State of California.

Plaintiff alleges at Paragraph 3 of the Complaint that Mr. Cohen "is a citizen of the State of New York." Mr. Cohen confirms that he is a resident, citizen and domiciliary of the State of New York.

As stated above, Mr. Davidson has not been served with the Summons or Complaint. Thus, Mr. Davidson's joinder or consent to this removal is unnecessary. *See* 28 U.S.C. § 1446(b)(2)(A).

The Complaint also names Doe Defendants "1 through 10." (Complaint, ¶ 5.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of

"Doe" defendants in the Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III.  The Other Prerequisites for Removal Are Satisfied.

This Notice of Removal is timely filed.  The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B).  Plaintiff filed the Complaint with the state court on June 6, 2018.  Neither of the named defendants has been served with a copy of the Summons or Complaint, as of the date of the filing of this Notice of Removal.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (Case No. SC129384) to be included with this Notice of Removal.  Mr. Cohen has not been not served with any of the papers.  However, the Complaint is widely available on the Internet, including at the following URL: http://media1.s-nbcnews.com/i/today/z_creative/FiledComplaint.pdf.

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 2**, together with this Notice of Removal, will be served upon counsel for Plaintiff and Mr. Davidson, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

By filing this Notice of Removal, Mr. Cohen does not waive his right to object to jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which he may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Mr. Cohen respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of his position that subject matter jurisdiction exists.

Dated: June 7, 2018　　　　　　　　　　BLAKELY LAW GROUP

　　　　　　　　　　　　　　　　　　By: */s/ Brent H. Blakely*
　　　　　　　　　　　　　　　　　　　　BRENT H. BLAKELY
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　MICHAEL COHEN