# EXHIBIT 1

Michael J. Avenatti, Bar No. 206929
AVENATTI & ASSOCIATES, APC
mavenatti@eoalaw.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050

Attorneys for Plaintiff Stephanie Clifford

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 06 2018

Sherri R. Carter, Executive Officer/Clerk
By: Tom G. Holmes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – SANTA MONICA COURTHOUSE

STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual,

    Plaintiff,

vs.

KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive

    Defendants.

Case No. SC129384

COMPLAINT FOR:

(1) BREACH OF FIDUCIARY DUTY;
(2) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

CASE MANAGEMENT CONFERENCE

12-3-18     8:30am
Judge C. Karlan    Date    Dept IV

**COMPLAINT**

Plaintiff Stephanie Clifford (aka Stormy Daniels) ("Ms. Clifford" or "Plaintiff") hereby alleges the following:

## THE PARTIES

1. Plaintiff Ms. Clifford, an individual, is a resident of the State of Texas.

2. Defendant Keith M. Davidson ("Mr. Davidson"), an individual, is a citizen of the State of California.

3. Defendant Michael Cohen ("Mr. Cohen"), an individual, is a citizen of the State of New York.

4. Mr. Davidson and Mr. Cohen together shall be referred to hereafter as "Defendants."

5. The true names and capacities of the defendants DOES 1 through 10, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 10, inclusive, when the same have been ascertained.

6. Plaintiff is also informed and believes and thereon alleges that DOES 1 to 10 were the agents, principals, and/or alter egos of Defendants, at all times herein relevant, and that they are therefore liable for the acts and omissions of Defendants.

## JURISDICTION AND VENUE

7. Venue is appropriate in the County of Los Angeles, and this Court has personal jurisdiction over the Defendants and each of them by reason of the facts that: (a) Mr. Davidson resides in the West Judicial District; (b) Defendants have transacted and conducted substantial business in the State of California, the County of Los Angeles, and the West Judicial District; (c) many of Mr. Cohen's actions alleged herein were directed to and/or occurred in the State of California and the County of Los Angeles; and (d) many of the events giving rise to the claims at issue in this lawsuit arose in California, including within the County of Los Angeles and the West Judicial District.

## FACTUAL BACKGROUND

8. Mr. Davidson is an attorney licensed in the State of California and was retained by Ms. Clifford as her personal attorney. Except as noted herein, Mr. Davidson was ostensibly acting in his capacity as Ms. Clifford's attorney throughout the time period at issue in this complaint.

9. Mr. Cohen is an attorney licensed in the State of New York. Mr. Cohen worked as the "top attorney" at the Trump Organization from 2007 until at least 2016 and served as Mr. Donald J. Trump's personal attorney at all material times relating to the time period at issue.

10. In his capacity as Ms. Clifford's attorney, Mr. Davidson owed Ms. Clifford all of the attendant duties and obligations that arise in connection with an attorney-client relationship, including the duty of loyalty and the duty to maintain client confidences.

11. In his capacity as Ms. Clifford's attorney, Mr. Davidson communicated with Mr. Cohen in connection with an October 2016 agreement for which Mr. Cohen acted as an attorney for Mr. Donald Trump.

12. By virtue of this agreement and his experience with Mr. Davidson, Mr. Cohen was well aware at all times that Mr. Davidson was Ms. Clifford's attorney and that Mr. Davidson owed Ms. Clifford a continuing duty of loyalty and was in a fiduciary relationship with Ms. Clifford.

13. Unbeknownst to Ms. Clifford, after the agreement was signed by Ms. Clifford, Mr. Davidson continued to regularly communicate with Mr. Cohen to the detriment of Ms. Clifford.

14. Mr. Davidson's communications with Mr. Cohen were inconsistent with his obligations to Ms. Clifford, including his obligation to maintain client confidences and his duty of loyalty to Ms. Clifford.

15. Starting in January 2018 at the latest, Defendants Davidson and Cohen acted in concert to benefit not Ms. Clifford, but a client of Mr. Cohen's, namely Mr. Trump.

16. Specifically, on the morning of January 17, 2018, Mr. Cohen became aware of an article published by *In Touch* magazine regarding Ms. Clifford and President Donald J. Trump.

17. Believing this story to be detrimental to his own interests or those of his client, Mr. Cohen immediately colluded with Mr. Davidson in an attempt to use and manipulate Ms. Clifford in a manner designed to benefit Mr. Cohen and Mr. Trump.

18. After learning of the magazine article, Mr. Cohen sent an iMessage to Mr. Davidson at or about 12:13 PM EST stating "Call me."

19. On information and belief, Mr. Davidson and Mr. Cohen subsequently conversed on the telephone at which time Mr. Cohen hatched a plan to have Ms. Clifford appear on Mr. Sean Hannity's program to falsely deny the accuracy of the *In Touch* article.[1]

20. Approximately two hours later, at 2:32 PM, Mr. Cohen again texted Mr. Davidson, stating "I have her tentatively scheduled for Hannity tonight. Call me after your trial." On information and belief, Mr. Cohen scheduled Ms. Clifford to appear on Mr. Hannity's program only after consultation with Mr. Trump.

21. Mr. Davidson responded,

> She cannot don't [sic] today. She is flying to LA tomorrow. I'm trying to get her to commit for tomorrow. (3:21 PM)

22. Unsatisfied with this response and in a panic, Mr. Cohen sent several more messages in a desperate attempt to convince Ms. Clifford, with the assistance of Mr. Hannity, to lie to the American public about her relationship with Mr. Trump via the *Fox News* broadcast:

    a) At 3:23 PM, Mr. Cohen messaged "It's really important. Why?"

    b) At 3:25 PM, Mr. Cohen messaged "Can you call me please."

    c) At 3:45 PM, Mr. Cohen again messaged, "Please call me."

    d) At 4:18 PM, Mr. Cohen messaged Mr. Davidson, "Anything?"

23. At 4:30 PM, Mr. Davidson responded to Mr. Cohen stating that he was "Still trying."

24. At 4:30, less than one minute later, Mr. Cohen responded to Mr. Davidson stating:

> This is no good. We need her as by doing tomorrow you just create another news cycle instead of putting an end to this one.

25. At 4:52 PM, Mr. Cohen messaged Mr. Davidson asking "Please call me."

26. At 5:01 PM Mr. Cohen again messaged Mr. Davidson stating "Cmon!"

---

[1] Mr. Cohen has previously stated that Ms. Clifford is a liar and that he did not believe her in 2016 or 2011 regarding her account of having a relationship with Mr. Trump. The fact that he attempted to place her on Mr. Hannity's show in January 2018 for a live interview completely undercuts his ridiculous assertions and further shows that his prior claims relating to her alleged lack of trustworthiness were entirely baseless.

27. At 5:31 PM, Mr. Cohen apparently changed his mind and messaged Mr. Davidson that it would be better to wait until the next day, stating:

> Let's forget tonight. They [Fox News and the Trump Administration] would rather tomorrow so they can promote the heck out of the show.

28. At 7:51 PM, Mr. Cohen messaged Mr. Davidson again, having apparently concluded that it was no longer is his own or his client's best interest for Ms. Clifford to appear:

> Keith, **The wise men all believe the story is dying and don't think it's smart for her to do any interviews.** Let her do her thing but no interviews at all with anyone. (emphasis added)

29. The "wise men" referred to above included Mr. Trump.[2]

30. At 7:52 PM, Mr. Davidson agreed without hesitation and responded, "100%."

31. At 7:52 PM, Mr. Cohen messaged "Thanks pal."

32. At 7:53 PM, Mr. Cohen added "Just no interviews or statements unless through you."

33. At 7:54 PM, Mr. Davidson responded "Got it."

34. The clear purpose of this exchange between Defendants was to collude and arrange a media appearance of Ms. Clifford, not for the benefit of Ms. Clifford or to ensure that Ms. Clifford truthfully told her side of the story to the media, but for Ms. Clifford to provide a false interview and lie to the American people to serve the best interests of Mr. Trump and Mr. Cohen.

35. Indeed, once Mr. Cohen concluded that it was no longer in his own best interest, or those of his client, per the recommendation of these "wise men," including Mr. Trump, Mr. Cohen called off the appearance entirely and Mr. Davidson agreed without hesitation. In other words, Mr. Davidson abdicated his role as an advocate and fiduciary of his client Ms. Clifford, and instead elected to be a "puppet" for Mr. Cohen and Mr. Trump in order to advance their interests at the expense of Ms. Clifford.

36. In late February 2018, Mr. Davidson became aware that Ms. Clifford was changing counsel and was preparing to publicly disclose her relationship with Mr. Trump.

---

[2] Mr. Trump has previously claimed that he knew nothing of the 2016 agreement or any issues relating to Ms. Clifford until much later in 2018. This exchange and sequence of events demonstrates that claim is false.

37. Despite his ongoing duty of loyalty to Ms. Clifford, including the obligation to maintain client confidences, Mr. Davidson secretly tipped Mr. Cohen off to Ms. Clifford's plans. Mr. Davidson did so for the express benefit of Mr. Cohen and Mr. Trump.

38. Armed with this information, and in an attempt to intimidate Ms. Clifford into silence, on or about February 27, 2018, Mr. Cohen initiated an arbitration proceeding against Ms. Clifford in order to obtain a temporary restraining order to silence Ms. Clifford and prevent her from publicly telling her story.

39. Thereafter, in early March of 2018, Mr. Davidson again secretly tipped off Mr. Cohen regarding Ms. Clifford's plans, this time after learning that Ms. Clifford was on the verge of filing a lawsuit against Mr. Cohen and Mr. Trump.

40. Specifically, on or about March 1, 2018, at 10:18 AM EST, Mr. Davidson sent a message to Mr. Cohen stating "Call me." On information and belief, it was during this call that Mr. Davidson first disclosed to Mr. Cohen that Ms. Clifford was planning to file a lawsuit against him and Mr. Trump the following week and that the lawsuit would publicly disclose the existence of Ms. Clifford's prior relationship with Mr. Trump.

41. After learning of Ms. Clifford's plans through the improper disclosure of confidential information by Mr. Davidson, Mr. Cohen undertook efforts to meet the next day with Mrs. Melania Trump, in order to "get out in front" of the approaching lawsuit and publicity, and convince her that Ms. Clifford was a liar and not to be trusted.

42. On March 2, 2018 at 3:12 PM, Mr. Davidson messaged Mr. Cohen asking "Busy?"

43. At 3:21 PM, Mr. Cohen sent a message stating "15 minutes we should speak."

44. At 3:34 PM, Mr. Davidson messaged "Call when u can."

45. At 3:56 PM, Mr. Cohen messaged "Exactly 4 and I will have Larry Rosen on the line as well." Larry Rosen refers to Lawrence S. Rosen, an attorney who works with Mr. Cohen.

46. At 3:57 PM, Mr. Davidson responded "Great."

47. At 4:14 PM, Mr. Davidson again messaged Mr. Cohen asking, "U calling?"

48. At 4:15 PM, Mr. Cohen responded, "With flotus. Give me a minute."[3]

49. Upon information and belief, when Mr. Cohen met with Mrs. Trump on March 2, 2018 at Mar-a-Lago, Mr. Cohen did not disclose to Mrs. Trump that not only was Ms. Clifford far from being a liar, Mr. Cohen had begged her to appear on Mr. Hannity's show weeks earlier. Nor did he disclose that the "wise men", including Mr. Trump, had decided at the time to let the story "die."

50. The disclosure of any information to Mr. Cohen regarding Ms. Clifford's contemplated action was a clear violation of Mr. Davidson's duty of loyalty and obligation to maintain Ms. Clifford's client confidences. These duties continued regardless of whether Mr. Davidson was in fact still Ms. Clifford's attorney. Again, Mr. Davidson's actions demonstrate he was more interested in being Mr. Cohen and Mr. Trump's "puppet" and advancing their interests instead of advancing the interests of his client consistent with his obligations under the law.

51. Mr. Cohen, as an attorney with knowledge of Mr. Davidson's role as Ms. Clifford's counsel, knew at all times Mr. Davidson could not engage in the conduct at issue and yet colluded with him.

52. To compound the numerous violations of attorney ethics, Mr. Cohen recorded phone calls that he had with Mr. Davidson wherein Mr. Davidson disclosed client confidences and other confidential information relating to Ms. Clifford.

53. In furtherance of his wrongful conduct in relation to Mr. Davidson, despite request, Mr. Cohen has refused to provide Ms. Clifford with those recorded conversations that include her attorney-client privileged information.

54. Since the termination of her attorney-client relationship with Mr. Davidson, Ms. Clifford has sought to recover from Mr. Davidson the entirety of her client file, which is, by law, her personal property. Indeed, on no fewer than five separate occasions over the last three months, Ms. Clifford has demanded the entirety of her client file, together with all text messages and similar correspondence relating to her, especially those that involve Mr. Cohen.

---

[3] The text messages set forth in this complaint are attached hereto as Exhibit A. Mr. Davidson has refused to provide copies of any text messages between him and Mr. Cohen for the time period after March 2. On information and belief, this is because said text messages further evidence his numerous breaches of fiduciary duty to Ms. Clifford as well as Mr. Cohen's complicit conduct.

55. Pursuant to Rule 3-700 of the Rules of the State Bar of California, Ms. Clifford's client file includes any and all correspondence Mr. Davidson engaged in regarding his representation of Ms. Clifford. This includes but is not limited to text messages and other similar correspondence.

56. In spite of Mr. Davidson's clear obligation to return Ms. Clifford's property, Mr. Davidson has not returned to Ms. Clifford the entirety of her client file.

57. Mr. Davidson has also not provided Ms. Clifford with all text messages and other correspondence regarding Ms. Clifford, including those that involve Mr. Cohen.

58. Mr. Davidson's failure to provide the information demanded has prejudiced Ms. Clifford in numerous ways including, but not limited to, by purposely hampering her ability to review documents and cooperate with government inquiries regarding Mr. Cohen, Mr. Trump, and Mr. Davidson. Indeed, Ms. Clifford has needed Mr. Davidson to disclose to her the *entirety of the information requested* for months and yet he has purposely delayed and obstructed her efforts. On information and belief, he has done so in order to protect himself, Mr. Cohen and Mr. Trump, all at the detriment of Ms. Clifford.

59. Mr. Davidson's refusal to provide the information requested is even more outrageous considering his recent conduct vis-à-vis the *Wall Street Journal*. On information and belief, at the same time he was obstructing Ms. Clifford's efforts to obtain the information, Mr. Davidson, through his counsel, undertook efforts to plant a patently false story in the *Wall Street Journal* stating that Ms. Clifford was not being cooperative with investigators from the Southern District of New York looking into business dealings of Mr. Cohen. This conduct is yet further evidence of Mr. Davidson's breach of fiduciary duty directed at Ms. Clifford.

60. Ms. Clifford has been damaged in this and other ways, including having to incur substantial costs and fees, in an amount to be proven at trial, but which are well in excess of $100,000.

///

///

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against Defendant Davidson)

61. Plaintiff restates and re-alleges each and every allegation in Paragraphs 1 through 60 above as if fully set forth herein.

62. Mr. Davidson, by virtue of his role as Ms. Clifford's attorney, owed Ms. Clifford fiduciary duties at all material times.

63. These duties include, but are not limited to, a duty of loyalty and a duty to maintain client confidences.

64. These duties exist both during his representation of Ms. Clifford and continue thereafter.

65. Mr. Davidson breached his fiduciary duty to Ms. Clifford in numerous ways detailed herein.

66. By way of example, in the year 2018, Mr. Davidson engaged in numerous communications and concerted action with Mr. Cohen, the purpose of which was not to benefit Ms. Clifford, but to benefit Mr. Cohen and Mr. Trump.

67. As alleged herein, in or about January of 2018, Defendants discussed and attempted to arrange at least one media appearance on Mr. Hannity's *Fox News* show, the purpose of which was not to allow Ms. Clifford to truthfully tell her story, but for her appearance to benefit Mr. Trump by controlling the media coverage resulting from an *In Touch* magazine article that had just been released.

68. Mr. Davidson never obtained Ms. Clifford's permission or authorization to engage in these discussions or disclose any information to Mr. Cohen.

69. Mr. Davidson's actions were designed to benefit Mr. Cohen and Mr. Trump, not Ms. Clifford, and thus Mr. Davidson breached his duty of loyalty.

70. Mr. Davidson also breached his duties to Ms. Clifford by disclosing confidential information regarding Ms. Clifford's anticipated legal strategy to Mr. Cohen in or about February and March of 2018.

-8-

**COMPLAINT**

71. Mr. Davidson further breached his duties to Ms. Clifford by refusing to return to her the entirety of her client file, as well as all correspondence relating to her, including all text messages with Mr. Cohen.

72. Ms. Clifford has been damaged by Mr. Davidson's various breaches in an amount to be proven at trial, but which exceeds $100,000.

73. In engaging in this conduct, Mr. Davidson knew he was violating his duties and did so anyway and acted with malice, oppression, or fraud, and is thus also responsible for punitive damages in an amount to be proven at trial according to proof.

## SECOND CAUSE OF ACTION

### Aiding and Abetting Breach of Fiduciary Duty

### (Against Defendant Cohen)

74. Plaintiff restates and re-alleges each and every allegation in Paragraphs 1 through 73 above as if fully set forth herein.

75. By virtue of his status as an attorney and his knowledge that Mr. Davidson was Ms. Clifford's attorney, Mr. Cohen had actual knowledge of Mr. Davidson's fiduciary duties owed to Ms. Clifford.

76. In spite of this, Mr. Cohen made a conscious decision to participate in the wrongful conduct alleged herein and Mr. Davidson's breach of his duties to Ms. Clifford.

77. Specifically, as alleged herein, Mr. Cohen provided substantial assistance to Mr. Davidson and in fact engaged in concerted activity with Mr. Davidson by attempting to arrange for the media appearance of Ms. Clifford on Mr. Hannity's show to benefit Mr. Trump, not Ms. Clifford.

78. Mr. Cohen knew that this conduct was likely not in Ms. Clifford's best interest and thus constituted a breach of fiduciary duty on Mr. Davidson's part. Nevertheless, Mr. Cohen provided substantial assistance and attempted to arrange the appearance.

79. Mr. Cohen further communicated with Mr. Davidson and encouraged Mr. Davidson to disclose confidential information pertaining to Ms. Clifford's legal strategy – information that, as an attorney, he knew Mr. Davidson should keep confidential. Mr. Cohen then proceeded to record this

information and retain the recordings, all as part of his substantial assistance aimed at aiding and abetting Mr. Davidson's breaches of fiduciary duty.

80. Mr. Cohen used this information for his own benefit and Mr. Trump's benefit by attempting to initiate an arbitration proceeding against Ms. Clifford and force her to remain silent. He further used this information in an effort to "get out in front" of the story and deceive Mrs. Trump.

81. Ms. Clifford has been damaged by Mr. Cohen's misconduct in an amount to be proven at trial, but which exceeds $100,000.

82. In engaging in this conduct, Mr. Cohen acted with malice, oppression, or fraud, and is thus also responsible for punitive damages in an amount to be proven at trial according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows

### ON THE FIRST CAUSE OF ACTION

1. For damages in an amount to be proven at trial;
2. For turnover of Ms. Clifford's entire client file and of all text messages and correspondence relating to her;
3. For punitive damages;
4. For pre-judgment and post-judgment interest;
5. For costs of suit, including attorney's fees; and
6. For such other and further relief as the Court may deem just and proper.

### ON THE SECOND CAUSE OF ACTION

1. For damages in an amount to be proven at trial;
2. For punitive damages;
3. For pre-judgment and post-judgment interest;
4. For costs of suit, including attorney's fees; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all causes so triable.

DATED: June 6, 2018

AVENATTI & ASSOCIATES, APC

_____
MICHAEL J. AVENATTI
Attorneys for Plaintiff

# EXHIBIT A

| Participants | From | Body | Timestamp: Time |
|---|---|---|---|
| +1310936XXXX Keith Davidson Private (owner) A5<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Call me | 1/17/2018 12:13:09 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | I have her tentatively scheduled for Hannity tonight. Call me after your trial | 1/17/2018 2:32:23 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | She cannot don't today. She is flying to LA tomorrow. I'm trying to get her to commit for tomorrow | 1/17/2018 3:21:27 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | It's really important. Why? | 1/17/2018 3:23:09 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Can you call me please | 1/17/2018 3:25:34 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Please call me | 1/17/2018 3:45:38 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Anything? | 1/17/2018 4:18:57 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | Still trying | 1/17/2018 4:30:06 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | This is no good. We need her as by doing tomorrow you just create another news cycle instead of putting an end to this one | 1/17/2018 4:30:43 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Please call me | 1/17/2018 4:52:42 PM(UTC-5) |

| Participants | From | Body | Timestamp: Time |
|---|---|---|---|
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Cmon! | 1/17/2018 5:01:21 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Let's forget tonight. They would rather tomorrow so they can promote the heck out of the show | 1/17/2018 5:31:44 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Keith,<br>The wise men all believe the story is dying and don't think it's smart for her to do any interviews. Let her do her thing but no interviews at all with anyone | 1/17/2018 7:51:43 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | 100% | 1/17/2018 7:52:21 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Thanks pal | 1/17/2018 7:52:44 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Just no interviews or statements unless through you | 1/17/2018 7:53:08 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | Got it | 1/17/2018 7:54:45 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | Call me | 3/1/2018 10:18:31 AM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | Busy? | 3/2/2018 3:12:57 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | 15 minutes we should speak | 3/2/2018 3:21:56 PM(UTC-5) |

| Participants | From | Body | Timestamp: Time |
|---|---|---|---|
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | Call when u can | 3/2/2018 3:34:21 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | Exactly 4 and I will have Larry Rosen on the line as well | 3/2/2018 3:56:16 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | Great | 3/2/2018 3:57:59 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1310936XXXX Keith Davidson Private | U calling? | 3/2/2018 4:14:54 PM(UTC-5) |
| +1310936XXXX Keith Davidson Private (owner)<br>+1646853XXXX Michael Cohen | +1646853XXXX Michael Cohen | With flotus. Give me a minute | 3/2/2018 4:15:13 PM(UTC-5) |