KEITH M. DAVIDSON, ESQ.
(State Bar No. 212216)
DAVIDSON & ASSOCIATES, P.L.C.
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211
Tel. (323) 658-5444
Fax. (323) 658-5424

Pro Se Attorney for Defendant and Cross-Complainant,
Keith M. Davidson

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

| | |
|---|---|
| STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-05052<br><br>**ANSWER TO COMPLAINT**<br><br>[FILED CONCURRENTLY WITH:<br><br>1) **CROSS COMPLAINT BY KEITH M. DAVIDSON AGAINST STEPHANIE CLIFFORD (AKA STORMY DANIELS); MICHAEL AVENATTI; AVENATTI & ASSOCIATES, A PROFESSIONAL CORPORATION; and EAGAN AVENATTI, LLP; and**<br><br>2) **COUNTERCLAIM BY KEITH M. DAVIDSON AGAINST MICHAEL D. COHEN]** |
| KEITH M. DAVIDSON, an individual<br><br>Cross-Complainant,<br><br>vs.<br><br>STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual; MICHAEL AVENATTI, an individual; AVENATTI & ASSOCIATES, A PROFESSIONAL CORPORATION, a California Corporation; EAGAN AVENATTI, LLP, a California Corporation; MICHAEL COHEN, AND ROES 1 TO 10, INCLUSIVE,<br><br>Cross-Defendant. | |
| AND RELATED COUNTERCLAIMS | |

///

///

ANSWER TO COMPLAINT
- 1 -

Defendant KEITH M. DAVIDSON (hereinafter "DAVIDSON") answers the Complaint of STEPHANIE CLIFFORD (hereinafter "CLIFFORD") as follows:

**FACTUAL DEFENSES**

1. DAVIDSON admits the facts as alleged in paragraph 1 of the Complaint.

2. DAVIDSON admits the facts as alleged in paragraph 2 of the Complaint.

3. DAVIDSON admits the facts as alleged in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint is a technical pleading paragraph and contains no facts that enable DAVIDSON to either admit or deny its contents.

5. Paragraph 5 of the Complaint is a technical pleading paragraph and contains no facts that enable DAVIDSON to either admit or deny its contents.

6. Paragraph 6 of the Complaint is a technical pleading paragraph and contains no facts that enable DAVIDSON to either admit or deny its contents.

7. Paragraph 7 of the Complaint is a technical pleading paragraph and contains no facts that enable DAVIDSON to either admit or deny its contents.

8. DAVIDSON admits the assertion in paragraph 8 of the complaint that he was CLIFFORD's attorney from October 11, 2011 through March 6, 2018. Except as expressly admitted, DAVIDSON denies each and every other allegation of paragraph 8.

9. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 and on that basis, denies the allegations.

10. DAVIDSON admits the facts as alleged in paragraph 10 of the Complaint.

11. DAVIDSON admits the facts as alleged in paragraph 11 of the Complaint.

DAVIDSON & ASSOCIATES, P.L.C.
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211
Tel. (323) 658-5444 - ~ Fax. (323) 658-5424

12. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and on that basis, denies the allegations.

13. Davidson denies the false assertions by CLIFFORD perpetuated in paragraph 13. In paragraphs 11-14 of her Complaint, CLIFFORD alleges that DAVIDSON negotiated an October 2016 agreement between she and Donald Trump's personal attorney, Michael D. Cohen, (hereinafter COHEN), and that after its execution, "unbeknownst to CLIFFORD, "DAVIDSON continued to regularly communicate with Mr. Cohen to the detriment of Ms. Clifford." (See ¶13). This assertion by Ms. Clifford is false.

In truth, Ms. CLIFFORD on her own behalf and by and through her manager, Gina Rodriguez, contacted DAVIDSON seemingly hundreds of times in order to request that DAVIDSON contact COHEN and obtain authority and/or to convince COHEN that various financial opportunities/activities that CLIFFORD wished to partake in were not violative of the agreement.

14. Davidson denies the false assertions by CLIFFORD perpetuated in paragraph 14. In this paragraph Ms. CLIFFORD states: "Mr. Davidson's communications with Mr. Cohen were inconsistent with his obligations to Ms. CLIFFORD, including his obligation to maintain client confidences and his duty of loyalty to Ms. Clifford." This assertion again is patently false as all communications at issue were authorized by, requested by and intended to - and did - assist rather than impede Ms. CLIFFORD's clearly stated goals of the legal representation at the time which were to ensure that she could make as much money as possible and "wouldn't have to give the $130,000.00 settlement funds back."

15. Davidson denies the false assertions by CLIFFORD perpetuated in paragraph 15. In this paragraph Ms. CLIFFORD states: "[s]tarting in January 2018 at the latest,

Defendants Davidson and Cohen acted in concert to benefit not Ms. Clifford, but a client of Mr. Cohen's, namely Mr. Trump." She continued that DAVIDSON and COHEN "colluded to use and manipulate Ms. Clifford in a manner designed to benefit Mr. Cohen and Mr. Trump [and presumably to hurt Ms. CLIFFORD]." The tale as weaved by Ms. CLIFFORD in her complaint goes on to allege that COHEN was eager and "panicked" and was "desperate" to attempt to convince Ms. CLIFFORD to appear on FOX News with Sean Hannity in order to lie to the American public about her relationship with Mr. Trump via the Fox News broadcast. CLIFFORD continues that the purpose of the Hannity interview was "not for the benefit of Ms. CLIFFORD or to ensure that Ms. Clifford truthfully told her side of the story to the media, but for Ms. Clifford to provide a false interview and lie to the American people to serve the best interests of Mr. Trump and Mr. Cohen."

Ms. CLIFFORD is now remarkably conflicted in that she now seems to argue in paragraph 15, 16 & 34 of her complaint that her interests of telling the truth to the American public was also "in her best interest." This is contrary to her representations at the time which were overtly stated that she "would do what [she] needed" in order to maintain the performance of the October 2016 agreement and ensure she could hold on to the $130,000 in light of COHEN's allegations that she breached. Contrary to the assertions in her Complaint, CLIFFORD was eager to appear on Hannity as she stated her desire to "increase her public exposure" and thus her earning capacity. Moreover CLIFFORD was clear in her desire that she would say and do whatever necessary in order to prevent the contractual remedy of disgorgement of the $130,000.00 settlement funds she had received more than a year earlier.

16. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and on that basis, denies the allegations.

17. Davidson denies the false assertions by CLIFFORD perpetuated in paragraph 17. Specifically, DAVIDSON never colluded with COHEN to the detriment of CLIFFORD. Rather DAVIDSON was hired in 2011 to prevent the continued publishing of a post on www.TheDirty.com which as Ms. CLIFFORD then stated she did not "kiss and tell." Later in 2016, CLIFFORD with her manager, Gina Rodriguez, (Rodriguez), engaged DAVIDSON in order to maximize CLIFFORD's financial renumeration with regards to her purported 2007 interlude with Donald Trump. In October of 2016, Ms. Daniels executed two separate agreements wherein she agreed to accept $130,000.00 for waiving certain claims, assigning copyrights and agreeing to treat the 2007 interlude as strictly confidential. The first agreement was executed in Los Angeles in front of Ms. Rodriguez and DAVIDSON. CLIFFORD demanded that this first contract be rescinded because COHEN failed to meet his funding deadline.

Roughly two weeks later, while she was in Texas, Ms. CLIFFORD, executed a substantially similar agreement in the presence of a Texas Notary Public which benefitted her by receiving $130,000.00 and obligated her to confidentiality regarding the alleged 2007 interlude. The statement that DAVIDSON and COHEN "colluded" to the detriment of Ms. CLIFFORD is a demonstrably false narrative in that DAVIDSON acted at all times at the behest of CLIFFORD in order to fulfill her stated goals of renumeration and ensuring that disgorgement and other remedies adverse to CLIFFORD not take place.

18. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 18 but denies anything not specifically admitted herein. Except as expressly admitted, DAVIDSON denies each and every other allegation of paragraph 18.

19. DAVIDSON denies the scurrilous conclusory accusations in paragraph 19.

20. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 20 but that he lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph this paragraph and on that basis, denies anything not specifically admitted herein.

21. DAVIDSON admits the allegations in paragraph 22. CLIFFORD and Rodriguez expressed to DAVIDSON that CLIFFORD wanted to appear on Fox News to increase her public exposure.

22. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 22 but denies anything not specifically admitted herein. Except as expressly admitted, DAVIDSON denies each and every other allegation of paragraph 22.

23. DAVIDSON admits that he sent a text message as annunciated in paragraph 23 but can neither confirm nor deny at this time that he was actually trying to get Ms. CLIFFORD to appear on Fox News' Hannity show because at some point, Ms. Rodriguez and Ms. CLIFFORD thought that the interview would be too rushed and that the recording of the Fox News broadcast would interrupt Ms. CLIFFORD's professional adult entertainment obligations, which is what she travelled to Los Angeles for.

24. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 24.

25. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 25.

26. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 26.

27. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 27.

28. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 28.

29. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and on that basis, denies the allegations.

30. DAVIDSON admits the facts as alleged in paragraph 30 of the Complaint.

31. DAVIDSON admits that he received the text message. DAVIDSON denies that he is COHEN's "pal" as evidenced by:

   a. DAVIDSON's contemporaneous filing of a crosscomplaint against COHEN alleging that COHEN surreptitiously and unlawfully recorded what DAVIDSON believed to be their confidential telephonic conversations - (pals don't break the law and record each other's calls);

   b. The fact that DAVIDSON never met COHEN face-to-face until no earlier than January 2018 and only then after competing allegations of breach were levied by CLIFFORD on the one side and COHEN on the other side;

   c. The fact that DAVIDSON and COHEN have never discussed their children, their wives, any vacations, their health or their law practices with each other – (pals talk about things other than business).

   d. The fact that DAVIDSON and COHEN have never shared a breakfast, lunch or dinner together – (pals dine together).

   e. The fact that DAVIDSON and COHEN have never shared a drink together – (pals share spirits).

  f. The fact that DAVIDSON and COHEN have ever only met in person on three occasions…each time at Cohen's New York City Law Office at 30 Rockefellar Plaza – (pal's see each other outside of the office).

32. DAVIDSON admits that he received a text message from COHEN as annunciated in paragraph 32.

33. DAVIDSON admits that he sent a text message to COHEN as annunciated in paragraph 33.

34. Davidson denies the false assertions by CLIFFORD perpetuated in paragraph 34. Specifically, DAVIDSON never colluded with COHEN to the detriment of CLIFFORD. CLIFFORD initially wanted to appear on Hannity in order to increase her public exposure and to please COHEN in order that he not file an Arbitration and allege that CLIFFORD suffer the consequences related to a finding of breach.

35. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 and on that basis, denies the allegations. DAVIDSON specifically objects to and denies the false, scurrilous and inflammatory statement that he is COHEN and/or Trump's "puppet."

Further, CLIFFORD states that "Davidson abdicated his role as an advocate and fiduciary of [her] and instead elected to be a "puppet" for Mr. Cohen and Mr. Trump in order to advance their interests at the expense of Ms. Clifford." This is an outrageously false and historically revisionist statement which will not and cannot be proven true at any point. In truth, DAVIDSON zealously advocated for CLIFFORD and put her interests above all else. At the outset of DAVIDSON's representation of CLIFFORD he acquired knowledge of what her goals of the matter entailed, and he zealously, ethically and strenuously protected her rights in an effort to accomplish her stated goals of monetizing her reported 2007 sexual

relationship with Donald Trump. Suffice to say, since Ms. CLIFFORD has begun working with Mr. Avenatti her goals have transformed.

36. DAVIDSON admits that Ms. CLIFFORD changed her mind a lot as is alleged in paragraph 36. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as the truth or falsity of any other allegation in paragraph 36 that is not specifically admitted and on that basis, denies the allegations.

37. As alleged in paragraph 37, DAVIDSON admits that he had an ongoing duty of loyalty to CLIFFORD. DAVIDSON specifically denies all other allegation in paragraph 37 which are not specifically admitted and on that basis, denied.

38. CLIFFORD initially states in paragraph 36 that "in late February 2018, Mr. Davidson became aware that Ms. Clifford was changing counsel and was preparing to publicly disclose her relationship with Mr. Trump. Then continuing to ¶37: [Yet] despite [DAVIDSON's] ongoing duty of loyalty to Ms. Clifford, including the obligation to maintain client confidences, Mr. Davidson secretly tipped Mr. Cohen off to Ms. Clifford's plans. Mr. Davidson did so for the express benefit of Mr. Cohen and Mr. Trump." She continues in ¶38 that COHEN now "armed with this information, and in an attempt to intimidate Ms. Clifford into silence, on or about February 27, 2018, […] initiated an arbitration proceeding against Ms. Clifford in order to obtain a temporary restraining order to silence Ms. Clifford and prevent her from publicly telling her story."

In truth, DAVIDSON's discussions with his client, her manager and COHEN all had to do with the parties' competing claims of breach of the October 2016 agreement. DAVIDSON's contacts with COHEN were authorized by made with the full knowledge of both CLIFFORD and her manager Gina Rodriguez. DAVIDSON was attempting to negotiate the parties' participation in a confidential non-binding mediation conducted by a

respected retired judge in Los Angeles County. The nature of the competing claims of breach are summarized as follows:

    A. COHEN claimed that CLIFFORD had breached by among other things:

        i. appearing on the Jimmy Kimmel Show and discussing her affair with Donald Trump on or about January 30, 2018;

        ii. launching an exotic dancer tour entitled Making America Horny Again which was alleged by COHEN to mock Donald Trump's oft referred to 2016 presidential campaign slogan "Make America Great Again';

    B. CLIFFORD claimed that by virtue of the following acts COHEN had indeed breached the October 2016 agreement by:

        i. "Shopping a book" which "promise[d] to clarify Cohen's role in the "unfortunate saga" involving Stephanie Clifford, the porn star known as Stormy Daniels, who allegedly received $130,000 from Cohen a week before the 2016 election to stay quiet about previous sexual experiences with the then-reality-TV star Trump." And

        ii. By filing a response to the Federal Election Committee's inquiry, (launched by Common Cause), in which COHEN admitted his role in and the existence of the Confidential October 2016 agreement.

39. DAVIDSON Specifically denies the allegations in paragraph 39 of her Complaint wherein CLIFFORD wrongfully alleges that "in early March of 2018, Mr. DAVIDSON again secretly tipped off Mr. COHEN regarding Ms. Clifford's plans, this time

after learning that Ms. Clifford was on the verge of filing a lawsuit against Mr. Cohen and Mr. Trump." She continues

40. DAVIDSON Specifically denies the allegations in paragraph 40 of her Complaint wherein she alleges that "specifically, on or about March 1, 2018, at 10:18 AM EST, Mr. Davidson sent a message to Mr. Cohen stating "Call me." [CLIFFORD then asserts with no proof or justification and on reliance of "on information and belief, it was during this call that Mr. Davidson first disclosed to Mr. Cohen that Ms. Clifford was planning to file a lawsuit against him and Mr. Trump the following week and that the lawsuit would publicly disclose the existence of Ms. Clifford's prior relationship with Mr. Trump."

In truth, this never happened and never could have happened because DAVIDSON never knew nor suspected that CLIFFORD would sue Trump because the Confidential Settlement Agreement Mutual Release and Assignment of Copyright Agreement entered into between the parties in October of 2016 because the agreement had a comprehensive arbitration provision the violation of which in and of itself would be a breach. Later in the complaint, Ms. CLIFFORD states in paragraph 50 that the disclosure of this information was a clear violation of Mr. DAVIDSON's duty of loyalty and obligation to maintain Ms. CLIFFORD's confidences. The true facts are and will be revealed beyond the shadow of any doubt that each and every conversation DAVIDSON had with COHEN was performed in furtherance of Ms. CLIFFORD's goals *before she hired Michael Avenatti* and at her direction and with her full support in order to avoid the time, burden, inconvenience and expense of litigation, and in an effort to minimize CLIFFORD's exposure for any finding of breaching the October, 2016 agreement in which she gladly accepted $130,000.00.

41. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 and on that basis, denies the allegations.

42. DAVIDSON admits the allegations in paragraph 42.

43. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 and on that basis, denies the allegations.

44. DAVIDSON admits the allegations in paragraph 44.

45. DAVIDSON admits the allegations in paragraph 45.

46. DAVIDSON admits the allegations in paragraph 46.

47. DAVIDSON admits the allegations in paragraph 47.

48. DAVIDSON admits the allegations in paragraph 48.

49. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 and on that basis, denies the allegations.

50. DAVIDSON steadfastly denies the allegations in paragraph 50. DAVIDSON's goal, (which CLIFFORD and Rodriguez were well aware of), was to fend off COHEN from filing an arbitration against her wherein COHEN would attempt to gouge back the $130,000.00 from CLIFFORD. DAVIDSON's goal was endeavoring to get the disputing parties into a non-binding confidential mediation before a respected retired Judge in Los Angeles so that "everyone" (COHEN, CLIFFORD and Rodriguez) could "cool their heels and hopefully let clearer heads prevail so that all parties, (COHEN and CLIFFORD), could peaceably move on.

51. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 and on that basis, denies the allegations.

52. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 and on that basis, denies the allegations.

53. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 and on that basis, denies the allegations.

54. Beginning in paragraph 54 of her Complaint, CLIFFORD alleges that DAVIDSON has failed to turn over the contents of her legal file maintained by DAVIDSON. In truth, DAVIDSON has retained the respected National Law Firm of Carlton Fields which employs more than 375 attorneys in 10 offices throughout the Untitled States. The handling attorneys in the matter are Gene Rossi, Esq. and Michael Padula, Esq., each of which are former federal prosecutors with more than 40-years combined service to the United States Department of Justice. Each is as widely respected former Assistant United States Attorney. Davidson has provided his lawyers with complete and unfettered access to his entire CLIFFORD file to his attorneys including but not limited to all electronic information including digital files, e-mails, messaging and phone records. They have determined based on their knowledge and through consultation with a legal ethics attorney that CLIFFORD, (through Michael Avenatti), is in possession of every single document he is entitled to. Any assertion that DAVIDSON has withheld any document from CLIFFORD or her current attorney is patently false.

55. DAVIDSON admits the allegations in paragraph 55.

56. DAVIDSON strenuously denies the allegations in paragraph 56.

57. DAVIDSON strenuously denies the allegations in paragraph 57.

58. DAVIDSON strenuously denies the allegations in paragraph 58.

59. DAVIDSON strenuously denies the allegations in paragraph 59.

60. DAVIDSON strenuously denies the allegations in paragraph 60.

61. Paragraph 61 of the Complaint is a technical pleading paragraph and contains no facts that enable DAVIDSON to either admit or deny its contents.

62. DAVIDSON admits the allegations in paragraph 62.

63. DAVIDSON admits the allegations in paragraph 63.

64. DAVIDSON admits the allegations in paragraph 64.

65. DAVIDSON strenuously denies the allegations in paragraph 65.

66. DAVIDSON strenuously denies the allegations in paragraph 66.

67. DAVIDSON strenuously denies the allegations in paragraph 67.

68. DAVIDSON strenuously denies the allegations in paragraph 68.

69. DAVIDSON strenuously denies the allegations in paragraph 69.

70. DAVIDSON strenuously denies the allegations in paragraph 70.

71. DAVIDSON strenuously denies the allegations in paragraph 71.

72. DAVIDSON strenuously denies the allegations in paragraph 72.

73. DAVIDSON strenuously denies the allegations in paragraph 73.

74. Paragraph 74 of the Complaint is a technical pleading paragraph and contains no facts that enable DAVIDSON to either admit or deny its contents.

75. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 and on that basis, denies the allegations.

76. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 and on that basis, denies the allegations.

77. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 and on that basis, denies the allegations.

78. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 and on that basis, denies the allegations.

79. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 and on that basis, denies the allegations.

80. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 and on that basis, denies the allegations.

81. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 and on that basis, denies the allegations.

82. DAVIDSON lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 and on that basis, denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

83. Neither the Complaint, nor any cause of action therein, state facts sufficient to constitute a cause of action against DAVIDSON.

### SECOND AFFIRMATIVE DEFENSE

84. The Complaint and each cause of action therein are vague and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

85. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD is not entitled to any relief by virtue of her own unclean hands in the acts and events averred.

### FOURTH AFFIRMATIVE DEFENSE

86. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD waived her rights against Defendant DAVIDSON and is hence precluded from seeking any relief.

### FIFTH AFFIRMATIVE DEFENSE

87. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD is barred from seeking any relief based on her and her agents own conduct, actions, inactions and the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

88. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD is barred from seeking any relief as the time period to make a claim has expired.

**SEVENTH AFFIRMATIVE DEFENSE**

89. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD's damages, if any, were proximately caused by and contributed to by Plaintiff CLIFFORD's own negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

90. Defendant DAVIDSON is informed and believes the damages claimed by Plaintiff CLIFFORD were proximately caused by third parties and not by any action, or inaction, of Defendants DAVIDSON.

**NINTH AFFIRMATIVE DEFENSE**

91. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD suffered no damages as alleged and is therefore entitled to nothing by way of her suit.

**TENTH AFFIRMATIVE DEFENSE**

92. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD knowingly assumed all risks about which she complains in the Complaint, and therefore, is barred from seeking damages to the extent of its assumption.

**ELEVENTH AFFIRMATIVE DEFENSE**

93. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD's injuries, losses and damages were caused by an act of God.

**TWELFTH AFFIRMATIVE DEFENSE**

94. Defendant DAVIDSON is informed and believes the causes of action in the Complaint are barred by Code of Civil Procedure §§ 337, 337.1, 337.15, 337, 338.1, 339, 340, 343.

### THIRTEENTH AFFIRMATIVE DEFENSE

95. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD is barred from any recovery by the Statute of Frauds.

### FOURTEENTH AFFIRMATIVE DEFENSE

96. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD is barred from any recovery by the doctrine of latches.

### FIFTEENTH AFFIRMATIVE DEFENSE

97. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD is barred from any recovery by the doctrine of waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

98. Defendants have insufficient knowledge about the availability of other defenses and thus hereby reserve the right to assert additional defenses in this matter in the event that they are found to be appropriate at a future date.

### SEVENTEENTH AFFIRMATIVE DEFENSE

99. Defendant DAVIDSON is informed and believes that Plaintiff CLIFFORD failed to mitigate her damages and is thus barred from seeking damages to the extent that she could have mitigated her damages.

///

///

///

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by her Complaint;

2. For attorneys' fees and costs of the suit herein;

3. For such other relief that the Court deems just and proper.

Dated June 7, 2018							DAVIDSON & ASSOCIATES, P.L.C.

By: /S/ Keith M. Davidson
Keith M. Davidson, Esq.
Pro Se Attorney

# PROOF OF SERVICE

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 8383 Wilshire Boulevard, Suite 510, Beverly Hills, CA 90211.

On **June 7, 2018,** I served a true copy of **ANSWER TO COMPLAINT** on the interested parties in said action by placing as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)** I deposited such envelope with postage thereon fully prepaid, in the United States mail at Calabasas, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(BY FACSIMILE)** The above-described document (s) were sent by facsimile transmission to the facsimile number(s) of the law office(s) stated above. The transmission was reported as complete and without error. A copy of the transmission report is made a part of this proof of service pursuant to CRC §2008.

☐ **(BY OVERNIGHT DELIVERY)** I placed the Federal Express package for overnight delivery in a box or location regularly maintained by Federal Express at my office or I delivered the package to an authorized courier or driver authorized by Federal Express to receive documents. The package was placed in a sealed envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(State)** I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 7, 2018 at Calabasas, California.

/s/ Vilma Duarte
Vilma Duarte

- 19 -

**SERVICE LIST**
(DAVIDSON vs CLIFFORD)

Attorney For MICHAEL D. COHEN:
Brent Blakely, Esq.
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401


Attorney for STEPHANIE CLIFFORD; MICHAEL AVENATTI; EAGAN AVENATTI, LLP; AND AVENATTI & ASSOCIATES, PLC:
Michael Avenatti, Esq.
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: (949) 706-7000
Facsimile: (949) 706-7050