# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD<br><br>Plaintiff(s),<br><br>v.<br><br>KEITH M. DAVIDSON, et al.<br><br><br>Defendant(s). | Case No.:  2:18–cv–05052–SJO–FFM<br><br><br>**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE S. JAMES OTERO** |

This Order incorporates the Court's:

1.    Initial Standing Order for Civil Cases Assigned to Judge S. James Otero (Exhibit A); and

2.    Order Re Jury/Court Trial for Cases Assigned to Judge S. James Otero (Exhibit B).

Failure to conform with this Order may be deemed a waiver of trial by jury and may result in sanctions. The L.R. and Fed. R. Civ. P. control any issue not specifically addressed in this Order. This Order, and the Orders incorporated herein, are subject to change at any time. It is the responsibility of counsel to refer to this Court's Procedures and Schedules found on the Court's website (www.cacd.uscourts.gov) to obtain the operative order(s). Moreover, if this case was initiated by one or more Plaintiffs, Plaintiff(s) must immediately serve this Order and all incorporated Orders on all Defendants along with the Summons and Complaint. If this case was assigned to this Court after being removed from state court, the Defendant(s) who removed the case must serve this Order and all incorporated Orders on all other parties. The Court thanks the parties and counsel

1   for their anticipated cooperation in carrying out these requirements.

2

3   **IT IS SO ORDERED.**

4   DATED: June 15, 2018

5   _____

6   S. James Otero
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

## INITIAL STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE S. JAMES OTERO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE CLIFFORD

Plaintiff(s),

v.

KEITH M. DAVIDSON, et al.

Defendant(s).

Case No.:  2:18–cv–05052–SJO–FFM

**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE S. JAMES OTERO**

This case has been assigned to the calendar of Judge S. James Otero. To secure the just, speedy, and inexpensive determination of this action, counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules ("L.R.") of the Central District of California. In an effort to provide further guidance to the parties, the Court notes the following:

1.   **Court Hours**: Civil motions are heard on Monday at 10:00 a.m., unless the Court orders otherwise. (If Monday is a holiday, the next motion date is Tuesday following the holiday.) It is not necessary to clear a motion date. Do not call the clerk to reserve a hearing date; comply with the L.R.

2.   **Location**: Judge Otero's courtroom is located at the First Street Courthouse: Courtroom 10C, Tenth Floor, United States District Court, 350 West 1st Street, Los Angeles, California 90012.

3.   **E–Filing of Civil Cases**: E-filing is **mandatory** for all new and pending civil cases except as provided in L.R. 5-4.2. The Court adheres to the e-filing practices of the Central District of California (see the court's website at

www.cacd.uscourts.gov) **with two important exceptions**:

    a.    The deadline to e-file a document is 4:00 p.m.; any document e-filed after 4:00 p.m. will be deemed filed on the next court day.

    b.    For every e-filed motion, ex parte application, temporary restraining order, and injunction, the moving party must e-mail the Court at Judge Otero's generic e-mail address (**SJO_Chambers@cacd.uscourts.gov**) a Word or WordPerfect version of the proposed order, pursuant to the L.R.

**4.**    **Mandatory Chambers Copies**: Mandatory chambers copies are required only for e-filed documents. One mandatory chambers copy must be delivered to the Judge's mail box outside the Clerk's Office on the 4th floor of the First Street Courthouse, by <u>12 noon the day after the document was e-filed</u>. This mandatory chambers copy must be blue-backed and two-hole punched as if it were a manual filing, and the caption page must indicate the date and time the document was e-filed (place date and time of filing below title of filing on the caption page).

**5.**    **Documents Exempt from E-Filing**: All documents exempt from electronic filing pursuant to L.R. 5-4.2 must be filed in person or by mail (an original and one copy) at the Spring Street Courthouse: <u>U.S. Courthouse, 312 North Spring Street, Room G-8, Civil Intake, Los Angeles, California 90012</u>, NOT in chambers and NOT in the courtroom.

**6.**    **Telephone Inquiries**: Telephone inquiries regarding the status of a motion, stipulation, or proposed order are not returned. Do not call the clerk to check the docket. Counsel may sign up for PACER access to monitor the clerk's database.

**7.**    **Communications with Chambers**: Counsel are not to initiate telephone calls to Judge Otero's chambers, law clerks, or assistant. Counsel may access the Court's website (www.cacd.uscourts.gov) for L.R., filing procedures, **judges' procedures** and schedules, calendars, forms, and PACER access.

1   Additional questions can be resolved by accessing the Western Division

2   24-hour automated calling system ((213) 894-1565) or the case docket. Only in

3   the event that counsel cannot find the desired information through all available

4   resources, counsel may contact the Courtroom Deputy Clerk, Victor Cruz, by

5   telephone at **(213) 894-1796** or by e-mail at **victor_cruz@cacd.uscourts.gov**.

6   **8.**   **Service of Pleadings**: Plaintiff must promptly serve the Complaint in

7   accordance with Fed. R. Civ. P. 4 and file proof of service pursuant to

8   L.R. 5-3. Any defendant not timely served will be dismissed from the action.

9   Any "DOE" or fictitiously named defendant who is not identified and served

10   within 90 days after the case is filed will be dismissed pursuant to Fed. R.

11   Civ. P. 4(m).

12   **9.**   **Preparation of Documents/PDF**: Counsel shall adhere to Local Rule 5-4.3.1

13   with respect to the conversion of all documents to a PDF so that when a

14   document is electronically filed, it is in the proper size and format that is

15   PDF-searchable.

16   **10.**   **Cases Removed from State Court**: All documents filed in state court,

17   including documents appended to the complaint, answers, and motions,

18   must be re-filed in this Court as a supplement to the notice of removal.

19   *See* 28 U.S.C. §§ 1447(a) and (b). If the defendant has not yet answered or

20   filed a motion in response to the complaint, the answer or responsive pleading

21   filed in this Court must comply with the Federal Rules of Civil Procedure and

22   the L.R. If, before the case was removed, a motion or demurrer in response

23   to the complaint was pending in state court, it must be re-noticed in this Court

24   in accordance with L.R. 6-1 and L.R. 7. Counsel shall file with their first

25   appearance a Notice of Interested Parties in accordance with L.R. 7.1-1.

26   If an action is removed to this Court that contains a form pleading, *i.e.*, a

27   pleading in which boxes are checked, the party or parties utilizing the form

28   pleading must file an appropriate pleading with this Court within 30 days of

receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

11. **Assignment to a Magistrate Judge**: Under 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including trial. Magistrate judges who accept those designations are identified on the Central District's website, which also contains the consent form.

12. **ADR Pilot Program**: If counsel have received a "Notice to Parties of ADR Program" (form ADR-08), please refer to General Order 11-10 for further information. The ADR section also contains Attorney Settlement Officer Information.

13. **Temporary Restraining Orders and Injunctions**: Parties seeking emergency or provisional relief must comply with Fed. R. Civ. P. 65 and L.R. 65. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. On the day the documents are e-filed, counsel shall e-mail the documents to the Courtroom Deputy at **SJO_Chambers@cacd.uscourts.gov** and deliver a courtesy copy to the Judge's mail box outside the Clerk's Office on the 4th Floor of the First Street Courthouse.

14. **Calendar Conflicts**: If there is a calendar conflict, counsel are to inform the Courtroom Deputy Clerk as soon as possible prior to the date of the conflict and are to follow the L.R. and Federal Rules of Procedure.

15. **Transcripts**: For questions regarding transcripts, contact Court Reporting Services at **transcripts_cacd@cacd.uscourts.gov** or **(213) 894-3015**. The Court uses a court reporter, Carol Zurborg, who may be reached at **(213) 894-3539**.

16. **Interpreters**: Obtaining the services of a certified interpreter on a civil case is the responsibility of counsel. For further information, call **(213) 894-4599**.

17. **Motions to Reconsider**: L.R. 7-18 is strictly enforced.

18. **Actions Invoking Subject Matter Jurisdiction Based on Diversity**:

The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it and must be supported by competent proof.

To determine a corporation's "principal place of business" for the purposes of diversity jurisdiction, the Court will apply the "nerve center" test, which was adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The "nerve center" test looks to the single location where the "corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80. The "nerve center" will typically be the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings. *Id.* at 81. For the purposes of simplicity and clarity in jurisdictional matters, the Court has abandoned previous Circuit tests that required complex balancing factors and whose outcomes were difficult to predict. *Id.* at 89-96.

If a party seeks to remove an action to this Court on the basis of diversity in a case where it is not clear from the Complaint that more than $75,000 is in controversy, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Court will consider facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at time of removal. *Id.* Conclusory allegations as to the amount in controversy are insufficient. *Id.*

Parties must file an Amended Complaint or Notice of Removal within

A–6

1   **fifteen days from the date the action is assigned to Judge Otero** if there

2   is a doubt as to whether they have met the test outlined in *Hertz*, whether they

3   have otherwise established the citizenship of the parties, or whether they have

4   established the amount in controversy. Failure to comply may result in

5   dismissal or remand.

6   **19.   Timing of Motions**: Parties must strictly comply with L.R. 6-1, 7-9, and 7-10.

7   **20.   Scheduling Conference**: Scheduling conferences are held as soon as

8   practicable and not later than 180 days from the filing of the Complaint.

9   Trial counsel must be present.  **The Court does not hold telephonic**

10  **conferences**.

11       Counsel must timely comply with Fed. R. Civ. P. 26(f) and file a Joint

12  Rule 26(f) Report **within ten days after they meet and confer**. The Report

13  must, in addition to addressing the matters specified in Rule 26(f), set forth

14  the parties' views regarding:

15  a.   A statement of the specific basis of federal jurisdiction, including

16       supplemental jurisdiction;

17  b.   A cut-off date for the completion of discovery and the hearing of motions,

18       a final pretrial conference date, and a trial date;

19  c.   Whether discovery should be conducted in phases or otherwise ordered

20       or limited;

21  d.   An estimate of the length of trial;

22  e.   The name(s) of the attorney(s) who will try the case, including those

23       who will be lead trial counsel;

24  f.   Efforts made to settle or resolve the case to date, and the parties' plans

25       for maximizing settlement prospects;

26  g.   Whether the case is complex or requires a reference to the procedures

27       set forth in the Manual on Complex Litigation;

28  h.   The likelihood of the appearance of additional parties;

i.   Dispositive or partially dispositive motions the parties are likely to file;

j.   Any unusual legal issues presented by the case, including any unusual substantive, procedural or evidentiary issues;

k.   Proposals regarding severance, bifurcation or other ordering of proof; and

l.   A discussion of the present state of discovery, including a summary of completed discovery.

**21. Patent Cases - Scheduling Conference and Adoption of Local Rules**:

a.   <u>Adoption of Local Rules</u>: During the scheduling conference, the Court will impose rules limiting the number of asserted claims and prior art references, the number of claim terms for construction, the timing of the exchange of infringement and invalidity contentions, and the content of such contentions. The parties may suggest that the Court adopt another jurisdiction's set of patent local rules, and must state in the Joint Rule 26(f) Report whether they have agreed to abide by any such patent local rules. The parties are encouraged to use the Northern District of California Patent Local Rules ("P.L.R.") in complex cases such as those involving computer technology, pharmaceuticals, or cases involving Ph.D.-level skill. If the parties do not agree to use the P.L.R. or disagree only to the time line included therein, they must state their positions for disagreement in the Joint Rule 26(f) Report. In any case, the ultimate decision regarding all scheduling matters, including whether to apply the P.L.R., lies with the Court. The Court will take into consideration several factors, such as: the number of patents at issue; the number of claims asserted; the number of likely disputed claims and the ease with which the parties can identify the claim language that will resolve their dispute; and the complexity of the technology. Parties should be prepared to present a technology tutorial at the scheduling conference that provides an overview of the patented technology-including fundamental scientific and technical concepts and

1    any purported benefits of the claimed inventions over the prior art–and

2    the design and operation of the accused instrumentalities.

3    b.    Claim Construction Hearings: The Court may hold claim construction

4          hearings and hear argument from counsel. However, the Court generally

5          does not hear expert testimony at claim construction hearings.

6    c.    Joint Claim Construction Chart: The joint claim construction chart must

7          be in a three-column format.

8    d.    Time Line for Patent Cases Not Using Patent Local Rules: For cases in

9          which the Court has elected not to use the P.L.R., the parties must include

10         proposed deadlines in the Rule 26(f) Report, including dates for the

11         exchange of infringement and invalidity contentions, expert report dates,

12         discovery cut-off dates, and a date for the claim construction hearing.

13   e.    Time Line for Patent Cases Using Patent Local Rules: For cases in which

14         the Court has elected to use the P.L.R., parties must include proposed

15         deadlines in the Rule 26(f) Report. Parties may find the following

16         list of suggested deadlines and dates helpful in writing their Rule 26(f)

17         Report:

18         (1)   One month after the Complaint is filed, the "Disclosure of Asserted

19               Claims and Infringement Contentions" under P.L.R. 3-1 is to be

20               served on all parties.

21         (2)   Three months after the Complaint is filed is the deadline to amend

22               the pleadings to add and serve new parties, to bring third-party

23               claims, or to bring cross-claims.

24         (3)   Four months after the Complaint is filed, the "Invalidity

25               Contentions" under P.L.R. 3-3 is due.

26         (4)    Six months after the Complaint is filed, the "Joint Claim

27               Construction Chart and Prehearing Statement" under P.L.R. 4-3 is

28               due.

(5)  Seven months after the Complaint is filed, claim construction discovery, both fact and expert, is to be completed.

(6)  Discovery with regard to damages begins the day after the fact and expert discovery for the claim construction is due.

(7)  Eight months after the Complaint is filed, the plaintiff's claim construction opening brief is due. Defendant's claim construction opposition is due two weeks after the opening brief is due and the plaintiff's claim construction reply is due two weeks after the opposition is due.

(8)  No sooner than one day after the Court's ruling on claim construction but no later than ten months after the filing of the "Complaint, the Final Infringement Contentions" are due, along with any motion for summary judgment regarding infringement.

(9)  No sooner than after the "Final Infringement Contentions" are filed but no later than eleven months after the filing of the Complaint, the "Final Invalidity Contentions" are due, along with any motion for summary judgment regarding invalidity or unenforceability or non-infringement.

(10)  Eleven months after the filing of the Complaint is the motion cut-off date for all motions other than motions for summary judgment on infringement.

(11)  Eleven months after the Complaint is filed all discovery must be completed.

(12)  One week before the trial, the pretrial conference will be held.

(13)  Fourteen months after the filing of the Complaint, the trial will commence.

f.  <u>Additional Items to Be Addressed in the Parties' Joint Rule 26(f) Report</u>: In addition to the foregoing, the parties must include the following

information in their Joint Rule 26(f) Report: (1) whether any of the asserted patents have been involved in other litigations, and if so, the outcome of those litigations or the stage of those proceedings; (2) whether there is a history of litigation between the parties; and (3) whether the parties intend to move for *inter partes* or other post-grant review.

The Court also notes that it may wish to hold a technology tutorial as part of the scheduling conference, in which case the parties shall bring at least three (3) copies of any bound presentation materials to the scheduling conference.

22. **Discovery**: Discovery motions and applications for discovery protective orders must be scheduled before the magistrate judge assigned to the case.

a. Non-Expert Discovery: All expert / non-expert discovery must be **completed** by the discovery cut-off set by the Court. Any motion challenging the adequacy of discovery responses must be calendared sufficiently in advance of the cut-off date to permit any compelled responses to be obtained before that date.

b. Non-Expert Depositions: All depositions must commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date. Given the requirements of notice and "meet and confer," this means that in most cases a planned motion to compel must be discussed with opposing counsel approximately six weeks before the cut-off.

c. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off to enable the discovering party to challenge (via motion) deficient responses.

d. Discovery Motions: Parties are expected to resolve discovery disputes

among themselves in a courteous, reasonable, and professional manner. Absent resolution, the magistrate judge assigned to the case will rule on discovery motions. The Court requires compliance with L.R. 37-1 through 37-4 in the preparation and filing of discovery motions. Any review of a magistrate judge's discovery order must proceed by way of noticed motion under L.R. 7-4. The decision of the magistrate judge is final. The Court will not reverse any such order, including one imposing sanctions, unless the moving party demonstrates that the magistrate judge's order "is clearly erroneous or contrary to law." A motion for review and reconsideration must be filed and served within ten days of a written ruling or within ten days of an oral ruling that the magistrate judge states will not be followed by a written ruling.

e. Expert Discovery: The parties must meet and confer and agree upon expert disclosure dates as required by Fed. R. Civ. P. 26(a)(2). All disclosures must be made in writing. The parties should commence expert discovery shortly after the initial designation of experts, because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

23. **Motions and Motion Cut-Off Date:**

a. Meet and Confer Requirement: For all cases not exempt under L.R. 16-12, and except in connection with discovery motions, applications for temporary restraining orders, or preliminary injunctions, counsel contemplating filing of any motion shall first contact opposing counsel to "discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion and *any potential resolution.*" L.R. 7-3. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must discuss the substantive grounds for the motion and attempt to reach

1    an accord that would eliminate the need for the motion. The Court

2    strongly emphasizes that under L.R. 7-3, discussions of the substance

3    of contemplated motions are to take place, if at all possible, <u>in person</u>.

4    Only in exceptional cases will a telephonic conference be allowed. All

5    motions must include a declaration by counsel briefly describing the

6    parties' discussion and attempt to eliminate the need for the motion and

7    the date of such discussion. Filings not in compliance with L.R. 7-3 will

8    be denied.

9    b.   All law and motion matters, except for motions in limine, must be set

10    for hearing (not filing) by the motion hearing cut-off date. Issues left

11    undetermined after passage of the cut-off date should be listed as issues

12    for trial in the final pretrial conference order. As an exception, motions

13    in limine dealing with evidentiary matters will be heard (at the Court's

14    discretion) on the first day of trial, and must conform to the Local Rules

15    and Rule 1.B.1. of the Court's Order Re Jury/Court Trial For Civil Cases

16    Assigned to Judge S. James Otero (Exhibit B). However, the Court will

17    not hear or resolve summary judgment motions disguised as motions

18    in limine.

19    c.   The Court strongly encourages parties to permit less experienced

20    lawyers (*i.e.*, lawyers with five or fewer years of experience) to actively

21    participate in the proceedings by presenting argument at motion

22    hearings or examining witnesses at trial. Counsel should be prepared

23    to discuss such opportunities at the Scheduling Conference.

24    d.   **Local Rule 7 governs the form of motions**. *See generally* L.R. 7. If a

25    party does not oppose a motion, that party must file a statement of

26    non-opposition. L.R. 7-16. Failure to meet the time limits set forth in

27    L.R. 7 may be deemed consent to the granting of the motion. L.R. 7-12.

28    The Court will not decide late-filed motions, and a party or counsel

1   who files such late papers may be subject to sanctions under L.R. 7-13.

2   Reply papers are limited to argument and authorities responsive to the

3   opposition papers. The Court will not address new matter that was

4   improperly introduced.

5   **24.  Motions - Generally**: All pleadings must comply with L.R. 11, except that

6   no memorandum or points and authorities or opposition may exceed twenty

7   pages, excluding indices and exhibits, unless permitted by the Court. No reply

8   may exceed five pages.

9   a.   Objections to Evidence: If a party disputes a fact based in whole or

10   in part on an evidentiary objection, the ground of the objection, as

11   indicated above, should be stated in a separate statement but not argued

12   in that document.

13   b.   Oral Argument: If the Court deems a matter appropriate for decision

14   without oral argument, the Court will notify the parties in advance.

15   c.   Tentative Rulings: As a general matter, the Court does not issue tentative

16   rulings.

17   d.   Amici Status: The Court has broad discretion to appoint amicus curiae.

18   Interested parties must request leave of the Court before filing an amicus

19   brief, by showing:

20   (1)   That they have a "special interest" in the case;

21   (2)   That this interest is not represented competently or at all;

22   (3)   That they present information that is both timely and useful; and

23   (4)   That they are not partial to a particular outcome of the case.

24   **25.  Motions Pursuant to Rule 12**: Many motions to dismiss or to strike can be

25   avoided if the parties confer in good faith (as required by Local Rule 7-3),

26   especially where perceived defects in a complaint, answer, or counterclaim

27   could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296

28   (9th Cir. 1996) (where a motion to dismiss is granted, a district court should

A–14

provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect. If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

26. **Motions to Amend**: All motions to amend pleading shall: (1) state the effect of the amendment; and (2) identify the page and line number(s) and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings. In addition to the requirements of L.R. 15, counsel shall attach as an appendix to the moving papers a "redline" version of the proposed amended pleading showing all additions and deletions of material.

27. **Summary Judgment Motions**: Parties need not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment. Whenever possible, the party moving for summary judgment should provide more than the minimum 28 day notice of motions. *See* L.R. 6-1. Because these motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court in absorbing the mass of facts (e.g., tables of contents, headings, indices). The parties are to comply precisely with L.R. 56-1 through 56-3.

    a.   One Summary Judgment Motion: Without prior permission of the Court, no party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

    b.   Statement of Undisputed Material Facts: The separate Statement of

Undisputed Material Facts must be prepared in a two-column format. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. Citation to the supporting evidence shall be specific, including reference to the docket number, exhibit, page, and line number. Chambers' copies of the Statement of Undisputed Material Facts shall be submitted in a binder (delivered to the Judge's mail box outside the Clerk's Office on the 4th Floor of the First Street Courthouse), which is separated from the evidence in support of a motion for summary judgment. Counsel shall include tab dividers which separate the statements of undisputed material facts in support of each claim for relief.

c.  Statement of Genuine Disputes of Material Fact: The opposing party's Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the alleged. supporting evidence, and the right-hand column must state either that it is disputed or undisputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, such party must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in the document.

Chambers' copies of the opposing party's Statement of Genuine Disputes must also be submitted in a binder (delivered to the Judge's mail box outside the Clerk's Office on the 4th Floor of the First Street Courthouse), which is separated from the evidence in opposition to a

motion for summary judgment. Counsel shall include tab dividers which separate the Statement of Genuine Disputes as to each claim for relief.

The opposing party may submit additional material facts that bear on, or relate to, the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement. Additional material facts shall be filed in a separate document from the Statement of Genuine Disputes. Chambers' copies of the opposing party's additional material facts must be filed in a separate binder from the Statement of Genuine Disputes. Counsel shall include tab dividers which separate the additional material facts as to each claim for relief.

d.  Supporting Evidence: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Supporting evidence should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony of a witness who can establish authenticity.

**28.  Motions for Attorneys' Fees**: Motions for attorneys' fees shall be filed and set for hearing according to Local Rule 6-1. Any motion or request

for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (*i.e.*, partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (*i.e.*, discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the case was ongoing, the party shall provide separate calculations for the total number of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all of the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

**29.   Requests for Extensions of Time to File Documents or Dates**:

<u>The deadlines and requirements set by the Court are firm</u>. No stipulations extending scheduling requirements or modifying applicable rules are effective unless and until approved by the Court. Counsel should avoid submitting requests for a continuance less than at least seven (7) calendar days prior to the scheduled date that is the subject of the request. Applications and stipulations must set forth:

a.   The existing due date or hearing date;

b.   Specific, concrete reasons supporting good cause for granting the extension. A statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations (*i.e.*, Have written proposals been exchanged? Is counsel reviewing a draft settlement agreement? Has a mediator been selected?); and

c.   Whether there have been prior requests for extensions, and whether

these were granted or denied by the Court.

The pretrial conference and trial dates <u>will not be continued</u> solely because the parties are in the process of settling or have "settled." If the parties wish to avoid the pretrial conference or trial, a valid stipulated dismissal under Fed. R. Civ. P. 41 must be filed at least one court day in advance.

30. **Ex Parte Applications**: Ex parte applications are solely for extraordinary relief and are discouraged. *Mission Power Eng'g Co. v. Cont'l Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Strictly comply with L.R. 7-19. Ex parte applications are not noticed for any date or time certain. If a hearing is necessary, the Courtroom Deputy Clerk will contact counsel.

31. **Protective Orders and Motions to Seal Documents**

    a.    <u>Protective Orders</u>. The parties are permitted to enter into stipulated protective orders that govern how the parties are required to handle confidential material produced in discovery.

    b.    <u>Sealing Determinations</u>. It is the Court, not the parties, that determines whether a document can be filed under seal. Protective orders cannot pre-authorize a party to file documents under seal. Parties must strictly comply with Local Rule 79-5 and its subdivisions. The Court will only permit filings under seal if the party seeking to seal the information demonstrates why the public's traditional right of access to court documents and the public policies favoring disclosure are outweighed by good cause (if the motion is not case-dispositive) or compelling reasons (if the motion is case-dispositive or the information is included in the operative complaint) that support keeping the information under seal. The fact that a party has designated a particular document "Confidential" pursuant to a protective order is not sufficient to convince the Court that good cause or compelling reasons exist to seal that document. If a protective order attempts to authorize the filing of materials under seal

without an independent showing of good cause or compelling reasons, the protective order will be rejected or that provision will be ignored.

c. <u>Noticed Motions in Cases with Protective Orders</u>. **In any case where the parties have entered into a stipulated protective order, noticed motions must be noticed at least 35 days before the hearing date**.

d. <u>Filing One's Own Confidential Documents with the Court</u>. Any party who wishes to file its own confidential material with the Court and have that information sealed must submit an application to seal concurrently with the filing of the document containing the confidential information.

e. <u>Filing Another Party's Confidential Documents with the Court</u>.

1. <u>Meet-and-Confer Requirement</u>. If a party wishes to file in Court a document containing information another party has designated "Confidential" pursuant to a protective order, the party filing the document (the "Filing Party") must give the party that designated the material "Confidential" (the "Designating Party") at least seven calendar days' notice, informing the Designating Party which specific documents or information the Filing Party intends to file with the Court and the date of the anticipated filing. No fewer than four calendar days prior to the anticipated filing, the Designating Party must inform the Filing Party which of the identified material it intends to move to seal. This subsection applies to any noticed motion or opposition to a noticed motion.

2. <u>Timing of Applications to Seal</u>. If the Designating Party wishes to seal certain information, it must file an application to seal on or before the date the Filing Party files the document containing the confidential information. This subsection applies to any noticed motion or opposition to a noticed motion.

3. <u>Filings Other Than Noticed Motions or Oppositions to Noticed</u>

Motions. A party filing any document other than a noticed motion or opposition to a noticed motion need not inform the Designating Party which material it intends to file with the Court. If a Filing Party files a document other than a noticed motion or opposition to a noticed motion that includes information another party has designated "Confidential," the Filing Party must redact all of the other party's confidential information from the publicly-available version and lodge conditionally under seal unredacted copies with the Court. If the Designating Party seeks to have any of the information sealed, it must file an application to seal within four calendar days. If no application to seal is received, the Court will reject the filing and give the Filing Party two days to re-file unredacted versions of the documents.

32. **Settlement**: L.R. 16-15 requires the parties to participate in one of the settlement procedures set forth in the Rule. The settlement conference must be concluded not later than 30 days before the pretrial conference. The Court may hold and preside over the settlement conference in certain cases. The Court on its own motion may set a settlement conference at any time following the scheduling conference. If the settlement conference is set before this Court, the parties must comply with L.R. 16-15.5.

33. **Procedures for Settlement Conferences Held Before Judge Otero**:

    a.  Settlement Conference Briefs: The parties must submit confidential settlement conference briefs to chambers in accordance with L.R. 16-15.5(a) **five days** before the conference, and must exchange non-confidential letters with all other parties of record. Each confidential settlement conference brief must contain:

        (1)  A summary of the important issues and the party's position on each issue;

(2)   A summary regarding damages in a non-conclusory form; and

(3)   A summary on the course of any prior settlement negotiations.

The brief must be concise, and large numbers of exhibits may not be appended. Proposals for settlement and counsel's evaluation of the case not yet communicated to opposing counsel must be included in the confidential settlement letter.

b.   <u>Persons Present</u>: All persons whose consent is necessary to conclude settlement must be present at the settlement conference. Counsel are responsible for ensuring that all persons and parties are present.

c.   <u>The Conference</u>: The Court will confer with the attorneys and representatives jointly and separately. Each party must be prepared to negotiate for as long as prospects of settlement are not foreclosed. The Court may confer with the parties in the presence of their attorneys. If settlement is reached, it will be placed on the record at the conclusion of the conference.

**IT IS SO ORDERED.**

DATED: June 15, 2018

_S. James Otero_

—————————————————————
S. James Otero
United States District Judge

EXHIBIT B

ORDER RE JURY/COURT TRIAL FOR CIVIL CASES ASSIGNED TO
JUDGE S. JAMES OTERO

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STEPHANIE CLIFFORD

        Plaintiff(s),

    v.

KEITH M. DAVIDSON, et al.

        Defendant(s).

Case No.:  2:18–cv–05052–SJO–FFM

**ORDER RE JURY/COURT TRIAL**
**FOR CIVIL CASES ASSIGNED**
**TO JUDGE S. JAMES OTERO**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.  **TRIAL PREPARATION**

    A.  **Pretrial Conference**: This case has been placed on the calendar for a
Final Pretrial Conference ("PTC") pursuant to Fed. R. Civ. P. 16. The
PTC will be held at 9:00 a.m. on the date set by the Court, unless
expressly waived by the Court at the scheduling conference. The lead
trial attorney on behalf of each party must attend the PTC and all meetings
in preparation thereof. A continuance of the PTC at the parties' request
or by stipulation is unlikely. Failure to complete discovery is not a ground
for continuance.

        At the PTC, parties should be prepared to discuss means of
streamlining the trial, including: bifurcation; presentation of foundational
and non-critical testimony by deposition excerpts, narrative summaries
and stipulations as to the content of testimony; and qualification of experts
by admitted resumes. The Court will also discuss settlement.

        If counsel fail to file the required pretrial documents or fail to appear
at the PTC and such failure is not otherwise satisfactorily explained to the

Court: (a) the case will be dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment will be entered, if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate. Failure of counsel to strictly follow the provisions of this Order may subject the non-complying party and its attorney to sanctions and may constitute a waiver of jury trial.

**B.** __Pretrial Documents__: Pretrial documents must comply with the Local Rules:

1. **Motions In Limine**: Motions in limine are heard on the first day of trial and must conform to the Local Rules and the following format:

   a. Motions in limine must be filed 35 days before the trial date and prepared consistent with L.R. 6-1. Any opposition(s) shall be filed 14 days before the Final Pretrial Conference and shall not exceed 10 pages. Any reply shall be filed 7 days before the Final Pretrial Conference and shall not exceed 5 pages. In addition, five court days before the PTC, each party must deliver to the Court (to the Judge's mail box outside the Clerk's Office on the 4th Floor of the First Street Courthouse) a three-ring binder of its motions in limine, together with the objections and replies. **Each party is limited to four motions in limine, unless good cause is shown or the Court otherwise instructs**.

   b. If any of the issues addressed in said motions were raised in prior proceedings, counsel are to identify the proceedings and relevant pleadings.

   c. The binders must be clearly marked as to their content (e.g., Plaintiff's Motions in Limine Nos. 1-4) and each motion must

be separated by marked dividers, identifying the particular

motion. The spine of each binder must include the case name

and number as well as the content of the binder. Binders should

only contain the points of law, no declarations.

    d.   In lodging deposition transcripts, counsel must stipulate to

their authenticity.

2.   **Memoranda of Contentions of Fact and Law**: Not later

than 21 days before the PTC, each party must serve and file a

memorandum of contentions of fact and law containing a summary

of the parties' basic factual contentions supported by legal authority

in the form of a legal brief. L.R. 16-4.

3.   **Joint Witness List**: Not later than 21 days before the PTC, the

parties must submit a joint witness list in accordance with L.R. 16-5,

except that the parties need not submit separate witness lists. In

addition to the filed copy, on the first day of trial, counsel must

provide the Court with three courtesy copies of the Joint Witness

List. The Joint Witness List must identify:

    a.   All witnesses who will actually testify at trial. Failure to

include the name of a witness may preclude a party from

calling that witness.

    b.   Trial Witness Estimate: The witness list and summary must

give accurate time estimates for each witness to conduct direct,

cross, re-direct, and re-cross. Counsel must include a summary

of the testimony of each witness. If more than one witness is

offered on the same subject matter, each summary must enable

the Court to determine if the testimony is cumulative.

    c.   Expert Witnesses: An expert witness's direct testimony must

consist of a description of the expert's background and contents

of his or her Rule 26 Report.

4. **Joint Exhibit List**: Not later than <u>21 days before the PTC</u>, the parties must submit a joint exhibit list in accordance with L.R. 16-6.1 and Fed. R. Civ. P. 26(a)(3)(A)(iii). The Joint Exhibit List should comply with the following:

   a.   Counsel must meet and confer and stipulate to authenticity and other foundational objections.

   b.   Place exhibits in binders with each exhibit properly marked and tabbed.

   c.   Identify the proffering party for each exhibit.

   d.   Include an appropriate identification of each document or exhibit which the party expects to offer for impeachment purposes and those which the party may offer if the need arises. The list must be substantially in the form indicated by the following example:

Plaintiff's Exhibits

| Exhibit No. | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | | | |

Defendant's Exhibits

| Exhibit No. | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | | | |

5. **Pretrial Exhibit Stipulation**: Not later than <u>7 days before the PTC</u>, the parties must prepare a pretrial exhibit stipulation. The pretrial exhibit stipulation must be filed at the same time counsel lodge the PTCO; failure to do so comply may constitute a waiver of all objections. In addition to the filed copy, on the first day of trial,

counsel must provide the Court with three courtesy copies of the Pretrial Exhibit Stipulation. The Pretrial Exhibit Stipulation should contain each party's numbered list of all trial exhibits, with objections to each exhibit and the offering party's response; each exhibit to which there is no objection will be admitted. All parties must stipulate to the authenticity of exhibits whenever possible. Identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the parties' failure to stipulate. The stipulation must be substantially in the form indicated by the following example:

| Plaintiff's Exhibits | | | |
|---|---|---|---|
| *Exhibit No.* | *Description* | *If Objection, State Grounds* | *Response to Objection* |
| Defendant's Exhibits | | | |
| *Exhibit No.* | *Description* | *If Objection, State Grounds* | *Response to Objection* |

      6.    **Proposed Pretrial Conference Order ("PTCO")**: Not later than <u>7 days before the PTC</u>, the parties must submit file their PTCO, as well as e-mail the Court at **SJO_Chambers@cacd.uscourts.gov** a Word or WordPerfect version of the PTCO. Parties are to consult Appendix A to the L.R. in preparing the PTCO. In addition, parties must heed the following:

      a.    Include a table of contents at the beginning of the PTCO.

      b.    Place in "all caps" and in "bold" the separately numbered headings for each category in the PTCO (e.g., "1. THE PARTIES").

      c.    In specifying the surviving pleadings under section 1 of Appendix A, state which claims or counterclaims have been

dismissed or abandoned (e.g., "Plaintiff's first cause of action for fraud has been dismissed.") In multiple party cases where not all claims will be prosecuted against all remaining parties on the opposing side, specify to which party each claim is directed.

d.    In drafting the PTCO, the parties must attempt to agree on and set forth as many uncontested facts as possible. These facts are usually read to the jury at the start of trial. A carefully drafted stipulation of facts will reduce the length of trial and increase jury understanding of the case.

e.    In drafting the factual issues in dispute for the PTCO, the parties must state issues in ultimate fact form, not in the form of evidentiary fact issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

f.    Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

7.    **Jury Instructions and Verdict Forms**: Not later than <u>7 days before the PTC</u>, counsel must submit two sets of jury instructions, as well as email the Court at **SJO_Chambers@cacd.uscourts.gov** Word or WordPerfect versions of both sets of instructions.

a.    Set one consists of instructions that all parties agree should be submitted to the jury, and includes general and substantive instructions, a verdict form, and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. Parties should also submit standard and general

instructions.

    b.   Set two consists of instructions that are objected to. Proposed special verdict forms are to be included. This second set must include a joint statement regarding the disputed instructions, verdicts and interrogatories. In the joint statement, place the text of the disputed instruction (or verdict or interrogatory) with identification of the party proposing it. Following that text, place the opposing party's statement of objections with legal authority in support thereof (one page or less) and proposed alternative language if appropriate. The entirety of the objection must be typed in capital letters.

    c.   A table of contents must be included with all jury instructions submitted to the Court. The table of contents must set forth: (i) the number of the instruction; (ii) a brief title of the instruction; (iii) the source of the instruction; and (iv) the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| *(1)* | *(Burden of Proof)* | *(cite)* | *(5)* |

    d.   The Court strongly prefers counsel to use instructions from the Manual of Model Jury Instructions for the Ninth Circuit where applicable. Where California law is to be applied, the Court requires counsel to use the State of California Judicial Council Approved Civil Jury Instructions.

    e.   Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

8.   **Joint Statement of the Case and Voir Dire**: Not later than
<u>7 days before the PTC</u>, the parties must submit separate proposed
voir dire questions and a one-page joint statement of the case,
which is read to the jury pool. The Court conducts voir dire. The
parties need not submit requests for standard voir dire questions,
but should include only proposed questions specifically tailored
to the parties and issues of the case.

C.   **Real-Time Reporting Requirement**: At the PTC, each party must
submit to the Deputy Clerk a typed list of proper names, unusual or
scientific terms, or any other uncommon words that are likely to be
used during the trial.

D.   **Bench Trial**:

1.   **Findings of Fact and Conclusion of Law**: The parties must lodge
their proposed findings of fact and conclusions of law no later than
seven (7) days before trial and deliver to chambers a digital copy
of these findings in Word or WordPerfect format. L.R. 52-1. When
ordered by the Court in a particular case, each party shall, at least
twenty-one (21) calendar days prior to the PTC, file declarations
containing the direct testimony of each witness whom that party
intends to call at trial. If such declarations are filed, each party
shall file any evidentiary objections to the declaration(s) submitted
by any other party at least fourteen (14) calendar days prior to the
Final Pretrial Conference. If any party submits such objections,
they shall be submitted in the following three-column format:
(i) the left column should contain a verbatim quote of each statement
objected to (including page and line number); (ii) the middle column
should set forth a concise objection (e.g., hearsay, lacks foundation,
etc.) with a citation to the Federal Rules of Evidence or, where

applicable, a case citation; and (iii) the right column should provide space for the Court's entry of its ruling on the objection. The Court anticipates issuing its ruling on the objections the same date as the date scheduled for the PTC. Counsel shall refer to the Court's Initial Standing Order for the proper format.

    2.   **Narrative Statements**: The Court requires that the direct testimony of a witness be presented by written narrative statement subject to cross-examination at trial, to be adopted by the witness orally in open court, unless such requirement is waived. L.R. 43-1.

**3.**   **TRIAL PROCEDURE**

A.   Civil trials are held Tuesday through Friday from 8:30 a.m. to 11:30 a.m. and from 1:00 p.m. to 4:00 p.m.

B.   At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses expected to testify the following day with an estimate of the length of direct examination for each witness. Opposing counsel shall provide an estimate of the length of cross-examination for each witness. Cooperation of counsel will ensure a smooth flow of witnesses. It is the responsibility of all counsel to arrange the appearance of witnesses in order to avoid delay.

C.   Opening statements, examination of witnesses, and closing arguments should be made from the lectern only.

D.   Counsel shall not refer to their clients or any witness by their first names during trial.

E.   When objecting, counsel shall state only that counsel is objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc. Counsel shall not argue an objection before the jury. SPEAK UP when making an objection.

F.   Counsel shall not approach the Courtroom Deputy Clerk or the witness

box without the Court's permission.

G.   Counsel shall return to the lectern when his or her purpose has been accomplished.

H.   Counsel shall not enter the well of the Court without the Court's permission.

I.   Counsel shall rise when addressing the Court. In jury cases, please rise when the jury enters or leaves the courtroom.

J.   Counsel shall address all remarks to the Court.

K.   Counsel shall not directly address the Courtroom Deputy Clerk, the reporter, or opposing counsel.

L.   If counsel wish to speak with opposing counsel, counsel shall ask permission to talk to counsel OFF THE RECORD.

M.   All requests for the re-reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the Court.

N.   Counsel shall not make an offer of stipulation unless counsel has conferred with opposing counsel and reached an agreement.

O.   While the court is in session, counsel shall not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

P.   When a party has more than one lawyer, only one may conduct the examination of any given witness and only that same lawyer may handle objections during the testimony of that witness.

Q.   If a witness was on the stand at a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

R.   Counsel shall not run out of witnesses. If counsel is out of witnesses and there is more than a brief delay, the Court may deem that counsel has rested.

S.  The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be out of sequence. Counsel should anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel shall confer with the Court in advance.

T.  Counsel are advised to be on time as the Court starts promptly.

U.  Counsel should not by facial expression, nodding, or other conduct exhibit any opinions, adverse or favorable, concerning any testimony which is being given by a witness. Counsel should similarly admonish their own clients and witnesses to avoid such conduct.

4.  **MISCELLANEOUS**

A.  **Installation of Equipment**: If counsel need to arrange for the installation of their own additional equipment, such as a video monitor, overhead projector, etc., refer to the Court's website (www.cacd.uscourts.gov) so that necessary arrangements can be made. Electronic Evidence Presenter reservations and tutorials may be made through the Courtroom Technology Help Desk at (213) 894-3061.

B.  **Voluminous Exhibits**: Arrangements for bringing voluminous exhibits into the courtroom may be made through the Space and Facilities Help Desk at (213) 894-1400.

**IT IS SO ORDERED.**

DATED: June 15, 2018

_S. James Otero_

_____

S. James Otero
United States District Judge