AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, CA State Bar No. 206929
Ahmed Ibrahim, CA State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:  949.706.7000
Facsimile:   949.706.7050

Attorneys for Counter-Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> KEITH .M DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 THROUGH 10, inclusive <br><br> Defendants. | CASE NO.:  2:18-cv-05052 RSWL (ASx) <br> Assigned for All Purposes to the Honorable S. James Otero <br><br> **ANSWER OF STEPHANIE CLIFFORD, MICHAEL AVENATTI, AVENATTI & ASSOCIATES, APC, AND EAGAN AVENATTI, LLP TO COUNTERCLAIM FILED BY KEITH DAVIDSON** |
| KEITH M. DAVIDSON, an individual, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual; MICHAEL AVENATTI, an individual; AVENATTI & ASSOCIATES, A PROFESSIONAL CORPORATION, a California Corporation; EAGAN AVENATTI, LLP, a California Corporation; et al., <br><br> Counter-Defendants. | **California Superior Court Action Filed:  June 6, 2018** |

1    Counter-Defendants Stephanie Clifford. ("Clifford"), Michael Avenatti, Avenatti
2  & Associates, a Professional Corporation, and Eagan Avenatti, LLP (collectively
3  "Counter-Defendants") hereby answer Defendant and Counterclaimant Keith M.
4  Davidson's ("Davidson") Counterclaim.[1]  By doing so, Counter-Defendants do not waive
5  any objection or defense to the Counter-Claim, including, but not limited to, lack of
6  subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient
7  process, insufficient service of process, and failure to state a claim upon which relief can
8  be granted.  See, e.g., Fed. R. Civ. P. 12(b), 12(h)(1)(B)(ii), 12(h)(3); see also Dkt No. 15
9  (Plaintiff's Motion to Remand).

10    With regard to the unnumbered introductory paragraph of the Counterclaim,
11  Counter-Defendants admit only that the Counterclaim purports to name Counter-
12  Defendants as defendants to the Counterclaim.  Except as expressly admitted, Counter-
13  Defendants deny the allegations in the unnumbered introductory paragraph.

### INTRODUCTION

15    1.    Counter-Defendants admit that Keith M. Davidson is an attorney who
16  formerly represented Clifford.  Counter-Defendants admit that Avenatti is Clifford's
17  current attorney.  Except as expressly admitted, Counter-Defendants deny the allegations
18  in Paragraph 1.

19    2.    Counter-Defendants admit that Clifford sued Davidson on June 6, 2018.
20  Counter-Defendants deny that Clifford has made more than 175 television appearances in
21  the first five months of 2018.  Except as expressly admitted, Counter-Defendants deny
22  the allegations in Paragraph 2.

23    3.    Counter-Defendants admit that Judge Wood has uttered the phrase
24  "publicity tour."  Except as expressly admitted, Counter-Defendants deny the allegations
25  in Paragraph 3.

26

27  _____
[1] Except as expressly admitted herein, Counter-Defendants deny the allegations in
    Davidson's Counterclaims.
28

1    4.    Counter-Defendants admit that Clifford filed suit against Davidson on June

2  6, 2018.   Except as expressly admitted, Counter-Defendants deny the allegations in

3  Paragraph 4.

4                              **THE PARTIES**

5    5.    Counter-Defendants admit the allegations in paragraph 5.

6    6.    Counter-Defendants admit that Clifford sued her former attorney Davidson

7  in Los Angeles Superior Court Case No. SC129384 on June 6, 2018.   Counter-

8  Defendants admit that there was an attempt to remove the case to the United States

9  District Court for the Central District of California on June 7, 2018.   Counter-Defendants

10  deny any removal was proper.   Except as expressly admitted, Counter-Defendants deny

11  the allegations in Paragraph 6.

12    7.    Counter-Defendants admit the allegations in paragraph 7.

13    8.    Counter-Defendants admit Avenatti & Associates is a California

14  professional corporation and that it is counsel for Clifford.   Except as expressly admitted,

15  Counter-Defendants deny the allegations in paragraph 8.

16    9.    Counter-Defendants admit Avenatti & Associates is counsel for Clifford.

17  Except as expressly admitted, Counter-Defendants deny the allegations in paragraph 9.

18                          **JURISDICTION & VENUE**

19    10.    Counter-Defendants deny this Court has jurisdiction over this matter,

20  including the Counterclaims asserted against them.   Clifford has filed a motion to remand

21  this action to the Superior Court of California, County of Los Angeles.   [Dkt No. 15.]

22  Even if the Court had subject-matter jurisdiction over the claims, counterclaims, and

23  cross-claims, although the Court may have personal jurisdiction over Michael Avenatti,

24  Avenatti & Associates, and Eagan Avenatti, LLP.   Clifford denies that the Court has

25  personal jurisdiction over her for Davidson's counterclaims.   Davidson has not alleged

26  any wrongful conduct against Clifford giving rise to legal liability, let alone any wrongful

27  conduct that she engaged in within the State of California.   Except as expressly admitted,

28  Counter-Defendants deny the allegations in Paragraph 10.

**ANSWER OF COUNTER-DEFENDANTS TO COUNTERCLAIM FILED BY KEITH DAVIDSON**

11.    Counter-Defendants deny that this Court has subject matter jurisdiction under U.S.C. § 1332.  Counter-Defendants deny that the parties are citizens of different states.  Davidson, Michael Avenatti, Avenatti and Associates, APC, and Eagan Avenatti, LLP are California residents.  Therefore, Counter-Defendants deny that the Court has subject matter jurisdiction over this counterclaim.  Further, the Court does not have subject-matter jurisdiction over this action for the reasons set forth in Clifford's motion to remand.  [Dkt No. 15.]  Counter-Defendants deny any other allegations in Paragraph 11.

12.    Counter-Defendants lack sufficient information to admit or deny the allegations in Paragraph 12.

## FIRST CAUSE OF ACTION

### DEFAMATION PER SE

### AGAINST ALL DEFENDANTS

13.    Counter-Defendants re-allege and incorporate by reference their response to all prior paragraphs of the counterclaim as if fully set forth herein.  Counter-Defendants admit to a posting on Twitter by Michael Avenatti.  Counter-Defendants deny Davidson has reproduced the complete tweet.  Except as expressly admitted, Counter-Defendants deny any other allegation in Paragraph 13.

14.    Counter-Defendants admit the complete and accurate version of the tweet has been like more than 12,000 times and retweeted more than 4,300 times.  Except as expressly admitted, Counter-Defendants deny any other allegation in Paragraph 14.

15.    The subject tweet links to a Daily Beast article stating Davidson was suspected of extortion but not charged and that "[w]hen Houston handed Davidson and a go-between the money, FBI agents stormed in with guns drawn, arresting the duo, states a lawsuit filed by Hogan under his real name, Terry Bollea, in May 2016."  Except as expressly admitted, Counter-Defendants deny the allegations in Paragraph 15.

16.    Counter- Defendants deny the allegations in Paragraph 16.

17.    Counter- Defendants deny the allegations in Paragraph 17.

18.    The subject tweet links to a Daily Beast article stating Davidson was suspected of extortion but not charged and that "[w]hen Houston handed Davidson and a go-between the money, FBI agents stormed in with guns drawn, arresting the duo, states a lawsuit filed by Hogan under his real name, Terry Bollea, in May 2016."  Except as expressly admitted, Counter-Defendants deny the allegations in Paragraph 18.

19.    Counter-Defendants admit that Michael Avenatti has at least 525,000 Twitter followers.   Except as expressly admitted, Counter-Defendants deny the allegations in Paragraph 19.

20.    Counter-Defendants deny the allegations in Paragraph 20.

21.    Counter-Defendants deny the allegations in paragraph 21.

22.    Counter-Defendants deny the allegations in paragraph 22.

23.    Counter-Defendants deny the allegations in paragraph 23.

24     Counter-Defendants deny the allegations in paragraph 24.

## Prayer

Insofar as a response is required, Counter-Defendants deny that Davidson is entitled to any of the relief requested in his Prayer for Relief.

## AFFIRMATIVE DEFENSES

Counter-Defendants deny all allegations in the Counterclaim that have not been expressly admitted herein.  By alleging the defenses set forth below, Counter-Defendants do not concede that she has the burden of proof or persuasion with respect to any of these issues.

## FIRST DEFENSE

Davidson's Counterclaim, and each and every count or cause of action therein, fails to state a claim upon which relief may be granted against Counter-Defendants.

## SECOND DEFENSE

Davidson's claims are barred, in whole or in part, for lack of causation.

### THIRD DEFENSE

Davidson's claims are barred, in whole or in part, to the extent there are superseding and/or intervening causes for the damages, if any, incurred by Davidson.

### FOURTH DEFENSE

Davidson's claims are barred, in whole or in part, to the extent they violate the free speech guarantees of the First Amendment of the United States Constitution or any analogous and applicable provision of state law.

### FIFTH DEFENSE

Davidson's claims are barred, in whole or in part, because any conduct or actions undertaken by Counter-Defendants concerning the allegations in the Counterclaim were undertaken in good faith, were reasonable, and lacked malice.

### SIXTH DEFENSE

Davidson's claims are barred, in whole or in part, to the extent any injury he sustained was caused by his own wrongful conduct.

### SEVENTH DEFENSE

Davidson's claims are barred, in whole or in part, because the damages sought by Davidson are speculative, remote, and impossible to ascertain.

### EIGHTH DEFENSE

Davidson's request for attorneys' fees is barred, in whole or in part, to the extent it lacks any basis in law or contract.

### NINTH DEFENSE

To the extent damaged at all, Davidson has failed to mitigate his damages.

### TENTH DEFENSE

Davidson's claims are barred in whole or in part because they are premised on one or more acts and omissions by persons or entities other than Counter-Defendants.

### ELEVENTH DEFENSE

Davidson's claims are barred in whole or in part because any statements that form the basis of his claims are substantially true.

## TWELFTH DEFENSE

Davidson's claims are barred in whole or in part because any statements that form the basis for his claims are opinion.

## THIRTEENTH DEFENSE

Davidson's claims are barred in whole or in part because any statements that form the basis for his claims are related to a matter of public concern and thus protected by application of Cal. Civ. Proc. Code § 425.16.

## FOURTEENTH DEFENSE

Davidson's claims are barred in whole or in part because he is a public figure or limited purpose public figure.

## FIFTEENTH DEFENSE

Davidson's claims are barred in whole or in part because the Court does not have personal jurisdiction over Clifford for the counterclaims asserted against her.

## SIXTEENTH DEFENSE

Davidson's claims are barred in whole or in part because Davidson has not served Michael Avenatti, Avenatti & Associates, or Eagan Avenatti, LLP with a copy of the summons and counterclaim filed by Davidson in accordance with the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

Davidson's claims are barred in whole or in part because the allegedly defamatory statement constitutes hyperbole.

## EIGHTEENTH DEFENSE

Davidson's claims are barred in whole or in part because the allegedly defamatory statement is privileged under the common law right of fair comment, litigation privilege, and section 47 of the California Civil Code.

## NINETEENTH DEFENSE

Davidson's claims against Clifford are barred because Davidson fails to allege any wrongful act or omission attributed to Clifford that gives rise to liability.

**TWENTIETH DEFENSE**

Davidson's claims are barred in whole or in part because the Court does not have subject matter jurisdiction over this action, including Davidson's counterclaims.

**TWENTY-FIRST DEFENSE**

Davidson's claims are barred in whole or in part by the common law right to fair comment.

**TWENTY-SECOND DEFENSE**

Mitigating circumstances reduce or eliminate any damages Davidson has suffered. See Cal. Civ. Proc. Code § 461 (establishing a defendant's right to allege mitigating circumstances in answer).  Plaintiff alleges the following mitigating circumstances:

- Any allegedly defamatory statement was made in good faith reliance on the accuracy of news articles about Davidson, including the Daily Beast article Avenatti linked to at the end of the tweet.
- Davidson's reputation was already abysmal at the time the alleged defamation occurred.

**TWENTY-THIRD DEFENSE**

Davidson's claims are barred in whole or in part by the fair reporting privilege.

**TWENTY-FOURTH DEFENSE**

Davidson's claims pertain to a tweet posted by Avenatti and allege in a conclusory manner that Counter-Defendants and Davidson "conspired to" defame Davidson. Defendant has not sufficiently alleged the requisite elements of a conspiracy under California law.  Among other deficiencies, Davidson does not claim that Clifford was aware that Avenatti planned to defame Davidson and that Clifford agreed with Davidson and intended that Davidson be defamed.  Therefore Clifford cannot be liable under a conspiracy theory.

**TWENTY-FIFTH DEFENSE**

Davidson's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and acquiescence.

**ANSWER OF COUNTER-DEFENDANTS TO COUNTERCLAIM FILED BY KEITH DAVIDSON**

**TWENTY-SIXTH DEFENSE**

To the extent that Davidson's claims against Clifford are premised on using some theory other than conspiracy to hold Clifford liable for Avenatti's actions, no theory is alleged in the Davidson's Counterclaim.  Therefore Clifford cannot be liable.

**TWENTY-SEVENTH DEFENSE**

Davidson's claims are barred in whole or in part under the libel-proof plaintiff doctrine.

**TWENTY-EIGHTH DEFENSE**

Davidson's claims are barred in whole or in part because the allegedly defamatory statements were about matters of a public concern.

**TWENTY-NINTH DEFENSE**

This Court lacks subject matter jurisdiction over Davidson's permissive counterclaim because complete diversity is not present.

**THIRTIETH DEFENSE**

Counter-Defendants have insufficient information available upon which to form a belief as to whether it has available additional, as yet unstated, affirmative defenses. Counter-Defendants specifically reserve all affirmative or other defenses as may become available or appear upon further developments in this case.

WHEREFORE, in addition to or in lieu of the relief requested in Clifford's motion to remand, Counter-Defendants respectfully request entry of judgment granting the following relief:

(a)   dismissal of Davidson's counterclaims for lack of subject-matter jurisdiction;

(b)   dismissal of Davidson's counterclaims with prejudice for failure to state a claim upon which relief can be granted;

(c)   dismissal of Davidson's counterclaims against Clifford for lack of personal jurisdiction;

-8-
ANSWER OF COUNTER-DEFENDANTS TO COUNTERCLAIM FILED BY KEITH DAVIDSON

1      (d)    dismissal of Davidson's counterclaims against Michael Avenatti, Avenatti &

2 Associates, and Eagan Avenatti, LLP for insufficient process and/or insufficient service

3 of process;

4      (e)    dismissal of Davidson's counterclaims with prejudice;

5      (f)    awarding the costs of defending this action, including attorneys' fees, costs

6 and disbursements; and/or

7      (g)    granting such further relief as this Court may deem just and proper.

8

9 **JURY DEMAND**

10    Counter-Defendants demand a trial by jury on all issues so triable.

11

12 **DATED:  JULY 2, 2018**        **AVENATTI & ASSOCIATES, APC**

13

14                    /s/ Michael J. Avenatti
MICHAEL J. AVENATTI

15                    Attorneys for Counter-Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER OF COUNTER-DEFENDANTS TO COUNTERCLAIM FILED BY KEITH DAVIDSON**