1
2
3
4
5
6
7

BLAKELY LAW GROUP
BRENT H. BLAKELY (SBN 157292)
1334 Park View Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:   (310) 546-7400
Facsimile:    (310) 546-7401
Email:        BBlakely@BlakelyLawGroup.com
Attorneys for Defendant
MICHAEL COHEN

8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-05052-SJO (FFMx)<br><br>**DEFENDANT MICHAEL COHEN'S ANSWER TO PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT**<br><br>**Hon. S. James Otero**<br><br>Complaint Filed:  June 6, 2018 |

Defendant MICHAEL COHEN (hereinafter "COHEN") answers the Complaint of STEPHANIE CLIFFORD (hereinafter "CLIFFORD") as follows:

### FACTUAL DEFENSES

1.      COHEN admits the facts as alleged in paragraph 1 of the Complaint.

2.      COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 and on that basis, denies the allegations.

3.      COHEN admits the facts as alleged in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint is a technical pleading paragraph and contains no facts that enable COHEN to either admit or deny its contents.

5.     Paragraph 5 of the Complaint is a technical pleading paragraph and contains no facts that enable COHEN to either admit or deny its contents.

6.     Paragraph 6 of the Complaint is a technical pleading paragraph and contains no facts that enable COHEN to either admit or deny its contents.

7.     Paragraph 7 of the Complaint is a technical pleading paragraph and contains no facts that enable COHEN to either admit or deny its contents.  COHEN denies that there is personal jurisdiction over him in the State of California.

8.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 and on that basis, denies the allegations.

9.     COHEN admits that he is an attorney licensed in the State of New York and that in the past he has acted as Donald Trump's attorney in connection with certain issues.

10.    COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and on that basis, denies the allegations.

11.    COHEN admits the facts as alleged in paragraph 11 of the Complaint.

12.    COHEN admits that DAVIDSON was acting as CLIFFORD'S attorney in connection with the October 2016 agreement.

13.    COHEN objects to paragraph 13 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

14.    COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 and on that basis, denies the allegations.

DEFENDANT MICHAEL COHEN'S ANSWER TO
PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT

15.     COHEN admits that he acted for the benefit of his client, Mr. Trump, but lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 15 and on that basis, denies the allegations.

16.     COHEN objects to paragraph 16 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

17.     COHEN objects to paragraph 17 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; see *N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

18.     COHEN objects to paragraph 18 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see* N. River Ins. Co., Inc. v. Stefanou, 831 F.2d 484, 486-87 (4th Cir. 1987); KLA-Tencor Corp. v. Murphy, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

19.     COHEN denies the allegations of paragraph 19.

20.     COHEN objects to paragraph 20 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

21.     COHEN objects to paragraph 21 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

DEFENDANT MICHAEL COHEN'S ANSWER TO
PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT

1    issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

2    #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

3    *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

4        22.    COHEN objects to paragraph 22 in that answering same would

5    potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

6    issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

7    #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

8    *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

9        23.    COHEN objects to paragraph 23 in that answering same would

10   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

11   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

12   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

13   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

14       24.    COHEN objects to paragraph 24 in that answering same would

15   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

16   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

17   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

18   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

19       25.    COHEN objects to paragraph 25 in that answering same would

20   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

21   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

22   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

23   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

24       26.    COHEN objects to paragraph 26 in that answering same would

25   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

26   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

27   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

28

DEFENDANT MICHAEL COHEN'S ANSWER TO
PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT

1 | *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

2 | 27. COHEN objects to paragraph 27 in that answering same would

3 | potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

4 | issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

5 | #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

6 | *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

7 | 28. COHEN objects to paragraph 28 in that answering same would

8 | potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

9 | issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

10 | #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

11 | *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

12 | 29. COHEN objects to paragraph 29 in that answering same would

13 | potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

14 | issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

15 | #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

16 | *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

17 | 30. COHEN objects to paragraph 30 in that answering same would

18 | potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

19 | issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

20 | #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

21 | *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

22 | 31. COHEN objects to paragraph 31 in that answering same would

23 | potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

24 | issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

25 | #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

26 | *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

27 | 32. COHEN objects to paragraph 32 in that answering same would

28 |

1  potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

2  issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

3  #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

4  *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

5      33.    COHEN objects to paragraph 33 in that answering same would

6  potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

7  issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

8  #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

9  *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

10      34.    COHEN denies the allegations of paragraph 34.

11      35.    COHEN objects to the factual allegations contained in paragraph 35 in

12  that answering same would potentially implicate his Fifth Amendment Rights and

13  thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist.

14  Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-

15  87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal.

16  2010).

17      36.    COHEN lacks the requisite knowledge or information sufficient to form

18  a belief as to the truth or falsity of the allegations in paragraph 36 and on that basis,

19  denies the allegations.

20      37.    COHEN objects to paragraph 37 in that answering same would

21  potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

22  issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

23  #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

24  *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

25      38.    COHEN admits that an arbitration proceeding was filed.  COHEN

26  objects to paragraph 38 in that answering same would potentially implicate his Fifth

27  Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case

28

No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

39.    COHEN objects to paragraph 39 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

40.    COHEN objects to paragraph 40 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

41.    COHEN objects to paragraph 41 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

42.    COHEN objects to paragraph 42 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

43.    COHEN objects to paragraph 43 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

1    *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

2         44.    COHEN objects to paragraph 44 in that answering same would

3    potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

4    issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

5    #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

6    *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

7         45.    COHEN objects to paragraph 45 in that answering same would

8    potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

9    issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

10   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

11   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

12        46.    COHEN objects to paragraph 46 in that answering same would

13   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

14   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

15   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

16   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

17        47.    COHEN objects to paragraph 47 in that answering same would

18   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

19   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

20   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

21   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

22        48.    COHEN objects to paragraph 48 in that answering same would

23   potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

24   issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

25   #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

26   *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

27        49.    COHEN objects to paragraph 49 in that answering same would

28

DEFENDANT MICHAEL COHEN'S ANSWER TO
PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT

potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

50.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 and on that basis, denies the allegations.

51.     COHEN denies the allegations of paragraph 51.

52.     COHEN objects to paragraph 52 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

53.     COHEN objects to paragraph 53 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

54.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and on that basis, denies the allegations.

55.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and on that basis, denies the allegations.

56.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 and on that basis, denies the allegations.

57.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and on that basis, denies the allegations.

58.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 and on that basis, denies the allegations.

59.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 and on that basis, denies the allegations.

60.     COHEN denies CLIFFORD'S claim that she was in any way damaged by COHEN'S conduct.

61.     Paragraph 61 of the Complaint is a technical pleading paragraph and contains no facts that enable COHEN to either admit or deny its contents.

62.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 and on that basis, denies the allegations.

63.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 and on that basis, denies the allegations.

64.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 and on that basis, denies the allegations.

65.     COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 and on that basis, denies the allegations.

66.     COHEN admits that he acted for the benefit of his client, Mr. Trump, but lacks the requisite knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in paragraph 66 and on that basis, denies the allegations.

67.    COHEN objects to paragraph 67 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

68.    COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 and on that basis, denies the allegations.

69.    COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 and on that basis, denies the allegations.

70.    COHEN objects to paragraph 70 in that answering same would potentially implicate his Fifth Amendment Rights and thus violate the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987); *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

71.    COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 and on that basis, denies the allegations.

72.    COHEN denies that CLIFFORD was damaged.

73.    COHEN lacks the requisite knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 and on that basis, denies the allegations.

74.    Paragraph 74 of the Complaint is a technical pleading paragraph and contains no facts that enable COHEN to either admit or deny its contents.

1    75.    COHEN objects to paragraph 75 in that answering same would

2 potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

3 issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

4 #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

5 *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

6    76.    COHEN denies that he is in any way liable to CLIFFORD.

7    77.    COHEN objects to paragraph 77 in that answering same would

8 potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

9 issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

10 #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

11 *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

12    78.    COHEN denies that he is in any way liable to CLIFFORD.

13    79.    COHEN objects to paragraph 79 in that answering same would

14 potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

15 issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

16 #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

17 *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

18    80.    COHEN objects to paragraph 80 in that answering same would

19 potentially implicate his Fifth Amendment Rights and thus violate the Stay Order

20 issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt.

21 #53; *see N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987);

22 *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895 (N.D. Cal. 2010).

23    81.    COHEN denies that CLIFFORD has been damaged because of Cohen's

24 actions.

25    82.    COHEN denies that CLIFFORD is entitled to, or that COHEN is in any

26 way responsible for punitive damages.

27

28

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint, nor any cause of action therein, state facts sufficient to constitute a cause of action against COHEN.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein are vague and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes that Plaintiff CLIFFORD is not entitled to any relief by virtue of her own unclean hands in the acts and events averred.

### FOURTH AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes that Plaintiff CLIFFORD waived her rights against Defendant COHEN and is hence precluded from seeking any relief.

### FIFTH AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes that Plaintiff CLIFFORD is barred from seeking any relief based on her and her agents own conduct, actions, inactions and the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes that Plaintiff CLIFFORD is barred from seeking any relief as the time period to make a claim has expired.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes that Plaintiff CLIFFORD's damages, if any, were proximately caused by and contributed to by Plaintiff CLIFFORD's own negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes the damages claimed by Plaintiff CLIFFORD were proximately caused by third parties and not by any action, or

1  inaction, of Defendant COHEN.

2  **NINTH AFFIRMATIVE DEFENSE**

3  Defendant COHEN is informed and believes that Plaintiff CLIFFORD suffered

4  no damages as alleged and is therefore entitled to nothing by way of her suit.

5  **TENTH AFFIRMATIVE DEFENSE**

6  Defendant COHEN is informed and believes that Plaintiff CLIFFORD

7  knowingly assumed all risks about which she complains in the Complaint, and

8  therefore, is barred from seeking damages to the extent of its assumption.

9  **ELEVENTH AFFIRMATIVE DEFENSE**

10  Defendant COHEN is informed and believes that Plaintiff CLIFFORD's

11  injuries, losses and damages were caused by an act of God.

12  **TWELFTH AFFIRMATIVE DEFENSE**

13  Defendant COHEN is informed and believes the causes of action in the

14  Complaint are barred by Code of Civil Procedure §§ 337, 337.1, 337.15, 337, 338.1,

15  339, 340, 343.

16  **THIRTEENTH AFFIRMATIVE DEFENSE**

17  Defendant COHEN is informed and believes that Plaintiff CLIFFORD is barred

18  from any recovery by the Statute of Frauds.

19  **FOURTEENTH AFFIRMATIVE DEFENSE**

20  Defendant COHEN is informed and believes that Plaintiff CLIFFORD is barred

21  from any recovery by the doctrine of latches.

22  **FIFTEENTH AFFIRMATIVE DEFENSE**

23  Defendant COHEN is informed and believes that Plaintiff CLIFFORD is barred

24  from any recovery by the doctrine of waiver.

25  **SIXTEENTH AFFIRMATIVE DEFENSE**

26  This Court lacks personal jurisdiction over COHEN.

27

28

DEFENDANT MICHAEL COHEN'S ANSWER TO
PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

This case was filed in violation of the Stay Order issued in *Clifford v. Trump*, Case No. U.S.D.C. Cent. Dist. Cal., 18-cv-2217, Dkt. #53.

## EIGTHEENTH AFFIRMATIVE DEFENSE

Any communications between COHEN and DAVIDSON are privileged and protected California Civil Code §47 and similar authority.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant COHEN is informed and believes that Plaintiff CLIFFORD failed to mitigate her damages and is thus barred from seeking damages to the extent that she could have mitigated her damages.

COHEN has insufficient knowledge about the availability of other defenses and thus hereby reserve the right to assert additional defenses in this matter in the event that they are found to be appropriate at a future date.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), COHEN hereby demands a jury trial on all issues so triable.

WHEREFORE, Defendant COHEN prays that:

1. Plaintiff takes nothing by her Complaint;

2. For attorneys' fees and costs of the suit herein;

3. For such other relief that the Court deems just and proper.

Dated:    July 2, 2018                BLAKELY LAW GROUP

                                      By: _/s/ Brent H. Blakely_____
                                          BRENT H. BLAKELY
                                          *Attorneys for Defendant Michael Cohen*

DEFENDANT MICHAEL COHEN'S ANSWER TO
PLAINTIFF STEPHANIE CLIFFORD'S COMPLAINT