Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

Attorneys for Defendant
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-05052-SJO (FFMx)<br><br>**DEFENDANT MICHAEL COHEN'S NOTICE OF RULE 12(b)(2) MOTION TO DISMISS ALL CLAIMS AGAINST HIM DUE TO LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        **August 6, 2018**<br>Time:        **10:00 a.m.**<br>Location:  **Courtroom 10C**<br><br>**Hon. S. James Otero**<br><br>Complaint Filed:  June 6, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 6, 2016, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 10C of the United States District Court for the Central District of California located in the United States Courthouse at 350 W. 1st Street, Los Angeles, California 90012, Defendant Michael Cohen

1  ("Defendant" or "Cohen") will and hereby does move the Court for an order
2  dismissing Plaintiff Stephanie Clifford's ("Plaintiff") and Defendant Keith M.
3  Davidson's respective claims against him.
4      This Motion will be and is made pursuant to Federal Rule of Civil Procedure
5  12(b)(2) and will be and is made on the grounds that this Court lacks personal
6  jurisdiction over Cohen.
7      This Motion will be and is based upon this notice; the attached memorandum of
8  points and authorities; the declaration of Jessica C. Covington; the records, papers and
9  pleadings on file in this action; and such further oral and/or documentary evidence
10 and argument as may be presented prior to or at the hearing of the Motion.
11     This Motion is made following the meeting between Ahmed Ibrahim, counsel
12 for Plaintiff, and Brent H. Blakely and Jessica C. Covington, counsel for Cohen,
13 which took place on June 26, 2018 at the offices of Cohen's counsel. The parties
14 discussed Cohen's position that the exercise of personal jurisdiction by this Court was
15 improper due to Cohen's lack of contact with the state of California. Plaintiff
16 disagreed and would not dismiss the claims against Cohen based on this position.
17 (Declaration of Jessica C. Covington ("Covington Dec."), ¶ 3) Cohen continued this
18 meet and confer process when Ms. Covington sent a letter to Plaintiff, further
19 explaining Cohen's position regarding lack of personal jurisdiction, including an
20 analysis of purposeful direction. However, Cohen did not receive a response to this
21 communication. (Covington Dec., ¶ 4)
22     This Motion is made following the meeting between counsel for Cohen and
23 Davidson, which took place also took place on June 26, 2018. (Covington Dec., ¶ 5)

Dated:  July 3, 2018                    BLAKELY LAW GROUP

                              By:  */s/ Jessica C. Covington*
                                  Brent H. Blakely
                                  Jessica C. Covington
                                  **Attorneys for Defendant Michael Cohen**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Michael Cohen ("Cohen") is a resident of the State of New York, with no offices or continuous presence in the state of California whatsoever. Still, Plaintiff Stephanie Clifford's ("Plaintiff") has filed the present action against Cohen in this forum. Plaintiff's sole jurisdictional hook is linked to phone calls made and text messages sent by Cohen to Keith Davidson, a resident of California, when the latter was acting as counsel of Plaintiff. However, such isolated and insignificant communications fall far well short of the "minimum contacts" with the forum state required for Cohen to submit to jurisdiction here. The Complaint is devoid of allegations that Cohen was ever present in the state of California when these communications occurred, or that Cohen somehow directed these communications or any relevant action toward the State of California. This is because no such California-related actions on the part of Cohen exist.

Additionally, in filing the Crossclaim against Cohen, Davidson relies on the allegations of Plaintiff's Complaint to establish personal jurisdiction, simply stating that Cohen has submitted to the jurisdiction of this Court. However, Cohen has done no such thing. In fact, in his Answer to the Complaint, Cohen expressly objects to the Complaint based on lack of personal jurisdiction.

Where there are no minimum contacts between Cohen and the state of California that gave rise to the claims as alleged in the Complaint and Crossclaims, this Court's exercise of personal jurisdiction over Cohen would be improper as a matter of law.

## II. THIS COURT LACKS JURISDICTION OVER COHEN

To proceed with their claims against Cohen in California, Plaintiff and Davidson must first establish that this Court has *in personam* jurisdiction over Cohen. *Pennoyer v. Neff*, 95 U.S. 714, 720-722 (1877). Cohen, a resident of New York, has

not consented to jurisdiction in California.[1] Further, he does not have the requisite minimum contacts with the State of California. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff's jurisdictional allegations are taken as true only if they are uncontroverted by the defendant. *Id.* However, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Thus, courts must identify which statements in the complaint are factual allegations, which are legal conclusions, and disregard the latter. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In the Complaint to this action, Plaintiff has vaguely alleged that Cohen has "transacted and conducted substantial business in the State of California," that many of the alleged actions by Cohen "were directed to and/or occurred in the State of California," and "many of the events giving rise to the claims at issue in this lawsuit arose in California…" (*See* Complaint, ¶ 7) These are the very type of conclusory allegations which the Supreme Court has instructed courts to disregard. *Ashcroft*, 556 U.S. at 681.

Similarly, in his Crossclaim, Davidson alleges that Cohen has submitted

---

[1] In removing this case to federal court, Mr. Cohen in no way consented to personal jurisdiction. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal. . . .")

2
DEFENDANT MICHAEL COHEN'S RULE 12(b)(2) MOTION TO DISMISS ALL
CLAIMS AGINST HIM DUE TO LACK OF PERSONAL JURISDICTION

1  himself to this Court's jurisdiction (Docket No. 7, Crossclaim, ¶ 9). The latter
2  statement is false as in his Answer to Plaintiff's Complaint, Cohen expressly objects
3  to the Complaint based on lack of personal jurisdiction (Docket No. 19, Cohen's
4  Answer to Complaint ("Answer"), ¶ 7 and p. 14), and has not filed any other
5  document, paper, or pleading wherein he has acknowledged and/or submitted to this
6  Court's jurisdiction. (Declaration of Jessica C. Covington ("Covington Dec."), ¶ 6)
7  *See* Fed.R.Civ.P. 12(h).

8  Neither the Complaint nor the Crossclaim allege that Cohen was physically
9  present in the state of California when he performed the acts allegedly arising to the
10 claims therein. Nor do those pleadings allege any connection between Cohen and the
11 state of California. In fact, Davidson's Crossclaim makes it clear that the alleged
12 conversations between him and Cohen were never held face-to-face. (Crossclaim, ¶ 7)
13 This is because when the alleged communications occurred, Cohen was in the state of
14 New York where he resides.  Furthermore, such communications were made with
15 Davidson only in his capacity as Plaintiff's counsel, and there are no contacts on the
16 part of Cohan that would give rise to an action within the state of California.

17       **A.**    **<u>Neither Plaintiff Nor Davidson Can Establish General Jurisdiction</u>**
18             **<u>Over Cohen</u>**

19 Pursuant to due process, a defendant may be subject to either general or
20 specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S. A. v. Hall*,
21 466 U.S. 408 (1984). General jurisdiction allows a plaintiff to sue a defendant in the
22 forum regardless of the subject matter of the litigation. However, "only a limited set
23 of affiliations with a forum will render a defendant amenable to general jurisdiction in
24 that State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017)
25 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)) (internal quotations
26 omitted) Indeed, "[f]or an individual, the paradigm forum for the exercise of general
27 jurisdiction is the individual's domicile." *Id.*
28 The Complaint and Crossclaim are both devoid of allegations that Cohen is

subject to general jurisdiction in California, and they therefore implicitly acknowledge that general jurisdiction does not exist. Given that Cohen is a resident of the New York, he is not subject to the exercise of general jurisdiction by this Court.

### B. Neither Plaintiff Nor Davidson Can Establish Specific Jurisdiction Over Cohen

Personal jurisdiction over a nonresident defendant is only proper if a rule or statute confers jurisdiction over the defendant, and the exercise of personal jurisdiction over the defendant does not offend due process. *Doe v. Unocal Corp.*, 248 F.3d 915, 921-22 (9th Cir. 2001). Due process is only satisfied for this purpose if the defendant has "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The inquiry into the "minimum contacts" required to create specific jurisdiction focuses on the relationship among "the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). For a state to exercise jurisdiction consistent with due process, that relationship must arise "from actions by the defendant himself that create a substantial connection with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotations omitted). "The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *High Tech Pet Prods. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*, 2014 U.S. Dist. LEXIS 29772 at *17 (E.D. Cal. Mar. 6, 2014).

Because the California long-arm statute is coextensive with the due process clause of the Fourteenth Amendment, "the jurisdictional analysis under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 801. When analyzing specific personal jurisdiction, the Ninth Circuit utilizes a three-prong test. First, in a case such as this one, the defendant must either purposely direct his activities toward

California, or purposefully avail himself of the privilege of doing business in California, and by doing so invoke the benefits and protections of the forum state. *Id.* at 802. Second, the claim must arise out of or relate to the defendant's California activities. *Id.* Third, the court's exercise of personal jurisdiction over the defendant must be reasonable and comport with the notions of fair play and substantial justice. *Id.*

### i.   Cohen Did Not Purposefully Direct Any Relevant Activity Towards the State of California

With regard to the first element, the court applies the purposeful availment test when the underlying claims of the action arise from a contract. *Id.* The purposeful direction test is applied when the underlying claims are based in alleged tortious conduct. *Id.* Because Cohen is facing a claim of aiding and abetting and a cross-claim for violation of the California Invasion of Privacy Act, the application of the purposeful direction test is appropriate here.

Purposeful direction "requires that the defendant…have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 803 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). It is true that actions may be directed at the forum state, even when such action occurred elsewhere. *Id.* However, "random, fortuitous, or attenuated contact" do not amount to the requisite connection to the forum. *Burger King Corp.*, 471 U.S. at 476-78. Moreover, "[i]f any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

Here, there is no dispute that purposely placing phone calls and sending text messages to Davidson amounts to an "intentional act" for purposes of the purposeful direction analysis. However, these phone calls and text messages fall far short of an act that is expressly aimed at the state of California. There are no allegations that the

communications between Cohen and Davidson occurred while Cohen was in the state of California. Indeed, there is no evidence that Davidson was even in the State of California when any of the alleged communications took place. "It is well-settled in the Ninth Circuit and other circuits that phone calls, mailings, and facsimile do not provide for personal jurisdiction." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985). Further, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a ***substantial*** connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). The court looks to "the defendant's contacts ***with the forum State itself***, not the defendant's contacts with persons who reside there." *Id.* (emphasis added); *see also*, *Senne v. Kan. City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1027-28 (N.D. Cal. 2015). Moreover, the Supreme Court has consistently rejected the notion that the minimum contacts inquiry can be satisfied by a mere demonstration of contact between a plaintiff/third-party and a forum state. *Walden*, 571 U.S. at 286 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

The relationship between a defendant and the forum state "must arise out of contacts that the defendant himself creates with the forum state," and "the plaintiff cannot be the only link between the defendant and the forum." *Id.* (citing *Burger King Corp.*, 471 U.S. at 475, 478). Here, Cohen's contacts are grounded in Plaintiff's decision to hire an attorney based in California, not a connection to the state itself. Such contact with a party to the action or a third-party within a forum state do not amount to "express aiming" for purposes of purposeful direction. *Id.* Further, to the extent that Cohen did communicate with Davidson, it was only in the context of Davidson acting as Plaintiff's counsel (Crossclaim, ¶ 6), meaning the act of calling/texting would have been aimed at Plaintiff, and not her representative. Clifford

is a resident of Texas. (Complaint, ¶ 1) As such, to the extent that Cohen's communications, if they ever did amount to "express aiming" at any forum, they would be aimed toward the state of Texas.

Outside of these communications with Davidson, there are no allegations that Cohen committed any other acts that lead to the present lawsuit. Plaintiff and Davidson have failed to assert such an association between California, Cohen, and the actions that gave rise to the claim against him. As such, Plaintiff and Davidson have failed to show that Cohen's actions were expressly aimed at the forum state.

Regarding the final prong of the purposeful direction analysis, because Plaintiff is a resident of Texas, any purported act on the part of Cohen that ills her would cause foreseeable harm in the state of Texas and not California. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). Indeed, the Complaint is devoid of claims that Plaintiff suffered harm in California. *See generally*, Complaint. As such, Plaintiff fails to show that Cohen knew that his actions would likely cause harm in California. *See e.g.*, *Bristol-Myers Squibb*, 137 S. Ct. at 1781-82 ("The relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition, as in *Walden*, all the conduct giving rise to the nonresidents' claims occurred elsewhere. It follows that the California courts cannot claim specific jurisdiction.") (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Plaintiff therefore has not satisfied the purposeful direction test as required for this Court to claim personal jurisdiction over Cohen.

On the other hand, Davidson is a resident of California, so it follows that any foreseeable harm to him would occur in this forum. However, this point is moot because Davidson fails to meet the second prong of this analysis, and thereby fails to establish purposeful direction. *See Pebble Beach Co.*, 453 F.3d at 1155.

      **ii.**    **The Claims Against Cohen Do Not Arise Out of Forum-Related Activities Performed by Cohen**

Because Plaintiff and Davidson are unable to show that Cohen purposely

directed the relevant activities toward the state of California, it is not necessary to address whether the claims of this action arise out of or relate to such activities or whether the court's exercise of personal jurisdiction over the defendant would be reasonable. However, for the sake of completion, we will discuss the final two elements of the specific jurisdiction analysis.

For the same reasons that Cohen did not perform acts expressly aimed at the forum state, the claims against Cohen do not arise out of forum-related activities. Cohen's communications with Davidson do not amount to activity related to or aimed at the state of California, and therefore the claims against Cohen that are based on those communications do not arise out of activities related to this forum.

### iii. This Court's Exercise of Jurisdiction Over Cohen Would be Unreasonable

The exercise of jurisdiction is reasonable if it comports with traditional notions of fair play and substantial justice. In the Ninth Circuit, courts determine whether personal jurisdiction in reasonable by considering seven factors:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2014 U.S. Dist. LEXIS 146408, *21-22 (N.D. Cal. Oct. 14, 2014) (citing *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002)).

For the same reasons set forth above regarding Cohen's lack of contact in or related to the forum state, purposeful interjection into California on the part of Cohen is simply non-existent. The first factor therefore supports a holding that the exercise of personal jurisdiction over Cohen would be unreasonable. Though he lives in the

state of New York, the burden on Cohen to defend himself in California would admittedly be minimal, due to modern advances in technology, communications, and transportation, making the second factor neutral. *See, Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988).

When discussing conflict with the sovereignty of Cohen's state of residence, New York, "[t]his factor is given relatively little weight when all of the parties are in the United States…. Accordingly, this factor is neutral." *D. Brutke's Victory Hills, LLC v. Tutera*, 2013 U.S. Dist. LEXIS 101750, *36 (D. Or. July 22, 2013) (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) ("In determining how much weight to give this factor, we have focused on the presence or absence of connections to the United States in general, not just to the forum state.").

A forum state maintains a strong interest in providing reparations for its injured residents. *Panavision Int'l, Ltd. P'ship v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Here, neither Plaintiff nor Cohen are California residents, but Davidson does. As such, when considering Plaintiff's claims, this factor weighs in favor of Cohen's position that this Court's exercise of personal jurisdiction over him would be unreasonable. However, when facing Davidson's claims, this factor weighs in favor of the exercise of personal jurisdiction over Cohen.

The factor of efficient judicial resolution focuses on the locations of evidence and witnesses. As with considering the burden on defendant, this factor "is no longer weighed heavily given the modern advances in communication and transportation," and is therefore neutral. *D. Brutke's Victory Hills*, 2013 U.S. Dist. LEXIS 101750, *36-37 (citing *Panavision*, 141 F.3d 1323-24). Similarly, because in the Ninth Circuit does not view the plaintiff's convenience of relief as an issue of paramount importance, that factor is neutral as well. *Dole Foods*, 303 F.3d at 1116.

Finally, with respect to the existence of an alternative forum, the state of New

York would be the appropriate forum for Plaintiff's claims against Cohen. "Whether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080 (9th Cir. 2011). Indeed, given that Cohen has not had any substantial contacts with this forum that are related to the claim against him, and that he is a resident of New York, it would be unreasonable for this forum to exercise personal jurisdiction over Cohen. Further, because the state of New York can properly exercise general jurisdiction over Cohen, a suitable alternative forum does exist. This factor therefore supports a holding that the exercise of personal jurisdiction over Cohen would be unreasonable.

Regarding Plaintiff's claims, three of the factors considered when determining whether the exercise of personal jurisdiction over a defendant is reasonable weigh in favor of Cohen's position, while four factors are neutral. Regarding Davidson's claims, two factors weigh in favor of Cohen's position, one weighs in favor of the exercise of jurisdiction over him in this forum, and four factors are neutral. Accordingly, his Court should find that its exercise of personal jurisdiction over Cohen in this action would be unreasonable.

## III. **CONCLUSION**

For the foregoing reasons, Defendant Michael Cohen respectfully requests that this Court GRANT his Motion and dismiss all claims against him for lack of personal jurisdiction.

Dated: July 3, 2018                     BLAKELY LAW GROUP

                                        By:   */s/ Jessica C. Covington*
                                              Brent H. Blakely
                                              Jessica C. Covington
                                              **Attorneys for Defendant Michael Cohen**