|   |   |
|---|---|
| 1 | AVENATTI & ASSOCIATES, APC |
| 2 | Michael J. Avenatti, CA State Bar No. 206929 |
|   | Ahmed Ibrahim, CA State Bar No. 238739 |
| 3 | 520 Newport Center Drive, Suite 1400 |
| 4 | Newport Beach, CA 92660 |
|   | Telephone:  949.706.7000 |
| 5 | Facsimile:   949.706.7050 |
| 6 | Attorneys for Plaintiff Stephanie Clifford |
| 7 | a.k.a. Stormy Daniels a.k.a. Peggy Peterson |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | CASE NO.:  2:18-cv-05052-SJO-FFM |
|---|---|
| | Assigned for All Purposes to the Honorable S. James Otero |
| Plaintiff, | |
| vs. | **PLAINTIFF STEPHANIE CLIFFORD'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REMAND** |
| KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 THROUGH 10, inclusive | **Hearing Date:** July 23, 2018<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 10C |
| Defendants. | **California Superior Court Action Filed:** June 6, 2018 |
| KEITH M. DAVIDSON an individual, | |
| Cross-Claimant, | |
| vs. | |
| MICHAEL COHEN; AND ROES10 TO 20, INCLUSIVE | |
| Cross-Defendant. | |

## I.   INTRODUCTION

Defendant Cohen concedes district courts in the Central District would find removal improper under the facts of this case—namely, where the out-of-state defendant removes before the forum defendant has been served. This ends the analysis. But instead of simply accepting the reality that this case does not belong in federal court as a matter of law, he instead burdens this Court with a litany of far-fetched "kitchen-sink" arguments in the hope that one will resonate despite the law establishing the impropriety of removal. The Court should not be taken in by this naked attempt to distract the Court.[1] The Court must "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "[I]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "[J]urisdiction must be rejected if there is any doubt as to the right of removal[.]" Gaus, 980 F.2d at 566. Here, Mr. Cohen fails to meet his burden.

## II.   ARGUMENT

### A.   The Rule in the Central District Requires Remand.

As Plaintiff argued in her Motion, "[t]he strong consensus in the Central District" requires remand." Black v. Monster Beverage, No. EDCV1502203MWFDTB, 2016 WL 81474, at *3 (C.D. Cal. Jan. 7, 2016). This Court's decision in Austin v. AstraZeneca, No. CV1301544SJOJCGX, 2013 WL 12142637 (C.D. Cal. Apr. 22, 2013), should govern. There, this Court held that "permitting removal under § 1441(b) by a non-forum defendant before any defendant has been served is not in keeping with the purpose of the forum defendant rule *because it promotes gamesmanship by defendants*" and is not "consistent with Ninth Circuit precedent requiring district courts to strictly construe the removal statute against removal jurisdiction." Id. at *2 (emphasis added); see also Burr v.

---

[1] Indeed, many of these arguments should be rejected due to Mr. Cohen's failure to properly meet and confer. [See Declaration of Ahmed Ibrahim ("Ibrahim Decl.") ¶¶2-6, Exhs. 1-2.]

Medtronic Minimed, No. CV1104732SJORZX, 2011 WL 13220775, at *4 (C.D. Cal. Aug. 9, 2011) (Otero, J.). Mr. Cohen cannot change the law of the Central District (which stands on sound principles) and his attempt to establish a "circuit split" does not change the rule in this District and the prior decisions of this Court. The Court should follow that consensus and its prior decisions and reject the clear gamesmanship of Mr. Cohen.

### B. Defendant Keith Davidson Was Not Fraudulently Joined.

Plaintiff properly states the possibility of a claim against Mr. Davidson and he is not a sham party. Leaving aside monetary damages, Plaintiff seeks return of her personal property, namely her client file. This is a request for relief that could only be asserted against Mr. Davidson.

Mr. Cohen is mistaken that this Court can or should look to federal pleading standards under Twombly and Iqbal to determine fraudulent joinder. Indeed, numerous courts have specifically rejected this argument.[2] For example, in Hunter v. Philip Morris, rather than apply federal pleading standards to the issue of fraudulent joinder, the Ninth Circuit construed the "pleadings liberally, as *required by Alaska's notice pleading rules*," and held there was no fraudulent joinder. 582 F.3d at 1046 (emphasis added). The Ninth Circuit explained "[i]f there is a *possibility* that a *state court* would find that the complaint states a cause of action against any of the resident defendants, the federal court must find the joinder was proper and remand the case to the state court." Id. (emphasis added).

Mr. Cohen's argument thus applies an incorrect standard of law and cannot sustain his burden to establish jurisdiction. Hunter, 582 F.3d at 1042. Mr. Cohen further argues that the allegations are conclusory and should be disregarded. [Dkt. No. 18 at 12:20-13:13.] While this is not the correct standard, even if it were, there is no basis to disregard the allegations as conclusory. Quite the opposite, the allegations are supported by the

---

[2] See, e.g., Shears v. Citimortgage, No. 2:14-CV-02689-TLN, 2015 WL 4393915, at *2 (E.D. Cal. July 15, 2015); J.P. ex rel. Plummer v. McKesson, No. 2:13-CV-02207-TLN, 2014 WL 3890326, at *2 (E.D. Cal. Aug. 7, 2014); IDS Prop. Cas. Ins. Co. v. Gambrell, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012); Wong v. Michaels Stores, Inc., No. 1:11-CV-00162 AWI, 2012 WL 718646, at *5 (E.D. Cal. Mar. 5, 2012); Nasrawi v. Buck Consultants, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011); Davis v. Prentiss Properties Ltd, 66 F.Supp.2d 1112, 1113 (C.D. Cal. 1999).

**PLAINTIFF STEPHANIE CLIFFORD'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REMAND**

detailed text message exchange set forth in the Complaint. [Dkt. No. 1-1 at ¶¶18-35.] Here, the Complaint clearly alleges the possibility of relief against Mr. Davidson for breaching the duties he owed to his client. See <u>Stanley v. Richmond</u>, 35 Cal.App.4th 1070, 1097 (1995) (inference that plaintiff's interests "were prejudiced by [the attorney's] conduct in violation of her fiduciary duties" was sufficient to raise a question of fact).

Mr. Cohen's argument that Plaintiff fails to properly allege that she has been damaged is in reality a dispute over the *amount*, not existence, of damages. Indeed, even if it were proper to disregard the $100,000 allegation, "California law permits asserting a breach of fiduciary duty claim even when the damages are nominal." <u>Sorensen v. New Koosharem</u>, No. CV1501088RGKPJWX, 2016 WL 4925917, at *7 (C.D. Cal. Mar. 2, 2016); <u>see</u> also Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages.") Accordingly, there is no basis to conclude Plaintiff has suffered no damage.

Moreover, Plaintiff asserts damages beyond the claim for monetary damages in excess of $100,000. Plaintiff seeks recovery of her client file from Mr. Davidson, which is her property by law and which she could only recover from Mr. Davidson. [Dkt. No. 1-1 at ¶¶54-58, 70; Cal. R. Prof. Conduct 3-700.] Plaintiff seeks attorneys' fees as damages [<u>id.</u> at 9-10] which are recoverable as damages by virtue of Mr. Davidson's breach forcing Plaintiff into litigation with Mr. Cohen. See <u>Lee v. W. Coast Life Ins.</u>, 688 F.3d 1004, 1008 (9th Cir. 2012) ("Under California law, it is a well-established principle that attorney['s] fees incurred through instituting or defending an action as a direct result of the tort of another are recoverable damages."). Plaintiff also seeks punitive damages. [Dkt. No. 1-1 at ¶73.]

In fact, if Mr. Cohen's argument regarding damages were credited, it would not establish that removal was *proper*, but that removal was <u>*improper*</u> for failure to meet the amount in controversy. 28 U.S.C. § 1332(a). Indeed, Mr. Cohen relied on the allegation that Plaintiff has been damaged in his Notice of Removal stating that it is "facially apparent from the Complaint that Plaintiff seeks well more than $75,000 . . ." [Dkt. No. 1

at 4:2-3.] Mr. Cohen cannot have it both ways. This case should thus be remanded.

### C. The Court Should Resolve Subject Matter Jurisdiction First.

Plaintiff objects to Mr. Cohen's attempt to raise the question of personal jurisdiction in his Opposition Brief. Plaintiff is prejudiced by the apparent attempt to limit Plaintiff's ability to address this issue to the narrow confines of a Reply Brief. Further, subject matter jurisdiction can and should be resolved prior to personal jurisdiction.

"[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008) (Ikuta, J. *dissenting*). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). District courts frequently decide issues of subject matter jurisdiction prior to reaching other pending motions. See, e.g., Perry v. Luu, No. 1:13-CV-00729-AWI, 2013 WL 3354446, at *3 (E.D. Cal. July 3, 2013); Goodwin v. Kojian, No. SACV 13-325-JST JPRX, 2013 WL 1528966, at *2 (C.D. Cal. Apr. 12, 2013); Conroy v. Fresh Del Monte Produce, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004).

Although the Supreme Court has stated that personal jurisdiction may be resolved prior to subject matter jurisdiction, this was in the context of a "straightforward personal jurisdiction issue" and "a difficult and novel" subject matter jurisdiction question. Ruhrgas AG v. Marathon Oil, 526 U.S. 574, 588 (1999). The Court emphasized "*in most instances*" resolution of subject matter jurisdiction should precede personal jurisdiction. Id. (emphasis added); see also Cerner Middle E. Ltd. v. Belbadi Enterprises, No. 3:16-CV-1630-PK, 2016 WL 11188707, at *7 (D. Or. Nov. 14, 2016).

Here, efficiency and judicial economy dictate that subject matter jurisdiction should be decided first. This Court should remand without addressing personal jurisdiction.

### D. Supplemental Jurisdiction Applies Only to Claims Within One Action.

Mr. Cohen's attempt to invoke supplemental jurisdiction simply does not make sense. "Supplemental jurisdiction must be exercised in the same action that furnishes the

basis for exercise of supplemental jurisdiction. . . . [S]upplemental jurisdiction [can only] be exercised in the same case, not a separate or subsequent case." Ortolf v. Silver Bar Mines, 111 F.3d 85, 86–87 (9th Cir. 1997). Here, Mr. Cohen cannot use another case as the basis for supplemental jurisdiction. See, e.g., Bridewell-Sledge v. Blue Cross of California, No. CV 14-04744 MMM CWX, 2015 WL 179779, at *10 (C.D. Cal. Jan. 14, 2015); Allstate Prop. & Cas. Ins. Co. v. Staats, 2:16-CV-0016-TOR, 2016 WL 830035, at *2 (E.D. Wash. Mar. 3, 2016); Beneficial Fin. I Inc. v. Grace, No. CIV. 11-00624 SOM, 2011 WL 6180132, at *2 (D. Haw. Dec. 13, 2011); Monroe v. Gagan, No. 2:08CV0018PHXRCB, 2008 WL 4418155, at *6 (D. Ariz. Sept. 29, 2008).

### E. The Court Must Rule on Remand Before Considering A Stay.

Mr. Cohen has not filed a motion to stay and his assertion that this action, or any other, is an attempt to avoid the stay in Clifford v. Trump is entirely without a factual basis.³ Regardless, the Court must "satisfy itself of its jurisdiction over the subject matter before it considers" other matters. Ruhrgas, 526 U.S. at 583. Therefore, the Court must rule on the motion to remand before it may consider a stay. See Solar v. Buchanan Ingersoll & Rooney, P.C., No. 17CV1846-JAH (AGS), 2017 WL 6270478, at *3–4 (S.D. Cal. Dec. 8, 2017). Consequently, Mr. Cohen's arguments for a stay are insufficient to avoid remand because the Court must first have jurisdiction, which is absent here.

### III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court GRANT her Motion to Remand.

---

³ Mr. Cohen's Opposition should not be interpreted as a motion to stay as doing so would deprive Plaintiff of the ability to use the full page limit for opposing such a motion. [See Ibrahim Decl. ¶6.] Nevertheless, a stay would be improper because the first to file rule considers the "chronology of the lawsuits, similarity of the parties, and similarity of the issues" and is intended to promote efficiency. Kohn Law Grp., v. Auto Parts Mfg. Mississippi, 787 F.3d 1237, 1240 (9th Cir. 2015). Here, there is no efficiency to be gained by imposing a stay. Resolution of Clifford v. Trump would do not resolve this action, which involves additional parties, claims, and facts. Mr. Davidson could not be joined in the Clifford v. Trump action as it would destroy the Court's jurisdiction (as his presence does here) and his absence in that action does not in any way impede its resolution. See Fed. R. Civ. P. 19(a)-(b). Further, Clifford v. Trump addresses the existence and validity of an agreement. This action does not arise out of the same transaction or occurrence. It involves conduct that post-dates that agreement and is not contingent on its enforceability.

**PLAINTIFF STEPHANIE CLIFFORD'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO REMAND**

DATED: July 9, 2018           AVENATTI & ASSOCIATES, APC


   /s/ Michael J. Avenatti
MICHAEL J. AVENATTI
Attorneys for Plaintiff