# Exhibit 1

---

**From:** Brent Blakely [bblakely@blakelylawgroup.com]
**Sent:** Thursday, June 14, 2018 4:51 PM
**To:** Michael J. Avenatti
**Cc:** Ahmed Ibrahim; keith@kmdlaw.com
**Subject:** RE: Clifford v. Davidson, et al. (Case No. 2:18-cv-05052)

Regarding the motion to remand:

28 U.S.C. § 1441(b)(2) states as follows:
"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS §
1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the
State in which such action is brought." (Emphasis added.)

The face of the statute is time and action sensitive. The trigger to precluding removal is the joinder and service of the complaint on the forum defendant. These
words are plain, not mere surplusage and should be afforded due weight. In *Caminetti v. United States*, 242 U.S. 470, 485 (1917), the U.S. Supreme
Court held that where a statute "is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to
enforce it according to its terms." The Court must examine the meaning of the statute in the language it is framed. Id. at 485.

As more candidly held by the U.S. Supreme Court in *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 461-62 (2002), "[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." (citations omitted). As Justice Thomas further pointed out in Barnhart, "when the words of a
statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" Id. at 462 (citing *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-
254 (1992) and quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981).

The foregoing Supreme Court authority has been followed by the Northern District and Eastern District of California in the interpretation of Section 1441.  May v. Haas, 2012 U.S. Dist. LEXIS 148972 (E.D. Cal. Oct. 15, 2012); Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C., 881 F.Supp.2d 1123 (N.D.Cal. 2012) and Waldon v. Novartis Pharms. Corp., 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 14, 2007); Allen v. Eli Lilly & Co., 2010 U.S. Dist. LEXIS 92089 (S.D. Cal. Sept. 2, 2010); Haseko Homes, Inc. v. Underwriters Ins. Co., 2010 U.S. Dist. LEXIS 5061 (S.D. Cal. Jan. 22, 2010); Perez v. McNamee, 2006 U.S. Dist. LEXIS 89820 (N.D.

Cal. Nov. 30, 2006); Republic Western Ins. Co. v. International Ins. Co. 765 F.Supp. 628 (N.D.Cal. 1991); see also Watanabe v. Lankford, 684 F.Supp.2d 1210, 1218 (D.Haw. 2009); Mahana v. Enerplus Res. U.S.A. Corp., 2012 U.S. Dist. LEXIS 75050 (D. Mont. May 30, 2012); Evans v. Rare Coin Wholesalers, Inc., 2010 U.S. Dist. LEXIS 13973; Ott v. Consolidated Freightways Corp. of Del., 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002).

This case also raises an issue not addressed in the Central District Cases; when a litigant files a new lawsuit involving subject matter covered in a pre-existing litigation. *Clifford v. Trump*, which is subject to a Stay Order, involves an interpretation of the meaning of the Confidential Settlement Agreement. This new case involves communications between the parties regarding the performance, and possible breach, of the Confidential Settlement Agreement, is also directly related to the Agreements meaning. Acts of the parties, subsequent to the execution of the contract and before any controversy has arisen as to its effect, may be looked to in determining the meaning. *Crestview Cemetary Assn. v. Dieden* (1960) 54 Cal 2d. 744, 754. We have not fully researched this issue but I believe that you were compelled to file this case as part of the pre-existing action.

Restraining Order.

We are also going to file an *ex parte* application in *Clifford v. Trump* seeking to restrain you from, either directly or indirectly, doing the following:

from making statements to the press and/or public regarding the following:
    (a) The character, credibility, or reputation of a party and/or their respective counsel;
    (b) The identity of a witness or the expected testimony of a party or a witness;
    (c) The contents of any testimony, admission, or statement given by a defendant or that person's refusal or failure to make a statement;
    (d) The identity or nature of physical evidence expected to be presented or the absence of such physical evidence;
    (e) The strengths or weaknesses of the case of either party; and
    (f) Any other information the lawyer knows or reasonably should know is likely to be inadmissible as evidence and would create a substantial risk of prejudice if disclosed.

See e.g., *Levine v. United States*., 764 F.2d 590 (9th Cir. 1985).

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com

# Exhibit 2



1334 PARKVIEW AVENUE, SUITE 280 MANHATTAN BEACH, CALIFORNIA 90266
WWW.BLAKELYLAWGROUP.COM T 310-546-7400  F 310-546-7401

E-mail bblakely@blakelylawgroup.com

June 20, 2018

**VIA EMAIL & U.S. MAIL**
Mr. Michael J. Avenatti
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Email: mavenatti@eoalaw.com

   Re: **Clifford v. Davidson.**
     **Case No. 18-cv-05052-SJO-FFMx**

Dear Mr. Avenatti:

  I am writing to request an in-person meet and confer conference pursuant to Local Rule 7-3 regarding the Complaint you recently filed.  Furthermore, I again raise my objection to the telephonic meet and confer last week regarding Plaintiff's proposed motion for remand.  As the Court instructed yesterday when it denied Plaintiff's Motion for Reconsideration in *Clifford v. Trump*:

> Absent a compelling showing of good cause, the Court will not
> permit the parties to displace other litigants or violate the Court's rules. While the Court is cognizant of the amount of media attention in this case, this alone is insufficient to create the exigency required for extraordinary relief. If anything, the heightened scrutiny on this action requires that the Court ensure that the rules are scrupulously followed and that justice is administered properly and with due regard to the rights of all parties involved.

  As you well know from my prior objections, Local Rule 7-3 and Judge Otero Standing Order require an in-person meet and confer unless there is some emergency that prevents such a meeting.  Last week when I called to discuss this case, only your associate, Mr. Ibrahim, was on the phone from your side.  While Mr. Ibrahim appears to have been in your Newport office, you were in New York City engaging in numerous television appearances.  Far from there being any emergency preventing an in-person meet and confer, you chose to meet with the press instead of complying with the Local Rules.  I once again request that you and I have an in-person meeting so that we can

June 20, 2018
Page 2

thoroughly discuss Plaintiff's proposed motion for remand as well as the following Motions Mr. Cohen is contemplating:

1) **Motion to Dismiss for Lack of Personal Jurisdiction**

In order to proceed with Clifford's case against Mr. Cohen in California, you must first establish in personam jurisdiction over Mr. Cohen. *Pennoyer v. Neff*, 95 U.S. 714, 720-722 (1877). Mr. Cohen, a resident of New York, has not consented to jurisdiction in California. Furthermore, he does not have the requisite minimum contacts with the State of California. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). In a previous email you refused to answer me when I inquired as to why you believed California had personal jurisdiction over Mr. Cohen. I once again request that you set forth, in detail, the basis for the purported jurisdiction over Mr. Cohen in this matter.

2) **Motion to Consolidate**

Judge Otero has already indicated that this case is related to *Clifford v. Trump*, in that they "arise from the same or closely related transactions, happening or events" and call for determination of the same or substantially related or similar questions of law and fact." (Dkt. #11)  When separate actions before the court involve common questions of law and fact, the court may consolidate those actions. FRCP 42(a). As the Court has already observed, there are sufficient grounds to consolidate this case with *Clifford v. Trump*.

3) **Motion to Stay**

The basis for the stay is already set forth in the Court's Stay Order in *Clifford v. Trump* (Dkt. #53), which you attempted to circumvent when you filed this present action.

4) **Anti-Slapp motion**

Defendant Michael Cohen is considering filing an anti-SLAPP motion pursuant to California Code of Civil Procedure §425.16 in connection to Clifford's claim against Cohen. Under the statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

June 20, 2018
Page 3

Here, Cohen's alleged communications with Mr. Davidson arose in connection with pre-litigation communications.  *See e.g.*, *Digarati Holdins LLC v. Young Money Entertainment LLC* (2011) 194 Cal. App. 4th 873, 887; *Seltzer v. Barnes* (2010) 182 Cal. App. 4th 953, 963

Naturally, all of my client's claims are expressly reserved and none are waived.

Sincerely,

BRENT H. BLAKELY