Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

Attorneys for Defendant
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEITH M. DAVIDSON, an Individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-05052-SJO (FFMx)<br><br>**DEFENDANT MICHAEL COHEN'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS ALL CLAIMS AGAINST HIM DUE TO LACK OF PERSONAL JURISDICTION**<br><br>Date:     **August 6, 2018**<br>Time:     **10:00 a.m.**<br>Location: **Courtroom 10C**<br><br>**Hon. S. James Otero**<br><br>Complaint Filed:  June 6, 2018 |

MOTION TO STRIKE OR, ALTERNATIVELY, DISMISS FIRST AMENDED COMPLAINT

## I. COHEN'S MOTION TO DISMISS IS PROCEDURALLY PROPER

At the outset, Plaintiff Stephanie Clifford's ("Plaintiff") claim that Defendant Michael Cohen's ("Cohen" or "Defendant") Motion to Dismiss is untimely is absurd. It is well-established that if a Defendant files an answer to a complaint in which he asserts the affirmative defense of lack of personal jurisdiction, then his objection to lack of personal jurisdiction has not been waived and a subsequently filed Rule 12(b)(2) Motion to Dismiss is procedurally proper. *See Brennan v. State of Haw*., 2017 U.S. Dist. LEXIS 116875, at *7-8 (D. Haw. July 26, 2017) (where Defendant's amended answer raised the Rule 12(b) defense of lack of personal jurisdiction, Court held Defendant "has not submitted to jurisdiction by filing his responsive pleadings or his Motion to Dismiss."); *Koller v. W. Bay Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 96162, at *10-11 (N.D. Cal. July 11, 2012) (defendant's motion to dismiss for lack of personal jurisdiction is proper after setting up this issue in his answer so as to prevent waiver of same). Where, as here, a defendant has raised the affirmative defense of lack of personal jurisdiction in his Answer to the Complaint, courts in this circuit have *ordered* that a Rule 12(b)(2) motion to dismiss be subsequently filed. *See Ear v. Empire Collection Authorities, Inc.*, 2012 U.S. Dist. LEXIS 110906 (N.D. Cal. Aug. 7, 2012) (ordering defendant to file motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) after raising the defense in its answer).

It must be further stated for the sake of completely addressing Plaintiff's unsupported position regarding the timing of the present motion that Cohen's removal of this action to federal court also has no bearing on his objection to lack of personal jurisdiction. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

## II. COHEN'S ACTIONS WERE NOT PURPOSEFULLY DIRECTED TOWARD CALIFORNIA AND THE EXERCISE OF JURISDICTION OVER HIM IN CALIFORNIA WOULD BE UNREASONABLE

The crux of Plaintiff's jurisdictional argument rests on the whereabouts of Keith Davidson during the relevant time frame. Plaintiff herself describes Davidson

-1-
COHEN'S REPLY ISO RULE 12(b)(2) MOTION TO DISMISS ALL CLAIMS AGAINST HIM

as "*Plaintiff's attorney acting as such in California*." (Docket 32, Plaintiff's Opposition to Rule 12(b)(6) Motion to Dismiss ("Opposition"), 12). Plaintiff then immediately describes Cohen's interactions with *Davidson* as an individual residing in California, rather than connecting those actions or the purported harm resulting therefrom to forum state itself, stating, "*Mr. Cohen's conduct was **aimed at Mr. Davidson**…,*" "*[T]he aiding and abetting claim against Mr. Cohen occurred in California, where **Mr. Davidson** is located.*" (Opposition, 13) Plaintiff fails to show that there is any link between Cohen and the state of California outside of herself. Or, as Plaintiff is a resident of the state of Texas, she fails to establish a link outside of that between Cohen and phone calls and text messages exchanged with a resident of California—who may not have even been in the forum when these communications took place.[1] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the ***forum State***." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). Plaintiff's argument should fail on this deficiency alone.

      Further, Plaintiff is speaking out of both sides of her mouth about whether Davidson was even acting as her agent throughout the activities at issue. She incessantly and unconvincingly argues that because Davidson was her attorney, any action directed at him amounts to an action directed to her. However, she also states, "*Mr. Davidson abdicated his role as an advocate and a fiduciary of his client, Ms. Clifford.*" (Opposition, 4) Plaintiff should not and cannot have it both ways. Either Davidson was acting in his capacity as her representative, or by participating in the allegedly wrongful communications, he was acting in his own interest and outside of the scope of his agency of Clifford, and any action directed toward him is not thereby

---

[1] It should be noted that although Plaintiff repeatedly alleges that the communications from Cohen to Davidson were directed "*to Mr. Davidson in California*" (Opposition, 4), Plaintiff has failed to present any evidence that Davidson was physically in the state of California when the relevant communications took place.

directed at or connected to Plaintiff at all. Either way, Plaintiff fails to establish a connection between Cohen and California beyond mere knowledge that Davidson resides here. *Walden*, 571 U.S. at 284. *Cf.*, *Philippe Charriol Int'l, Ltd. v. A'Lor Int'l, Ltd.*, 2014 U.S. Dist. LEXIS 199137, at *20 (S.D. Cal. May 30, 2014) ("Thus, unlike in *Walden*, [the plaintiff has] contacts with California beyond mere knowledge that [defendant] has connections here.")

In short, it is well established that a plaintiff "cannot be the only link between the defendant and the forum." *Walden* 571 U.S. at 285; *see also*, *Overholt v. Airista Flow Inc.*, 2018 U.S. Dist. LEXIS 4705, at *37-38 (S.D. Cal. Jan. 10, 2018) ("The only link between [the defendant] and California, as alleged, is that Plaintiff resides in California and Plaintiff suffered harm in California. Such a connection is insufficient to satisfy the 'express aiming' requirement.").

Indeed, the link Plaintiff tries to establish in this matter is even weaker than if she were a resident or domicile of this state.[2] Surely, if a connection between a plaintiff and the forum state cannot establish personal jurisdiction, a defendant's

---

[2] Plaintiff relies on a series of case law from various courts of appeals to show that Cohen's communications with Davidson amount to express aiming at the state of California for the purposes of personal jurisdiction. However, in each case, the relevant communications were made about or directly to a plaintiff who was a resident of the forum state. *See, Brainerd v. Governors of Univ. of Alberta,* 873 F.2d 1257 (9th Cir. 1989) (Forum state was Arizona. Communications were about Plaintiff, who resided and worked in Arizona.); *Dole Food Co. v. Watts,* 303 F.3d 1104 (9th Cir. 2002) (Forum state was California. Dole's principal place of business was in California, decisionmakers for Dole were located in California, communications were directly with those California decisionmakers.); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 209 (5th Cir. 1999) (Forum state was Texas. Attorney provide legal services to plaintiff, a corporation based in Texas.); *Schneider v. Hardesty,* 669 F.3d 693, 695 (6th Cir. 2012) (Forum state was Ohio. Defendant communicated directly with plaintiff, who was a resident of Ohio.); *Felland v. Clifton,* 682 F.3d 665 (7th Cir. 2012) (Defendant communicated directly with plaintiffs who were residents of Wisconsin).

(footnote continued)

conversations with plaintiff's attorney certainly do not amount to contacts sufficient to establish personal jurisdiction over Cohen in California.[3] This is particularly true where a plaintiff further states that her attorney "abdicated his role" as such during the commission of the relevant communications.

The Supreme Court of the United States has addressed this same analysis. When reviewing a jurisdictional ruling where the Ninth Circuit Court of Appeals "[shifted] the analytical focus from petitioner's contacts with the forum to his contacts with respondents," the Supreme Court held, "[t]his approach to the 'minimum contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis" and ultimately reversed the judgment of the Court of Appeals. *Walden*, 571 U.S. at 289. The same rings true for Plaintiff's analysis here, where she has failed to establish a connection between Cohen and the forum state itself. Plaintiff has not shown that Cohen directed his conduct at California in a meaningful way, and therefore Cohen's Motion should be granted. *See Overholt*, 2018 U.S. Dist. LEXIS 4705, *37-38 (citing *Walden*, 571 U.S. 288-89)

## II. PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED

The Ninth Circuit has held that granting a party's request to conduct

---

[3] Plaintiff also briefly mentions that Davidson's role as a Cross-Claimant against Cohen further supports her position that the exercise of personal jurisdiction in this forum is proper. However, Cohen's Motion to Dismiss is aimed at Plaintiff's as well as Davidson's claim against him. Pursuant to Local Rule 7-9, Davidson's opposition to the Motion to Dismiss his claim against Cohen was due on or before July 16, 2018. To date, Davidson has yet to file an opposition or any other document related to the present Motion. Davidson's failure to timely oppose the Motion constitutes his consent to granting of same such that he would no longer have any pending claims against Cohen. Local Rule 7-12; *Castelo v. La Casa De La Raza, Inc.*, 2017 U.S. Dist. LEXIS 159269, at *9 (C.D. Cal. Sep. 26, 2017) (The court deemed Castelo's failure to timely oppose defendant's motion for sanctions as consent to it.); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (failure to respond to argument on merits viewed as grounds for concession of the argument).

jurisdictional discovery is appropriate where "[f]urther discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d 1122, 1135 (9th Cir. 2003). However, where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008), courts may deny such a request.

Here, the parties are entangled in a high-profile case with a high-profile defendant. Plaintiff's counsel, on more than one occasion, has proven that he is able to gain access to otherwise confidential or sealed information and is not afraid to use it for his client's gain in court—whether or not such use is ethical or legal. If there were any additional information that would better connect Cohen to the state of California, either the public, press, or surely Plaintiff's counsel would already have their hands on same. There is simply no reason to believe that jurisdictional discovery would reveal any relevant information that is currently unknown to Plaintiff or this Court, and therefore the request for jurisdictional discovery should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant Michael Cohen respectfully requests that this Court grant his Motion to Dismiss in its entirety.

Dated: July 3, 2018                    BLAKELY LAW GROUP

                                       By: */s/ Jessica C. Covington*
                                           Brent H. Blakely
                                           Jessica C. Covington
                                           **Attorneys for Defendant Michael Cohen**