1  BLAKELY LAW GROUP
   BRENT H. BLAKELY (CA Bar No. 157292)
2  1334 Parkview Avenue, Suite 280
3  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
4  Facsimile: (310) 546-7401
5  Email:       BBlakely@BlakelyLawGroup.com

6
   Attorneys for Defendant
7  MICHAEL COHEN

8
9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11 | STEPHANIE CLIFFORD a.k.a.          | Case No. 2:18-CV-05052-SJO (FFMx)
12 | STORMY DANIELS a.k.a. PEGGY
   | PETERSON, an individual,           | **DEFENDANT MICHAEL COHEN'S**
13 |                                    | **REPLY BRIEF RE SPECIAL**
   |                                    | **MOTION TO STRIKE (CAL. CODE**
14 |              Plaintiff,            | **CIV. PROC. § 425.16) OR,**
   |                                    | **ALTERNATIVELY, TO DISMISS**
15 |          v.                        | **(FRCP 12(b)(6)) PLAINTIFF'S**
   |                                    | **AIDING AND ABETTING CLAIM**
16 |                                    | **AGAINST COHEN**
17 | KEITH M. DAVIDSON, an Individual,
   | MICHAEL COHEN, an individual, and
18 | DOES 1 through 10, inclusive,      | **Date:        August 6, 2018**
   |                                    | **Time:        10:00 a.m.**
19 |              Defendants.           | **Location:    Courtroom 10C**
20
21
22 |                                    | **Hon. S. James Otero**
23
   |                                    | Action Filed:  June 6, 2018
24
25
26
27
28

## I.      CLIFFORD'S CLAIM IS BARRED AS A MATTER OF LAW AND SHE IS NOT ENTITLED TO DISCOVERY

Contrary to Clifford's argument, this Court need look no further than the pleadings to determine that Clifford's claims against Cohen are barred as a matter of law.  Discovery is unnecessary, inappropriate, and should remain stayed when, as here, an anti-SLAPP motion challenges only the legal sufficiency of the pleading, without reference to the sufficiency of the evidence.[1]  Cohen's anti-SLAPP motion challenges only the legal sufficiency of the complaint without reference to the sufficiency of the evidence.  The allegations contained therein demonstrate that the communications between Mr. Davidson and Mr. Cohan are privileged as a matter of law under California Civil Code §47:

> -In October 2016 Clifford entered into the Confidential Settlement Agreement with Essential Consultants, with Keith Davidson representing Ms. Clifford, and Michael Cohen representing Essential Consultants (Complaint ¶11);
>
> -A dispute arose in connection with an article published by *In Touch* magazine regarding Ms. Clifford and Donald Trump, and that Mr. Cohen believed this story to be detrimental to the interests of his client, Mr. Trump (Complaint ¶¶16&17, Exh. A);
>
> - Mr. Davidson, representing Ms. Clifford, and Mr. Cohen, representing Mr. Trump, then had a series of pre-litigation communications wherein they attempted to resolve this potential breach of the Confidential Settlement Agreement (Complaint ¶¶19-49);
>
> -Clifford's lawsuit against Cohen targets these pre-litigation communications (Complaint ¶¶66-67, 77).

---

[1] See, e.g., *Braden v. BH Fin. Servs.*, 2013 U.S. Dist. LEXIS 156578 (N.D. Cal. 2013); *Aeroplate Corp. v. Arch Ins. Co.*, No. CV F 06-1099, 2006 WL 3257487, at *9 (E.D. Cal. Nov. 9, 2006); *Moser v. Triarc Cos., Inc.*, 2007 WL 3026425, at *3 (S.D. Cal. 2007); *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999); *Price v. Stossel*, 590 F. Supp. 2d 1262, 1271 (C.D. Cal. 2008); *Wynn v. Chanos*, 685 Fed. Appx. 578 (9th Cir. 2017)

1    Accordingly, discovery is completely unnecessary in connection with the purely

2    legal issues at hand and this Court should grant Cohen's anti-SLAPP motion as a

3    matter of law.

4          Even if this Court were to utilize the FRCP 56 summary judgment standard,

5    Clifford's vague assertions for the need for discovery are insufficient to warrant this

6    Court holding Cohen's motion in abeyance.  To prevail on a 56(d) motion for

7    discovery, the moving party must show: (1) it has set forth in affidavit form the

8    specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and

9    (3) the sought-after facts are essential to oppose summary judgment." *Family Home*

10   *& Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir.

11   2008); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.

12   2006)

13         Avenatti's Declaration contains nothing more than bare assertions that

14   Clifford needs "the full extent of the communications between Mr. Cohen and Mr.

15   Davidson", their respective depositions, and that this discovery will enable Clifford

16   to prove her claim.  (Dkt. #33-2) Avenatti fails to explain with any precision why he

17   believes further communications exist, what those communications are, and even if

18   such communications did exist, how they would in any way impact this Court's

19   ruling on Cohen's anti-SLAPP motion.  See *Cable Elec. Prods. v. Genmark, Inc.* 586

20   Fed. Supp. 1505, 1511 (N.D. Cal. May 25, 1984)(Court properly denies request for

21   additional discovery where discovery requested is either immaterial to issues raised

22   by movant or not justified in light of undisputed evidentiary facts already before

23   court.); *United States v. Harris* 223 F Supp 309 (S.D. Fla. 1963)(Discovery is

24   properly denied where matter before court is one of law and there is no issue of fact

25   on which discovery might produce evidence justifying opposition).  Indeed, even if

26   additional communications existed, they would all be protected under C.C. §47.

27   Clifford's request for discovery is merely an unwarranted fishing expedition and

28   should be rejected.  *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th

2

DEFENDANT MICHAEL COHEN'S REPLY RE MOTION TO STRIKE

1   Cir. 1986)("the mere hope that further evidence may develop prior to trial is an

2   insufficient basis for a continuance under Fed. R. Civ. P. 56[(d)].")

3   **II.      CALIFORNIA LAW APPLIES**

4          Clifford, who urges this Court to retain personal jurisdiction over Cohen in

5   California (Dkt. #32), does an about-face opposing Cohen's anti-SLAPP motion,

6   arguing that New York, instead of California substantive law, should apply in the

7   context of Cohen's anti-SLAPP motion.  "The California Supreme Court has made it

8   clear that when California has an interest in enforcing its law within its borders and a

9   foreign state (in this case New York) has no interest in having its law applied, then

10  the law of California should be applied." *Downing v. Abercrombie & Fitch*, 265

11  F.3d 994, 1006 (9th Cir. 2001).

12         As the Ninth Circuit has observed, "California has articulated the important,

13  substantive state interests furthered by the Anti-SLAPP statute." *United States ex rel.*

14  *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).  "In

15  the text of the statute itself, California has expressed a strong interest in enforcing its

16  anti-SLAPP law to 'encourage continued participation in matters of public

17  significance' and to protect against 'a disturbing increase in lawsuits brought

18  primarily to chill the valid exercise' of constitutionally protected speech. See Cal.

19  Civ. Proc. Code § 425.16(a). To this end, courts are instructed to construe

20  California's statute 'broadly.'" *Sarver v. Chartier*, 813 F.3d 891, 899 (9th Cir. 2016).

21         Clifford initiated this lawsuit against Cohen in the Superior Court for the State

22  of California.  (Dkt. #1) Through enacting the Anti-SLAPP statute … California has

23  indicated a stronger interest than [New York] in adjudication of certain defamation

24  and other claims, when they are brought against defendants who engage in

25  Constitutionally-protected activity. The California legislature has identified this as an

26  interest it seeks to advance, while the [New York] legislature has not. This suggests

27  application of California law to these claims, specifically as to the issue of whether

28  the claims may be struck if they are held to violate California's Anti-SLAPP statute."

DEFENDANT MICHAEL COHEN'S REPLY RE MOTION TO STRIKE

1  *Dawe v. Corrections USA*, 2009 U.S. Dist. LEXIS 45205 *25 (E.D. Cal. 2009).

2  Indeed, in *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 144-48 (2d Cir.

3  2013) the Second Circuit found California's anti-SLAPP law would apply to other

4  states' substantive causes of action. See *United Tactical Sys., LLC v. Real Action

5  Paintball, Inc.*, 143 F. Supp. 3d 982, 1000 (N.D. Cal. 2015).[2]

6  **III.   CLIFFORD'S COMPLAINT TARGETS COHEN'S LITIGATION**

7  **RELATED ACTIVITIES**

8      It is well established that communications made preparatory to, or in

9  anticipation of litigation, are protected speech for purposes of section 425.16.  *Briggs*

10  *v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115; *Neville v.*

11  *Chudacoff* (2008) 160 Cal. App. 4th 1255, 1266.  A claim arises from protected

12  activity when that activity underlies or forms the basis for the claim. *City of Cotati v.*

13  *Cashman* (2002) 29 Cal.4th 69, 78.  Clifford's claim is targeted directly at

14  communications between Cohen and Davidson in connection with the Settlement

15  Agreement, compliance with the terms contained therein, and how to best avoid

16  litigation.  It is the speech itself, the very communications between Cohen and

17  Davidson, which is the wrong complained of. (see Complaint ¶14 "Mr. Davidson's

18  communications with Mr. Cohen were inconsistent with his obligations to Ms.

19  Clifford."; Clifford Decl. ¶¶5&7)   Absent those protected communications, Clifford

20  would have no claim for aiding and abetting against Cohen.  *Fox Searchlight*

21  *Pictures, Inc. v. Paladino* (2001) 89 CA.4th 294, 308 ("[A claimant] cannot frustrate

22  the purposes of the SLAPP statute through a pleading tactic of combining allegations

23  of protected and unprotected activity under the label of 'one cause of action.'")

24      Clifford makes no real attempt to satisfy its burden to demonstrate a

25  ───────────────

26      [2]The only state other than California that could conceivably have an interest in

27  have its laws applied would be Texas, where the Plaintiff is domiciled.  *Calder v. Jones*, 465 U.S. 783 (1984).  Like California, Texas has a robust anti-SLAPP statute,

28  the Texas Citizens Participation Act.  Tex. Civ. Prac. & Rem. Code § 27 et. al.

DEFENDANT MICHAEL COHEN'S REPLY RE MOTION TO STRIKE

probability of prevailing on the merits. *Nevellier* at 89, 93. There is no discussion regarding either lack of personal jurisdiction or the communications being privileged under California Civil Code §47(b). She also fails come forward with any evidence demonstrating damages.

## IV. CLIFFORD SHOULD NOT BE GIVEN LEAVE TO AMEND

As the Court in *Flores v. Emerich & Fike*, 2006 U.S. Dist. LEXIS 102697, *25 (E.D. Cal. 2006) held, "[t]o allow amendment after an anti-SLAPP motion to strike has been granted eviscerates the purpose of the anti-SLAPP statute. Such an outcome would be inconsistent with *Lockheed* and the strong policy underlying the anti-SLAPP law. The federal rules liberally permitting amendment are rules of general, not specific, application. The anti-SLAPP law applies to state law claims which are governed by the substantive law of California."

## V. COHEN'S FRCP 12(b)(6) MOTION DISMISS SHOULD BE TREATED AS AN FRCP 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

This Court likely need not address Cohen's alternative Motion to Dismiss since his anti-SLAPP motion should be dispositive of Clifford's aiding and abetting claim. However, even if this Court determines that Cohen's anti-SLAPP motion is somehow inapplicable, under Ninth Circuit law this Court may consider Cohen's F.R.C.P. 12(b)(6) Motion to Dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (We believe the best approach is to treat the motion to dismiss as a motion for judgment on the pleadings); *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 479-80 (C.D. Cal. 1993).

Dated: July 23, 2018                    BLAKELY LAW GROUP


                                        By:    /s/ Brent H. Blakely
                                        _____
                                        BRENT H. BLAKELY
                                        *Attorneys for Defendant*
                                        *MICHAEL COHEN*

DEFENDANT MICHAEL COHEN'S REPLY RE MOTION TO STRIKE