BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:    BBlakely@BlakelyLawGroup.com

Attorneys for Defendant
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual, <br><br>Plaintiff, <br><br>v. <br><br>KEITH M. DAVIDSON, an Individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive, <br><br>Defendants. | Case No. 2:18-cv-05052-SJO (FFMx) <br><br>**DEFENDANT MICHAEL COHEN'S REPLY IN SUPPORT OF A STAY OF THIS ACTION** <br><br>Assigned for All Purposes to the Hon. S. James Otero <br><br>Action Filed: June 6, 2018 |
|---|---|

1

DEFENDANT'S REPLY IN SUPPORT OF A STAY

## I. INTRODUCTION

Plaintiff Stephanie Clifford's ("Plaintiff") opposition attempts to manufacture legal issues that do not exist to distract from the fact that she will suffer no prejudice if the requested 90-day stay is granted.[1] For the same reasons this Court set forth in its Stay Order in *Clifford v. Trump et. al.* Case No. 18-02217 on April 27, 2018 (the "Stay Order"), this present litigation should also be subject to a stay. *First*, Plaintiff's attempt to contest the evidence submitted by Michael Cohen ("Mr. Cohen") is without merit. Plaintiff has submitted admissible evidence of the FBI raid, and the statements of the U.S. Attorney and Plaintiff confirm the overlap with this action. This Court's first Stay Order and its denial of Plaintiff's motion for reconsideration confirm that the cases stem from the same point of origin – the Confidential Settlement Agreement. *Second,* the communications at issue involve the interpretation of the Confidential Settlement Agreement, further indicating the consanguinity between cases. *Third,* the argument that Defendant's Fifth Amendment concerns are not implemented is beyond inaccurate and unsupported.

## II. COHEN HAS HAS ESTABLISHED THE CLEAR OVERLAP BETWEEN THE CRIMINAL INVESTIGATION AND THIS CASE

As this Court determined in *Clifford v. Trump* (RJN, ECF #53), Cohen met his evidentiary burden of establishing the overlap between the facts in the FBI investigation and the facts at issue in this action. Specifically, the U.S. Attorney in proceedings related to the investigation (*Cohen v. United States*, Southern District of New York Case No. 18-mj-03161 ("SDNY Action") explicitly stated that Mr. Cohen is under criminal investigation for offenses that "sound in fraud," and specifically

---

[1] The authority cited by Plaintiff for talking less dramatic measures than a full stay is inapposite. In *O. Thronas, Inc. v. Blake*, 2010 WL 931924 (D. Haw. Mar. 10, 2010), a request for an indeterminate stay was denied because the court found plaintiff would suffer "severe prejudice." Here, Plaintiff will suffer no prejudice and Defendants are only requesting a 90 day stay.

referenced communications relating to the payment Mr. Cohen made to Plaintiff. Request for Judicial Notice, ECF 40-1, Ex. 1 pp. 1, 3-4, 14, fn. 5.

Additionally, in recent months Plaintiff's attorney has appeared at multiple hearings in the Cohen SDNY Action on behalf of Plaintiff, alternately as counsel for "Interested Party Stephanie Clifford a/k/a 'Stormy Daniels'" (April 13, 2018, April 16, 2018 and May 30, 2018, see RJN, ECF No. 51, Exs. 1-2, ECF No. 57-3, Ex. B) and as counsel for "Intervenor Stephanie Clifford" (April 26, 2018, see Cohen SDNY Action ECF, Minute Entry for 04/26/18). As Clifford confirmed in the Joint Report Re Status of Criminal Proceedings Regarding Defendant Michael Cohen, "Plaintiff provided documents to the Government pursuant to a grand jury subpoena; and Plaintiff was scheduled to have a meeting with the Government in preparation for her grand jury testimony, before it was cancelled by the SDNY-USAO after the press learned of it. [2] (RJN, ECF #67)

As with *Clifford v. Trump*, and as demonstrated by Clifford's involvement in the Cohen SDNY action, there is significant overlap between this case, which again involves the Confidential Settlement Agreement and subsequent performance thereof, and the ongoing criminal investigation involving Cohen.

### III. THE COMMUNICATIONS AT ISSUE IN THIS SUIT CONCERN THE CONFIDENTIAL SETTLEMENT AGREEMENT

The Ninth Circuit has instructed that, "settlement agreements have the attributes of contracts, and they should be construed as such." *Miller v. Fairchild Industries, Inc.*, 797 F.2d 734 (9th Cir. 1986). *Clifford v. Trump* involves a disagreement over the interpretation/validity of the Confidential Settlement Agreement. A party's conduct occurring between execution of the contract and a dispute about the meaning of the contract's terms may reveal what the parties

---

[2] Cohen's request that the subpoena and any communications be produced has been rejected by Clifford. (RJN, ECF #67)

3
DEFENDANT'S REPLY IN SUPPORT OF A STAY

understood and intended those terms to mean. For this reason, evidence of such conduct is admissible to resolve ambiguities in the contract's language. *City of Hope National Medical Center v. Genentech, Inc*. (2008) 43 Cal.4th 375, 393.

      The communications between Mr. Davidson and Mr. Cohen that form the basis of Clifford's aiding and abetting claim are related to and/or otherwise concern the Confidential Settlement Agreement, its meaning, and the subsequent performance thereof. These communications, as well as Ms. Clifford's compliance with the Confidential Settlement Agreement for over a year, are strong evidence that the contract was valid and enforceable, or, even if Mr. Trump needed to be a signatory, that there was a waiver and/or ratification of any alleged defect on the part of Clifford. As such, these communications are part of the conduct that the Court may consider when it eventually determines the enforceability of the Confidential Settlement Agreement and the arbitration provision contained therein.

Dated: July 23, 2018                BLAKELY LAW GROUP

By:    */s/ Brent H. Blakely*
       Brent H. Blakely
       ***Attorneys for Defendant Michael Cohen***