1  BLAKELY LAW GROUP
2  BRENT H. BLAKELY (CA Bar No. 157292)
   1334 Parkview Avenue, Suite 280
3  Manhattan Beach, California 90266
4  Telephone: (310) 546-7400
   Facsimile: (310) 546-7401
5  Email:      BBlakely@BlakelyLawGroup.com

6
   Attorneys for Defendant
7  MICHAEL COHEN

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 STEPHANIE CLIFFORD a.k.a.          Case No. 2:18-CV-05052-SJO (FFMx)
12 STORMY DANIELS a.k.a. PEGGY
   PETERSON, an individual,           **DEFENDANT MICHAEL COHEN'S**
13                                     **MEMORANDUM OF POINTS AND**
                                       **AUTHORITIES IN SUPPORT OF**
14         Plaintiff,                  **SPECIAL MOTION TO STRIKE**
                                       **(CAL. CODE CIV. PROC. § 425.16)**
15    v.                              **OR, ALTERNATIVELY, TO**
                                       **DISMISS (FRCP 12(b)(6))**
16                                     **PLAINTIFF'S AIDING AND**
   KEITH M. DAVIDSON, an Individual,   **ABETTING CLAIM AGAINST**
17 MICHAEL COHEN, an individual, and   **COHEN**
   DOES 1 through 10, inclusive,
18                                     **Date:       August 27, 2018**
19         Defendants.               **Time:       10:00 a.m.**
                                       **Location:   Courtroom 10C**
20

21

22
                                       Hon. S. James Otero
23

24
                                       Action Filed:  June 6, 2018
25

26

27

28

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.    INTRODUCTION ....................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND....................................2

    A.    Summary of Relevant Allegations ...........................................2

    B.    Summary of Proceedings ..........................................................3

III.  ARGUMENT .........................................................................................3

    A.    Anti-SLAPP Motion Standard and Procedure – C.C.P. § 425.16 ..........3

    B.    Plaintiff's Claim Against Cohen Arises Out of a Protected Activity .....5

    C.    Clifford Cannot Prevail on Her Aiding and Abetting Claim Against Cohen ........................................................................7

        1.    Cohen's Communications with Davidson are Privileged.............8

        2.    Plaintiff Cannot Establish Personal Jurisdiction Over Cohen....10

        3.    There is No Probability of Clifford Prevailing on Her Aiding and Abetting Claim...........................................15

    D.    Alternatively, The Court Should Dismiss The Aiding and Abetting Breach of Fiduciary Duty Claim.......................................16

IV.  CONCLUSION ...................................................................................17

# TABLE OF AUTHORITIES

Cases

*1100 Park Lane Associates v. Feldman*
    (2008) 160 Cal. App. 4th 1467.................................................................8

*1-800 Contacts, Inc. v. Steinberg*
    (2003) 107 Cal. App. 4th 568.................................................................7

*Action Apartment Assn., Inc. v. City of Santa Monica*
    (2007) 41 Cal. 4th 1232.........................................................................8

*American Products Co., Inc. v. Law Offices of Gellar, Stewart & Foley, LLP* (2005)
    134 Cal. App. 4th 1132 ..........................................................................9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .............................................................................16

*Barry v. State Bar of California* (2017)
    2 Cal. 5th 318 .......................................................................................10

*Batzel v. Smith,*
    333 F.3d 1018 (9th Cir. 2003).................................................................3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .............................................................................16

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*
    (2005) 131 Cal. App. 4th 802.................................................................6

*Bergman v. Drum* (2005)
    129 Cal. App. 4th 11 .............................................................................8

*Blanchard v. DirecTV, Inc.*
    (2004) 123 Cal. App. 4th 903.................................................................9

*Briggs v. Eden Council for Hope and Opportunity* (1999)
    19 Cal. 4th 1106 ....................................................................................3

*Cabral v. Martins* (2009)
    177 Cal. App. 4th 471 ...........................................................................6

*Calder v. Jones*,
    465 U.S. 783 (1984) ................................................................................13

*Choate v. County of Orange*
    (2000) 86 Cal. App. 4th 312 .................................................................15

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
    2014 U.S. Dist. LEXIS 146408 (N.D. Cal. Oct. 14, 2014) ...........................14

*Clark v. Hidden Valley Lake Ass'n*,
    2017 WL 4922375 (N.D. Cal. Oct. 31, 2017) .........................................4

*College Hospital, Inc. v. Superior Court*
    (1994) 8 Cal. 4th 704 .............................................................................7

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ..............................................................15

*Contreras v. Dowling*
    (2016) 5 Cal. App. 5th 394 ..........................................................7, 8, 9, 15

*D. Brutke's Victory Hills v. Tutera*,
    2013 U.S. Dist. LEXIS 101750 (D. Or. July 22, 2013) ...........................14

*David v. GMAC Mortg., LLC*,
    2011 U.S. Dist. LEXIS 140915 (N.D. Cal. Dec. 7, 2011) .........................8

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ................................................................11

*Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) ..............................................................15

*Equilon Enters., LLC v. Consumer Cause*
    (2002) 29 Cal. 4th 53 .............................................................................4

*Financial Corp. v. Wilburn* (1987)
    189 Cal. App. 3d 764 ...........................................................................10

*Finton Construction v. Bidna & Keys*
    (2015) 238 Cal. App. 4th 200 ...............................................................15

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

*Flatley v. Mauro*
    (2006) 39 Cal. 4th 299 ..................................................................... 8

*Flores v. Emerich & Fike*,
    416 F. Supp. 2d 885 (E.D. Cal. 2006) .......................................... 6

*Gerbosi v. Gaims, Weil, West & Epstein, LLP*
    (2011) 193 Cal. App. 4th 435 ....................................................... 5

*Gotterba v. Travolta*
    (2014) 228 Cal. App. 4th 35 ......................................................... 5

*Hagberg v. California Fed. Bank FSB*
    (2004) 32 Cal. 4th 350 ................................................................... 9

*Hall v. Time Warner, Inc.*
    (2007) 153 Cal. App. 4th 1337 ..................................................... 7

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
    466 U.S. 408 (1984) ..................................................................... 10

*High Tech Pet Prods. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*,
    2014 U.S. Dist. LEXIS 29772 (E.D. Cal. Mar. 6, 2014) ............... 11

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ..................................................................... 11

*Kashian v. Harriman*
    (2002) 98 Cal. App. 4th 892 ......................................................... 9

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ..................................................................... 11

*La Jolla Grp. II v. Bruce*
    (2012) 211 Cal. App. 4th 461 ....................................................... 9

*Lunada Biomedical v. Nunez*
    (2014) 230 Cal. App. 4th 459 ....................................................... 8

*Malin v. Singer*
    (2013) 217 Cal. App. 4th 1283 ..................................................... 9

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

*Manzari v. Associated Newspapers Ltd.*,
　　830 F.3d 881 (9th Cir. 2016) .............................................................4

*Metabolife Int'l, Inc. v. Wornick*,
　　264 F.3d 832 (9th Cir. 2001) .............................................................4

*Mirabito v. Liccardo*
　　(1992) 4 Cal. App. 4th 41 ...............................................................16

*Navellier v. Sletten* (2003)
　　106 Cal. App. 4th 763 ..................................................................4, 5

*Neville v. Chudacoff* (2008)
　　160 Cal. App. 4th 1255 ...................................................................9

*Noble v. Sears, Roebuck & Co.*
　　(1973) 33 Cal. App. 3d 654 ............................................................16

*Panavision Int'l, Ltd. P'ship v. Toeppen*,
　　141 F.3d 1316 (9th Cir. 1998) ........................................................14

*Pebble Beach Co. v. Caddy*,
　　453 F.3d 1151 (9th Cir. 2006) ........................................................12

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*
　　(2005) 133 Cal. App. 4th 658 .......................................................7, 8

*Peterson v. Kennedy*,
　　771 F.2d 1244 (9th Cir. 1985) ........................................................12

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*
　　(2006) Cal. App. 4th 464 ...........................................................4, 5, 7

*Roberts v. Los Angeles County Bar Assn.* (2003)
　　105 Cal. App. 4th 604 .....................................................................5

*Rohde v. Wolf*
　　(2007) 154 Cal. App. 4th 28 .............................................................5

*Salma v. Capon*
　　(2008) 161 Cal. App. 4th 1275 .........................................................5

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

*Silberg v. Anderson*
    (1990) 50 Cal. 3d 205 ................................................................................8

*State of California ex rel. Metz v. CCC Information Services, Inc.*
    (2007) 149 Cal. App. 4th 402 ..................................................................6

*Trilogy at Glen Ivy Maintenance Assn. v. Shea Homes, Inc.*
    (2015) 235 Cal. App. 4th 361 ..................................................................6

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................12, 13

*Wallace v. McCubbin*
    (2011) 196 Cal. App. 4th 1169 ................................................................7

<u>Statutes</u>
28 U.S.C. § 1446(a) ......................................................................................8

Cal. Civ. Code § 47(b) .................................................................................8

Cal. Code Civ. Proc. § 425.16(e)(4) ...........................................................8

Fed. R. Civ. P. 12(b)(6) .............................................................................21

Cal. R. Prof. 1-100 ....................................................................................21

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff Stephanie Clifford's ("Clifford" or "Plaintiff") Second Claim for Aiding and Abetting Breach of Fiduciary Duty against Defendant Michael Cohen is completely without merit and yet another attempt by Clifford to circumvent this Court's Stay Order in the *Clifford v. Trump* litigation.  Because Clifford's claim is based entirely on Cohen's pre-litigation communications, the law requires that it be stricken pursuant to California's anti-SLAPP ("Strategic Litigation Against Public Participation") statute, Code of Civil Procedure § 425.16.

Clifford entered into a Confidential Settlement Agreement in October 2016. (RJN, ECF #1) In connection therewith, Cohen represented the interests of his client Donald Trump, whereas Defendant Keith M. Davidson represented the interests of Clifford.  Clifford's claim against Cohen is directed at communications he allegedly had with Davidson after an article appeared in *In Touch* magazine.  Specifically, there was a confidentiality provision contained in the Settlement Agreement which Cohen believed Clifford may have breached.  Counsel, wishing to avoid a lawsuit, discussed how to potentially cure and/or mitigate this perceived breach.  (ECF #5; Davidson Answer, ¶ 15)

Despite having already been subjected to an anti-SLAPP motion filed in connection with an equally frivolous defamation claim in *Clifford v. Trump* (RJN, ECF #31), Clifford clearly has not learned her lesson and has "stepped in it" yet again.  Not only is there nothing nefarious about discussions amongst counsel attempting to resolve disputes between their respective clients, it is well established that such communications are absolutely privileged under California Civil Code § 47(b).

Once again faced with an anti-SLAPP motion, Clifford bears the burden of demonstrating a probability that she will prevail on her aiding and abetting claim – something she will be unable to do.  In addition to the targeted communications

1   being privileged, Clifford will be unable to demonstrate personal jurisdiction over
2   Cohen in the State of California.  Furthermore, there is no factual support for the
3   claim Clifford has alleged, which is wholly based on fantasy and conjecture.

4        Whether to circumvent this Court's Stay Order, stay relevant in the press,
5   and/or draw attention away from the many improprieties currently harrying her
6   controversial counsel, Clifford has filed yet another shoddy lawsuit to harass Cohen.
7   It is this very kind of abusive conduct which California's legislature attempted to
8   reign in when it enacted the anti-SLAPP statute. Accordingly, not only should
9   Clifford's claim against Cohen be stricken, Cohen should be awarded his attorneys
10  fees and costs.

11       Alternatively, if the Court finds that California's anti-SLAPP statute does not
12  apply, it should dismiss Plaintiff's Adding and Abetting Breach of Fiduciary Duty
13  claim because Plaintiff has not pled, and will never be able to plead, a valid claim.

14  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

15       **A.     Summary of Relevant Allegations**

16       The parties entered into a Confidential Settlement Agreement in October of
17  2016.  (Complaint at ¶ 11; RJN, ECF #1) Plaintiff alleges that Defendant Davidson
18  acted as her attorney throughout the time described in the Complaint (ECF #1;
19  Complaint, ¶ 8), and that Cohen acted as an attorney for Donald Trump.  (*Id.* at ¶ 11)

20       Clifford further alleges that a little over a year after the execution of the
21  Confidential Settlement Agreement, an article appeared in *In Touch* magazine
22  regarding Clifford and President Trump. (*Id.* at ¶16) Clifford's entire claim for aiding
23  and abetting is based on subsequent communications between Davidson and Cohen
24  pertaining to the potential breach of the Confidential Settlement Agreement,
25  Clifford's obligations under said Agreement, and how to potentially cure and/or
26  mitigate a breach thereof. (*Id.* at ¶¶ 17-54)

27       Clifford alleges that Davidson breached his fiduciary duties of loyalty and
28  maintenance of client confidences by engaging "in numerous communications and

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

concerted action with Mr. Cohen, the purpose of which was not to benefit Ms. Clifford, but to benefit Mr. Cohen and [Donald] Trump." (*Id.* at ¶ 66) She further claims that she "has been damaged by Mr. Davidson's various breaches in an amount to be proven at trial, but which exceeds $100,000." (*Id.* at ¶ 72) As to Cohen, Clifford alleges that Mr. Cohen aided and abetted Mr. Davidson's breach of his fiduciary duties to Ms. Clifford (*Id.* at ¶¶ 74-82), and that she "has been damaged by Mr. Cohen's misconduct in an amount to be proven at trial, but which exceeds $100,000." (*Id.* at ¶ 81)

**B.    Summary of Proceedings**

On June 6, 2018, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled Stephanie Clifford (aka Stormy Daniels) v. Keith M. Davidson, an individual, Michael Cohen, an individual, and Does 1 through 10, inclusive, as Case Number SC129384 (the "Action").

On June 7, 2018, a Notice of Removal, was filed by Defendant Michael Cohen, removing the Action to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. § 1446(b)(2)(B).  (ECF #1)

**III.    ARGUMENT**

**A.    Anti-SLAPP Motion Standard and Procedure – C.C.P. § 425.16**

California's anti-SLAPP law provides substantive immunity from suit for claims that interfere with the exercise of speech rights.  Cal. Code Civ. Proc. § 425.16(e)(4). The California Supreme Court has held that the statute should be interpreted broadly, stating that "whenever possible, [courts] should interpret the First Amendment and section 425.16 in a manner favorable to the exercise of freedom of speech, not its curtailment." *Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal. 4th 1106, 1119.

"The anti-SLAPP statute was enacted to allow for early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).  Its "burden-shifting

3

1  mechanism" weeds out lawsuits "brought to deter common citizens from exercising

2  their political or legal rights or to punish them for doing so." *Manzari v. Associated*

3  *Newspapers Ltd.*, 830 F.3d 881, 887-88 (9th Cir. 2016).

4       Under the anti-SLAPP statute, the court undertakes a two-step process: first,

5  "the court decides whether the defendant has made a threshold showing that the

6  challenged cause of action is one arising from protected activity"; and second, if the

7  statute applies, the burden shifts to the plaintiff to demonstrate a probability of

8  success on its claims based on competent, admissible evidence. *Equilon Enters., LLC*

9  *v. Consumer Cause* (2002) 29 Cal. 4th 53, 67; *see also, Metabolife Int'l, Inc. v.*

10  *Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) (stating that "defendant's anti-SLAPP

11  motion should be granted when a plaintiff presents an insufficient legal basis for the

12  claims or when no evidence of sufficient substantiality exists to support a judgment

13  for the plaintiff").

14       Although the anti-SLAPP statute falls within California's Code of Civil

15  Procedure, federal courts apply it to dispose of frivolous claims impinging upon free

16  speech rights. *See e.g.*, *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 887

17  (9th Cir. 2016) (applying California anti-SLAPP statute to libel and false light claims

18  in a diversity action by former pornographic model); *see also, Clark v. Hidden*

19  *Valley Lake Ass'n*, 2017 WL 4922375, at *3 (N.D. Cal. Oct. 31, 2017) ("Although it

20  is a state statute, a party may bring an anti-SLAPP motion to strike state law claims

21  in federal court.").

22       "[P]laintiffs' burden as to the second prong of the anti-SLAPP test is akin to

23  that of a party opposing a motion for summary judgment." *Navellier v. Sletten*

24  (2003) 106 Cal. App. 4th 763, 768. To establish a probability of prevailing on the

25  claim, the plaintiff must demonstrate that the complaint is both legally sufficient and

26  supported by a sufficient *prima facie* showing of facts to sustain a favorable

27  judgment. *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.* (2006) Cal.

28  App. 4th 464, 476. The burden is on the plaintiff to produce evidence that would be

4

admissible at trial, and she cannot simply rely on her pleadings. *Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal. App. 4th 604, 613-614. To defeat an anti-SLAPP motion, a plaintiff must overcome substantive defenses. *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal. App. 4th 435, 447-448.

Moreover, it is immaterial that the complaint can be amended to state a valid claim. *Premier Med. Mgmt. Sys., Inc.*, 136 Cal. App. 4th at 476 ("On review of an anti-SLAPP motion to strike however, the standard is akin to that for summary judgment or judgment on the pleadings.  We must take the complaint as it is."). If the plaintiff fails to carry that burden, the claim is "subject to be stricken under the statute." *Navellier*, 106 Cal. App. 4th at 772-73.

### B.  Plaintiff's Claim Against Cohen Arises Out of a Protected Activity

Section 425.16(e)(2) protects conduct that is in preparation or anticipation of litigation as "written or oral statement[s] or writing[s] made in connection with an issue under consideration or review by a... judicial body."  Communications with Plaintiff's then council regarding Clifford and the controversy surrounding the potential breach of contract are unquestionably in preparation or anticipation of litigation. *Gotterba v. Travolta* (2014) 228 Cal. App. 4th 35, 38, 41; *see also, Salma v. Capon* (2008) 161 Cal. App. 4th 1275, 1287 ("Communications that are made to prepare for good faith litigation, which is under serious consideration at the time of the communications, are protected by section 425.16"); *Rohde v. Wolf* (2007) 154 Cal. App. 4th 28, 36-37 (Where "Defendant's voicemail messages to [the agent] were statements made in connection with an asset that was the subject of dispute in which plaintiff and defendant threatened litigation" were in anticipation of litigation and "contemplated in good faith and under serious consideration," Defendant established that his conduct was a protected activity under the anti-SLAPP statute and therefore satisfied his burden under the first prong of 425.16).

It is settled that "a plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a 'garden

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

variety' tort or contract claim when in fact the claim is predicated on protected speech or conduct." *Trilogy at Glen Ivy Maintenance Assn. v. Shea Homes, Inc.* (2015) 235 Cal. App. 4th 361, 368; *see Baral v. Schnitt* (2016) 1 Cal. 5th 376, 392 ("the application of section 425.16 cannot reasonably turn on how the challenged pleading is organized"). Conspiracy and aiding and abetting, the labels Plaintiff attaches to her claim, are no more than legal conclusions. *State of California ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal. App. 4th 402, 419 (allegations that named and unnamed defendants "conspired to conceal their improper loss valuations" amounted to "bare legal conclusions"). Such terms have "no talismanic significance." *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc*. (2005) 131 Cal. App. 4th 802, 824.

Here, Cohen himself is not alleged to have done anything "outside the scope of normal, routine legal services." *Cabral v. Martins* (2009) 177 Cal. App. 4th 471, 481. Merely communicating by text message regarding circumstance that were highly likely to, and did, lead to litigation are without question protected communications. *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006). Cohen was providing legal counsel to Mr. Trump while Davidson was representing his client, Clifford. (*See generally,* Complaint; *Clifford v. Trump* (No. 18-02217) (RJN, ECF #1)) The subject matter of the communications concerned the potential breach of the Settlement Agreement by Clifford, and Davidson and Cohen were communicating with one another for the purpose of avoiding a future lawsuit. (*Id*. at ¶¶ 11-49). Regardless of the motivation behind these communications, what is undisputed is that they concerned matters that were very likely to lead to a lawsuit and were thus in anticipation of litigation.[1]

_____

[1] Plaintiff attempts to frame Mr. Davidson's role in representing Clifford as determinative to Cohen, however as the case law shows, Cohen's communications are absolutely privileged if there was a good faith belief they might lead to litigation. The
(footnote continued)

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1   As such, Plaintiff's cause of action against Cohen is based entirely upon a

2   protected activity, Cohen's pre-litigation communications with Davidson. *Contreras*

3   *v. Dowling* (2016) 5 Cal. App. 5th 394, 400 (In aiding and abetting case, court held

4   that the cause of action arose out of a protected activity, because the actions alleged to

5   have taken place were "all communicative acts by an attorney representing clients in

6   pending or threatened litigation. Such acts are unquestionably protected by section

7   425.16."); *Wallace v. McCubbin* (2011) 196 Cal. App. 4th 1169, 1190 ("[F]or anti-

8   SLAPP purposes [the] gravamen [of plaintiff's cause of action] is defined by the acts

9   on which liability is based … ."); *Peregrine Funding, Inc. v. Sheppard Mullin Richter*

10  *& Hampton LLP* (2005) 133 Cal. App. 4th 658, 671. Accordingly, Cohen's

11  communications with Davidson about Clifford are protected by California's anti-

12  SLAPP statute.

**C.   Clifford Cannot Prevail on Her Aiding and Abetting Claim Against Cohen**

15  Once a defendant meets its burden of showing that the challenged cause of

16  action is protected under the first prong of the anti-SLAPP statute, the burden then

17  shifts to the plaintiff to demonstrate a probability of prevailing on the merits.

18  Specifically, the plaintiff has the burden to "show that its complaint is legally

19  sufficient and must present a *prima facie* showing of facts that, believed by the trier of

20  fact, would support a judgment in the plaintiff's favor.  The plaintiff's showing of

21  facts must consist of evidence that would be admissible at trial." *Hall v. Time Warner,*

22  *Inc.* (2007) 153 Cal. App. 4th 1337, 1346; *see also, College Hospital, Inc. v. Superior*

23  *Court* (1994) 8 Cal. 4th 704, 719-20, fn. 5; *Premier Med. Mgmt. Sys.*, Cal. App. 4th at

24  476; *1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal. App. 4th 568, 585.  Both

25  elements must be met for the plaintiff to prevail.

26

27  ───────────────

28  privilege does not hinge on Davidson's duties. (Complaint, ¶ 11).

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

This standard is like that for determining the merits of a defendant's motion for summary judgment, as "[b]oth seek to determine whether a *prima facie* case has been presented by the plaintiff on opposing motions." *Bergman v. Drum* (2005) 129 Cal. App. 4th 11, 18; *see also, Lunada Biomedical v. Nunez* (2014) 230 Cal. App. 4th 459, 469. As with trial, "a defendant may defeat a cause of action by showing the plaintiff cannot establish an element of its cause of action or by showing there is a complete defense to the cause of action..." *Peregrine Funding*, 133 Cal. App. 4th at 676.

### 1.   Cohen's Communications with Davidson are Privileged

The litigation privilege of California Civil Code § 47(b) is "relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." *Contreras*, 5 Cal. App. at 415; *see also, 1100 Park Lane Associates v. Feldman* (2008) 160 Cal. App. 4th 1467, 1485 (Civil Code § 47(b) is "relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff may overcome to demonstrate a probability of prevailing."); *David v. GMAC Mortg., LLC*, 2011 U.S. Dist. LEXIS 140915, *10 (N.D. Cal. Dec. 7, 2011) (citing *Flatley v. Mauro* (2006) 39 Cal. 4th 299, 323) (litigation privilege relevant to second step in anti-SLAPP analysis as it presents a substantive defense plaintiff must overcome to demonstrate probability of prevailing)).

Section 47 provides that the litigation privilege applies "to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Contreras*, 5 Cal. App. at 415 (citing *Silberg v. Anderson* (1990) 50 Cal. 3d 205); Cal. Civ. Code § 47(b). In other words, it applies to statements made in connection with proposed litigation that is "contemplated in good faith and under serious consideration." *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal. 4th 1232, 1251. "Because of the vital purposes served by [the litigation] privilege, it is absolute in nature and applies

8

to all causes of action except malicious prosecution." *La Jolla Grp. II v. Bruce* (2012) 211 Cal. App. 4th 461, 472; *see also, Hagberg v. California Fed. Bank FSB* (2004) 32 Cal. 4th 350, 375 (the litigation privilege "operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution..."). Regarding the communications themselves, the privilege applies "to all publications, irrespective of their maliciousness." *Contreras*, 5 Cal. App. 5th at 415 (citing *Action Apartment Assn.*, 41 Cal. 4th at 1241; *see also, Kenne v. Stennis* (2014) 230 Cal. App. 4th 953, 964; *Kashian v. Harriman* (2002) 98 Cal. 4th 892, 913 (the litigation privilege applies "regardless whether the communication was made with malice or the intent to harm.")[2] "Any doubt about whether the privilege applies is resolved in favor of applying it." *Contreras*, 5 Cal. App. at 415.

This litigation privilege encompasses pre-litigation communications. *American Products Co., Inc. v. Law Offices of Gellar, Stewart & Foley, LLP* (2005) 134 Cal. App. 4th 1132, 1341; *Neville v. Chudacoff* (2008) 160 Cal. App. 4th 1255, 2169 ("The only reasonable inference from the evidence... is that [the client and attorney] were contemplating litigation against [the plaintiff] seriously and in good faith when the letter was written."); *Contreras*, 5 Cal. App. at 415 ("The privilege has been held to cover precisely the type of communications at issue here, such as a lawyer's discussions with clients about potential litigation, the filing of pleadings, and letters to opposing counsel."). When claims rely on such communications, "[a]s a matter of law, plaintiffs are unable to demonstrate.... the second prong of the analysis under Code of Civil Procedure section 425.16." *Blanchard v. DirecTV, Inc.* (2004) 123 Cal. App. 4th 903, 922; *see also, Malin v. Singer* (2013) 217 Cal. App. 4th 1283, 1302

---

[2] In fact, communications made in connection with litigation do not necessarily fall outside the privilege simply because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal." *Kashian* at 910, 913, 920; *see also, Silberg* at 220 (litigations privilege applies "without regard to motives, morals, ethics or intent")

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

("Because a plaintiff cannot establish a probability of prevailing where the litigation privilege precludes liability, the requirements for striking the extortion claim under section 425.16 have been met.").

Here, Plaintiff's second claim is entirely based on communications between Cohen and Davidson regarding Clifford's potential breach of the Confidential Settlement Agreement. Cohen's communications were aimed at curing and/or mitigating a breach of the Settlement Agreement to avoid future litigation that would very likely stem from such a breach.  In communicating with Davidson, Cohen was clearly advocating for his client Mr. Trump, by enforcing the terms of the Settlement Agreement. (Complaint, ¶¶ 20-33) Thus, all the conversations between Davidson and Cohen amount to pre-litigation communications and are therefore privileged. *See Financial Corp. v. Wilburn* (1987) 189 Cal. App. 3d 764, 777 ("It is established that demands to resolve disputes made in anticipation of litigation are privileged so long as anticipation is seriously anticipated in good faith.").

**2.   Plaintiff Cannot Establish Personal Jurisdiction Over Cohen**

"[R]uling on an anti-SLAPP motion does not necessarily require a ruling on the merits of the plaintiff's claims; it may instead involve a determination that the plaintiff has no probability of prevailing because the court lacks the power to entertain the claims in the first place." *Barry v. State Bar of California* (2017) 2 Cal. 5th 318, 326.

Pursuant to due process, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984). General jurisdiction allows a plaintiff to sue a defendant in the forum regardless of the subject matter of the litigation. However, "only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). Indeed, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* The Complaint is devoid of allegations that Cohen is subject to general jurisdiction in California, and implicitly

10

acknowledges that general jurisdiction does not exist. Given that Cohen is a resident of New York, he is not subject to the exercise of general jurisdiction by this Court.

Personal jurisdiction over a nonresident defendant is only proper if a rule or statute confers jurisdiction over the defendant, and the exercise of personal jurisdiction over the defendant does not offend due process. *Doe v. Unocal Corp.*, 248 F.3d 915, 921-22 (9th Cir. 2001). Due process is only satisfied for this purpose if the defendant has "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The inquiry into the "minimum contacts" required to create specific jurisdiction focuses on the relationship among "the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). For a state to exercise jurisdiction consistent with due process, that relationship must arise "from actions by the defendant himself that create a substantial connection with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *High Tech Pet Prods. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*, 2014 U.S. Dist. LEXIS 29772, at *17 (E.D. Cal. Mar. 6, 2014). Because the California long-arm statute is coextensive with the due process clause of the Fourteenth Amendment, "the jurisdictional analysis under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004). When analyzing specific personal jurisdiction, the Ninth Circuit utilizes a three-prong test. First, in a case such as this one, the defendant must either purposely direct his activities toward California, or purposefully avail himself of the privilege of doing business in California, and by doing so invoke the benefits and protections of the forum state. *Id.* at 802. Second, the claim must arise out of or relate to the defendant's California activities. *Id.* Third, the court's exercise of personal

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

jurisdiction over the defendant must be reasonable and comport with the notions of fair play and substantial justice. *Id.*

### i. There is No Purposeful Direction

The purposeful direction test is applied where, as here, the underlying claims are based in alleged tortious conduct. *Id.* Purposeful direction "requires that the defendant…have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 803.  It is true that actions may be directed at the forum state, even when such action occurred elsewhere. *Id.* However, "random, fortuitous, or attenuated contact" do not amount to the requisite connection to the forum. *Burger King Corp.*, 471 U.S. at 476-78. Moreover, "[i]f any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

Here, the alleged phone calls and text messages fall far short of an act that is expressly aimed at the state of California. There are no allegations that the communications between Cohen and Davidson occurred while Cohen was in the state of California. Indeed, there is no evidence that Davidson was even in the State of California when any of the alleged communications took place. "It is well-settled in the Ninth Circuit and other circuits that phone calls, mailings, and facsimile do not provide for personal jurisdiction." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985). Further, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a ***substantial*** connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added).  The court looks to "the defendant's contacts ***with the forum State itself***, not the defendant's contacts with persons who reside there." *Id.* (emphasis added) Moreover, the Supreme Court has consistently rejected the notion that the minimum contacts inquiry can be satisfied by a mere demonstration of contact between a plaintiff/third-party and a forum state. *Id.* at 286.

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

The relationship between a defendant and the forum state "must arise out of contacts that the defendant himself creates with the forum state," and "the plaintiff cannot be the only link between the defendant and the forum." *Id*. Here, Cohen's contacts are grounded in Plaintiff's decision to hire an attorney based in California, not a connection to the state itself. Such contact with a party to the action or a third-party within a forum state do not amount to "express aiming" for purposes of purposeful direction. *Id*. Further, to the extent that Cohen did communicate with Davidson, it was only in the context of Davidson acting as Plaintiff's counsel (Crossclaim, ¶ 6), meaning the act of calling/texting would have been aimed at Plaintiff, and not her representative. Clifford is a resident of Texas. (Complaint, ¶ 1) As such, to the extent that Cohen's communications, if they ever did amount to "express aiming" at any forum, they would be aimed toward the state of Texas.

Regarding the final prong of the purposeful direction analysis, because Plaintiff is a resident of Texas, any purported act on the part of Cohen that ills her would cause foreseeable harm in the state of Texas and not California. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). Indeed, the Complaint is devoid of claims that Plaintiff suffered harm in California. As such, Plaintiff fails to show that Cohen knew that his actions would likely cause harm in California. *See e.g.*, *Bristol-Myers Squibb*, 137 S. Ct. at 1781-82 ("The relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition, as in *Walden*, all the conduct giving rise to the nonresidents' claims occurred elsewhere. It follows that the California courts cannot claim specific jurisdiction."). Plaintiff therefore has not satisfied the purposeful direction test as required for this Court to claim personal jurisdiction over Cohen.

### ii.   The Claims Against Cohen Do Not Arise Out of Forum-Related Activities Performed by Cohen

For the same reasons that Cohen did not perform acts expressly aimed at the forum state, the claims against Cohen do not arise out of forum-related activities. Cohen's communications with Davidson do not amount to activity related to or aimed

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

at the state of California, and therefore the claims against Cohen that are based on those communications do not arise out of activities related to this forum.

### iii. Jurisdiction Over Cohen Would be Unreasonable

The exercise of jurisdiction is reasonable if it comports with traditional notions of fair play and substantial justice. In the Ninth Circuit, courts determine whether personal jurisdiction in reasonable by considering seven factors:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2014 U.S. Dist. LEXIS 146408, *21-22 (N.D. Cal. Oct. 14, 2014). For the same reasons set forth above regarding Cohen's lack of contact in or related to the forum state, purposeful interjection into California on the part of Cohen is simply non-existent. The first factor therefore supports a holding that the exercise of personal jurisdiction over Cohen would be unreasonable.

A forum state maintains a strong interest in providing reparations for its injured residents. *Panavision Int'l, Ltd. P'ship v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Here, neither Plaintiff nor Cohen are California residents. As such, when considering Plaintiff's claims, this factor weighs in favor of Cohen's position that this Court's exercise of personal jurisdiction over him would be unreasonable. The factor of efficient judicial resolution focuses on the locations of evidence and witnesses. As with considering the burden on defendant, this factor "is no longer weighed heavily given the modern advances in communication and transportation," and is therefore neutral. *D. Brutke's Victory Hills v. Tutera*, 2013 U.S. Dist. LEXIS 101750, *36-37 (D. Or. July 22, 2013) (citing *Panavision*, 141 F.3d at 1323-24). Similarly, because in

1  the Ninth Circuit does not view the plaintiff's convenience of relief as an issue of

2  paramount importance, that factor is neutral as well. *Dole Food Co. v. Watts*, 303

3  F.3d 1104, 1116 (9th Cir. 2002).

4      Finally, with respect to the existence of an alternative forum, the state of New

5  York would be the appropriate forum for Plaintiff's claims against Cohen. "Whether

6  another reasonable forum exists becomes an issue only when the forum state is shown

7  to be unreasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080

8  (9th Cir. 2011). Given that Cohen has not had any substantial contacts with this forum

9  that are related to the claim against him, and that he is a resident of New York, it

10 would be unreasonable for this forum to exercise personal jurisdiction over Cohen.

11 Further, because the state of New York can properly exercise general jurisdiction over

12 Cohen, a suitable alternative forum does exist.

13          **3.      There is No Probability of Clifford Prevailing on Her Aiding**

14                **and Abetting Claim against Cohen**

15     An anti-SLAPP motion is an evidentiary motion. *Finton Construction v. Bidna*

16 *& Keys* (2015) 238 Cal. App. 4th 200, 213. Plaintiff fails to provide evidentiary

17 support for her allegations of conspiracy or aiding and abetting. *Choate v. County of*

18 *Orange* (2000) 86 Cal. App. 4th 312, 333. To prove aiding and abetting, Clifford must

19 present proof that Cohen had actual knowledge of the "specific primary wrong" and

20 substantially assisted in its commission. "Mere knowledge that a tort is being

21 committed and the failure to prevent it does not constitute aiding and abetting."

22 *Contreras*, 5 Cal. App. 5th at 725, fn. 12.

23     Plaintiff's allegations are a product of complete invention.  From a mere "Call

24 me," Plaintiff then leaps to the conclusion that Davidson and Cohen "hatched a plan"

25 to the disadvantage of Clifford with no evidence of the true subject matter of the

26 phone call. (Complaint, ¶¶ 18-19) There is no logical way to extrapolate a conspiracy

27 to circumvent Clifford's interests from the words "call me."  Plaintiff continues

28 through her allegations to put forward the existence of facts that do not exist.  The use

of language like "apparently" and "the clear purpose" are used to prop up her imagined inventions of misconduct and are entirely conclusory. (*Id.* at ¶ 34) Many of these unsupported allegations are made under "information and belief" for the simple reason that there is no factual basis to support same. (*Id.* at ¶¶ 19, 20, 40, 49)

Moreover, Plaintiff's claim fails because Clifford was not damaged. A violation of the Rules of Professional Conduct does not, in and of itself, render an attorney liable for damages. Rule 1-100; *Noble v. Sears, Roebuck & Co.* (1973) 33 Cal. App. 3d 654, 658; *Mirabito v. Liccardo* (1992) 4 Cal. App. 4th 41, 46, fn. 2. Rather, Plaintiff is required to establish a reasonable basis for the conclusion that it was more likely than not that the conduct of the defendant was a substantial factor in the result of some tangible injury. Here, Plaintiff fails to provide any grounds for her alleged damages.

## D. Alternatively, the Court Should Dismiss the Aiding and Abetting Breach of Fiduciary Duty Claim against Cohen

The Court may dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face" and "raise [that] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff's claim meets the plausibility threshold when he "pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

If the Court finds that California's anti-SLAPP statute does not somehow apply, it should dismiss Plaintiff's Second Claim for Aiding and Abetting Breach of Fiduciary Duty because Plaintiff has not pled, and will never be able to plead, a valid claim. The communications at issue in this complaint surround anticipated litigation, because Defendant was communicating with Mr. Davidson regarding the potential breach of contract by Ms. Clifford and the litigation that would inevitably follow

16

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

such an action. Thus, they are absolutely privileged as the exact communications intended to be protect by ant-SLAPP statutes. For the herein reasons, Plaintiff simply has no viable claim against Mr. Cohen as a matter of law.

## IV.      <u>CONCLUSION</u>

For all the foregoing reasons, the Court should strike Plaintiff Stephanie Clifford's Second Claim for Aiding and Abetting Breach of Fiduciary Duty or, alternatively, dismiss the claim with prejudice.

Dated: July 27, 2018                  BLAKELY LAW GROUP

By:  /s/ Brent H. Blakely
_____
BRENT H. BLAKELY
*Attorneys for Defendant*
*MICHAEL COHEN*

DEFENDANT MICHAEL COHEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE