BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
Email:     BBlakely@BlakelyLawGroup.com

Attorneys for Defendant
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD (AKA STORMY DANIELS), an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH M. DAVIDSON, an individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-05052-SJO (FFMx)<br><br>**DECLARATION OF BRENT H. BLAKELY IN SUPPORT OF DEFENDANT MICHAEL COHEN'S SPECIAL MOTION TO STRIKE (CAL. CODE CIV. PROC. § 425.16) OR, ALTERNATIVELY, TO DISMISS (FRCP 12(b)(6)) PLAINTIFF'S AIDING AND ABETTING CLAIM AGAINST COHEN;**<br><br>**Date:        August 27, 2018**<br>**Time:        10:00 a.m.**<br>**Location:   Courtroom 10**<br><br>**Hon. S. James Otero**<br><br>Complaint Filed:  June 6, 2018 |

## DECLARATION OF BRENT H. BLAKELY

I, Brent H. Blakely, being duly sworn, deposes and says:

1.      I am an attorney at Blakely Law Group, counsel for Defendant Michael Cohen ("Cohen") in the above-entitled action. I have personal knowledge of the matter set forth herein, and if called upon as a witness could competently testify thereto. I make this declaration in support of Cohen's Motion striking Plaintiff's Second Claim for Aiding and Abetting Breach of Fiduciary Duty in the Complaint ("Complaint") of Plaintiff Stephanie Clifford ("Clifford" or "Plaintiff") filed on or about June 6, 2018.

2.      On June 20, 2018, I e-mailed a letter to Michael Avenatti, counsel for Plaintiff requesting an in-person meet and confer to discuss (among other issues) an Anti-SLAPP motion. Attached hereto and incorporated herein as Exhibit 1 is Mr. Blakely's June 20, 2018 letter.

3.      On Tuesday, June 26, 2018, Ahmed Ibrahim, an associate of Mr. Avenatti's, came to my office to discuss the issues of my June 20, 2018 correspondence. The parties discussed Cohen's position that the communications between Cohen and Defendant Keith M. Davidson are absolutely privileged pursuant to the California Civil Code, that the anti-SLAPP statute applies, and that Plaintiff failed to state a claim for adding and abetting breach of fiduciary duty. Plaintiff disagreed and would not dismiss the claims against Cohen.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed this 27th Day of July 2018 in Manhattan Beach, California.

*/s/ Brent H. Blakely*
Brent H. Blakely

# EXHIBIT 1



1334 Parkview Avenue, Suite 280 Manhattan Beach, California 90266
www.BlakelyLawGroup.com  T 310-546-7400  F 310-546-7401

E-mail bblakely@blakelylawgroup.com

June 20, 2018

**<u>VIA EMAIL & U.S. MAIL</u>**
Mr. Michael J. Avenatti
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Email: mavenatti@eoalaw.com

   Re: **<u>Clifford v. Davidson.</u>**
      **<u>Case No. 18-cv-05052-SJO-FFMx</u>**

Dear Mr. Avenatti:

   I am writing to request an in-person meet and confer conference pursuant to Local Rule 7-3 regarding the Complaint you recently filed.  Furthermore, I again raise my objection to the telephonic meet and confer last week regarding Plaintiff's proposed motion for remand.  As the Court instructed yesterday when it denied Plaintiff's Motion for Reconsideration in *Clifford v. Trump*:

     Absent a compelling showing of good cause, the Court will not
     permit the parties to displace other litigants or violate the Court's rules. While the
     Court is cognizant of the amount of media attention in this case, this alone is
     insufficient to create the exigency required for extraordinary relief. If anything, the
     heightened scrutiny on this action requires that the Court ensure that the rules are
     scrupulously followed and that justice is administered properly and with due
     regard to the rights of all parties involved.

   As you well know from my prior objections, Local Rule 7-3 and Judge Otero Standing Order require an in-person meet and confer unless there is some emergency that prevents such a meeting.  Last week when I called to discuss this case, only your associate, Mr. Ibrahim, was on the phone from your side.  While Mr. Ibrahim appears to have been in your Newport office, you were in New York City engaging in numerous television appearances.  Far from there being any emergency preventing an in-person meet and confer, you chose to meet with the press instead of complying with the Local Rules.  I once again request that you and I have an in-person meeting so that we can

June 20, 2018
Page 2

thoroughly discuss Plaintiff's proposed motion for remand as well as the following
Motions Mr. Cohen is contemplating:

**1)      Motion to Dismiss for Lack of Personal Jurisdiction**

In order to proceed with Clifford's case against Mr. Cohen in California, you must
first establish in personam jurisdiction over Mr. Cohen.  *Pennoyer v. Neff*, 95 U.S. 714,
720-722 (1877).  Mr. Cohen, a resident of New York, has not consented to jurisdiction in
California.  Furthermore, he does not have the requisite minimum contacts with the State
of California.  *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).
In a previous email you refused to answer me when I inquired as to why you believed
California had personal jurisdiction over Mr. Cohen.  I once again request that you set
forth, in detail, the basis for the purported jurisdiction over Mr. Cohen in this matter.

**2)      Motion to Consolidate**

Judge Otero has already indicated that this case is related to *Clifford v. Trump*, in
that they "arise from the same or closely related transactions, happening or events" and
call for determination of the same or substantially related or similar questions of law and
fact."  (Dkt. #11)   When separate actions before the court involve common questions of
law and fact, the court may consolidate those actions.  FRCP 42(a).  As the Court has
already observed, there are sufficient grounds to consolidate this case with *Clifford v.
Trump*.

**3)      Motion to Stay**

The basis for the stay is already set forth in the Court's Stay Order in *Clifford v. Trump*
(Dkt. #53), which you attempted to circumvent when you filed this present action.

**4)      Anti-Slapp motion**

Defendant Michael Cohen is considering filing an anti-SLAPP motion pursuant to
California Code of Civil Procedure §425.16 in connection to Clifford's claim against
Cohen.  Under the statute, "[a] cause of action against a person arising from any act of
that person in furtherance of the person's right of petition or free speech under the United
States or California Constitution in connection with a public issue shall be subject to a
special motion to strike, unless the court determines that the plaintiff has established that
there is a probability that the plaintiff will prevail on the claim."

June 20, 2018
Page 3


Here, Cohen's alleged communications with Mr. Davidson arose in connection with pre-litigation communications.  *See e.g.*, *Digarati Holdins LLC v. Young Money Entertainment LLC* (2011) 194 Cal. App. 4th 873, 887; *Seltzer v. Barnes* (2010) 182 Cal. App. 4th 953, 963

Naturally, all of my client's claims are expressly reserved and none are waived.

Sincerely,

BRENT H. BLAKELY