BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Park View Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:   (310) 546-7400
Facsimile:    (310) 546-7401
Email:          BBlakely@BlakelyLawGroup.com
Attorneys for Defendant
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEITH M. DAVIDSON, an Individual, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-05052-SJO (FFMx)<br><br>**DEFENDANT MICHAEL COHEN'S NOTICE OF MOTION AND MOTION FOR STAY OF THIS ACTION**<br><br>**Date:**       **August 27, 2018**<br>**Time:**       **10:00 a.m.**<br>**Location:**  **Courtroom 10C**<br><br>**Hon. S. James Otero**<br><br>Action Filed: June 6, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2016, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 10C of the United States District Court for the Central District of California located in the United States Courthouse at 350 W. 1st Street, Los Angeles, California 90012, Defendant Michael Cohen ("Defendant" or "Cohen") will and hereby does move the Court for an order staying the present action pursuant to the Order granting a Stay entered in *Clifford v. Trump et. al.* Case No. 18-02217 on April 27, 2018 (the "Stay Order").

1  This Motion will be and is based upon this notice; the attached memorandum of
2  points and authorities; the declaration of Brent H. Blakely; the records, papers and
3  pleadings on file in this action; and such further oral and/or documentary evidence
4  and argument as may be presented prior to or at the hearing of the Motion.
5  This Motion is made following the meeting between counsel, which took place
6  also took place on June 26, 2018.

7  Dated: July 27, 2018               BLAKELY LAW GROUP

8                                     By:  */s/ Brent H. Blakely*
9                                          Brent H. Blakely
                                            **Attorneys for Defendant Michael Cohen**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Michael Cohen ("Cohen") will and hereby does move for an order: 1) staying this present case pursuant to the Order Granting Defendants' Ex Parte Application to Stay Case entered in *Clifford v. Trump et. al.* Case No. 18-02217 on April 27, 2018 (the "Stay Order"). (RJN ECF #53)

This newly filed lawsuit filed by Plaintiff Stephanie Clifford aka Stormy Daniels further demonstrates Plaintiff's utter contempt for this Court's Stay Order. The Stay Order could not have been any clearer: because there is a large potential factual overlap between the *Clifford v. Trump* litigation and the criminal proceedings involving Cohen, Cohen's Fifth Amendment rights are heavily implicated. Accordingly, this Court held that the five *Keating* factors all favored a stay. (RJN, ECF #53) Since the Stay Order was issued, not only has Clifford and her controversial counsel continued their unprincipled publicity tour, they have now filed two new lawsuits, both designed to circumvent this Court's Stay Order.

Plaintiff and her counsel's first end-run around the Stay Order occurred when they filed a defamation action against Mr. Trump in the Southern District of New York (the "Clifford SDNY Action") one court day after issuance of the Stay Order. Plaintiff's defamation claim against Mr. Trump falls squarely within the arbitration provision at issue in the *Clifford v. Trump* case, and substantially overlaps with the facts and issues against Mr. Cohen. This blatant attempt at judge-shopping and forum shopping, and effort to evade the Stay Order, is confirmed in public statements made by Avenatti before the Stay Order was issued, wherein he stated during an interview on CNN that he planned to file Plaintiff's defamation claim against Mr. Trump in this action. (RJN ECF #38-1; Declaration of Brent H. Blakely ("Blakely Dec."), ¶ 2, Ex. A, CNN Transcript)

This present lawsuit, wherein Clifford has sued Cohen for allegedly aiding and

abetting Keith Davidson in breaching Davidson's fiduciary duty to Clifford, is yet another attempt at judge and forum shopping, and an effort to circumvent the Stay Order. As with *Clifford v. Trump*, there is significant overlap between this case, which again involves the Confidential Settlement Agreement and subsequent performance thereof, and the ongoing criminal investigation involving Cohen. For the same reasons this Court set forth in its Stay Order in *Clifford v. Trump*, this present litigation should also be subject to a stay.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her FAC in the *Clifford v. Trump* action on March 6, 2018. (RJN, ECF #14) On March 28, 2018, Plaintiff filed her Motion to Expedite. (RJN, ECF #16) In the Motion to Expedite, Plaintiff stated, in part: "Plaintiff must be permitted to… cross-examine… Mr. Cohen at a deposition regarding these topics that are at the heart of whether an agreement was ever formed." (RJN, Motion to Expedite, pp. 16:24-17:2, ECF No. 16-1) Plaintiff further stated, in pertinent part: "In short, deposition testimony of… Mr. Cohen… is necessary to determine whether the Agreement and the arbitration clause had a lawful object and purpose." (*Id.* at p. 20:25-27)

This court denied the Motion to Expedite, without prejudice, on March 29, 2018. (RJN, ECF #17) Essential Consultants, LLC filed the Motion to Compel Arbitration, which was joined by Mr. Trump, on April 2, 2018. (RJN, ECF ## 20, 21)

On April 8, 2018, Plaintiff filed a Renewed Motion to Expedite. (RJN, ECF #29)  In the Renewed Motion to Expedite, Plaintiff stated, in pertinent part:  "Plaintiff must be permitted to…cross-examine…Mr. Cohen at a deposition regarding these topics that are at the heart of whether an agreement was ever formed" (RJN, Renewed Motion to Expedite, p. 13:4-7, ECF # 29-1)  Plaintiff further stated, in pertinent part: "In short, deposition testimony of…Mr. Cohen…is necessary to determine whether the Agreement and the arbitration clause had a lawful object and purpose." (*Id.* at

p. 16:13-15)

On April 9, 2018, Plaintiff filed her opposition to the Motion to Compel Arbitration. (RJN, ECF #30) In the opposition, Plaintiff stated, in pertinent part: "[T]o meaningfully oppose this motion, Plaintiff requires limited discovery, as set forth in Plaintiff's concurrently filed Renewed Motion for Expedited Discovery. Accordingly, before the Court issues a ruling on the motion, the Court must first allow Plaintiff to conduct discovery and must conduct the trial." (*Id.* at p. 2:10-13)

Also, on April 9, 2018, Mr. Cohen filed an Anti-SLAPP Motion. (RJN, ECF #31)

That same day, the Federal Bureau of Investigations ("FBI") raided Mr. Cohen's residence, office and hotel room, each of which is located in New York City. (RJN, ECF #38-1; Blakely Dec., ¶ 4, Ex. C) In the course of this raid, the FBI sought documents in Mr. Cohen's possession relating to several topics, including the payment of $130,000 to Plaintiff, which is at issue in the *Clifford v. Trump* action. (*Id.*)

On April 13, 2018, the Defendants in *Clifford v. Trump* filed a Joint *Ex Parte* Application for a stay of the matter (the "Stay Application"). (RJN, ECF #38) Plaintiff filed her opposition to the Stay Application on April 16, 2018. (RJN, ECF #39) In the opposition, Plaintiff argued that "less drastic measures, such as ordering Mr. Cohen to testify and requiring Mr. Cohen to invoke the Fifth Amendment on a question-by-question basis, are available to the Court than imposing a blanket stay." (*Id.*, p. 5:14-16; *see also,* Stay Order, p. 6, RJN, ECF #53) Defendants' filed their Reply brief on April 16, 2018. (RJN, ECF #40)

The Court conducted a hearing on the Stay Application on April 20, 2018 and issued the Stay Order on Friday, April 27, 2018, at 2:04 pm. (RJN, ECF #53)

Two minutes after the Court issued the Stay Order, at 2:06 p.m. on Friday, April 27, 2018, Mr. Avenatti announced on Twitter that Plaintiff intended to file an

-3-
DEFENDANT MICHAEL COHEN'S
MOTION FOR STAY OF THIS ACTION

appeal of the Stay Order, stating: "While we certainly respect Judge Otero's 90 day stay order based on Mr. Cohen's pleading of the 5th, we do not agree with it. We will likely be filing an immediate appeal to the Ninth Circuit early next week." (Blakely Dec., ¶ 5, Ex. D)

Instead of filing an appeal, on the next court day, Monday, April 30, 2018, Plaintiff and her counsel reversed course and filed the Clifford SDNY Action. (RJN, ECF #57-3; Blakely Dec., ¶ 3, Ex. B) Plaintiff's sole claim for defamation against Mr. Trump in the Clifford SDNY Action falls squarely within the arbitration provision that is the subject of the Motion to Compel Arbitration. (RJN, ECF # 20) The facts underlying Plaintiff's defamation claim against Mr. Trump also heavily overlap with her defamation claim against Mr. Cohen in the *Clifford v. Trump* action, as they both arise out of statements that allegedly accuse Plaintiff of lying about circumstances relating to "her relationship with Mr. Trump." (RJN, FAC, ECF #14, ¶ 67; Blakely Dec., Ex. B, ¶¶ 6, 28)

On May 24, 2018 Clifford filed a Motion for Reconsideration of the Stay Order. (RJN, ECF #56) Defendants filed their Opposition on June 1, 2018. (RJN, ECF #57)

Plaintiff filed the present action on June 6, 2018. It was removed to Federal court the following day, on June 7, 2018. (ECF #1) On June 7, 2018, Mr. Davidson filed a cross-claim against Mr. Cohen for allegedly violating California Penal Code § 632 (ECF #7)

On June 7, 2018, Clifford filed her Reply Re Motion for Reconsideration in *Clifford v. Trump*. (RJN, ECF #59) On June 19, 2018, this Court denied Clifford's Motion for Reconsideration. (RJN, ECF #63)

On June 20, 2018, counsel for Mr. Cohen sent Plaintiff's counsel a letter requesting that the parties meet and confer regarding Mr. Cohen's anticipated Motion to Stay, among other issues. (ECF #24-1, Blakely Dec., ¶ 6, Ex. E) On June 26, 2018,

the parties met and conferred at Cohen's counsel's office. Plaintiff's counsel did not agree with Cohen's position and would not stipulate to a stay of this action. (Blakely Dec., ¶ 7)

That same day, counsel for Mr. Cohen also met and conferred with Mr. Davidson, who indicated that he would not oppose the present motion. (Blakely Dec., ¶ 8)

## III.    GOOD CAUSE EXISTS TO GRANT THE REQUESTED STAY

### A.    Mr. Cohen's Fifth Amendment Rights Are Heavily Implicated

The roadmap to a stay in this case is already set forth in this Court's Stay Order issued in *Clifford v. Trump*. (RJN, ECF #53) Where, as here, the facts underlying civil and criminal proceedings overlap, the civil case implicates Fifth Amendment rights. *Neman Fin., L.P. v. Citigroup Glob. Markets, Inc.*, 2015 WL 12837640, at *4 (C.D. Cal. Apr. 17, 2015) ("That this case involves factual circumstances related to those underlying the criminal charges suggests that Plaintiffs Fifth Amendment rights may be adversely affected if this matter proceeds."). As this Court has already held:

> [W]hile the exact scope and breadth of the criminal investigation remains unclear, both the government and Mr. Cohen have indicated that the subject matter of the criminal investigation, and the documents seized, in some part reference the $130,000 payment made to Ms. Clifford pursuant to the Agreement…. Furthermore, Ms. Clifford has specifically requested testimonial discovery from Mr. Cohen on his role and conduct in relation to the payment, EC, and that Agreement. Given these circumstances, the Court finds that there is a large potential factual overlap between the civil and criminal proceedings that would heavily implicate Mr. Cohen's Fifth Amendment Rights.

(*Id.* at p. 4)

Here, in *Clifford v. Davidson*, Clifford is suing Cohen for allegedly aiding and abetting Davidson into a scheme to breach Davidson's fiduciary duty to Clifford in connection with the Confidential Settlement Agreement.  Specifically, in an ill-

disguised collateral attack on the validity of the Agreement, which is the subject of *Clifford v. Trump*, Clifford alleges that various communications between Cohen and Davidson are evidence of collusion. Additionally, Davidson has alleged that Cohen taped conversations without his consent in violation of Penal Code § 632. As with *Clifford v. Trump*, Cohen would be required to assert his Fifth Amendment rights in connection with all proceedings in this case due to the ongoing criminal investigation by the FBI and U.S. Attorney for the Southern District of New York. (*See e.g., generally,* Cohen's Answer to Complaint, ECF #19; RJN, ECF #50)

### B. The Five *Keating* Factors Weigh in Favor of Granting a Stay

In evaluating whether to grant a stay, Courts also consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F. 3d 322, 324 (9th Cir. 1989) citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). These factors weigh in favor of granting the requested stay.

#### 1. Plaintiff Will Not be Substantially Prejudiced by a Stay

The first Keating factor requires the Court to consider "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay." *Keating*, 45 F. 3d at 325. As this Court has already held, "[w]hile it is undeniable that Plaintiff has a valid interest in the prompt resolution of her claims, where Cohen's Fifth Amendment rights are heavily implicated and the potential impact on the criminal investigation substantial,

Plaintiff's interests do not outweigh the necessity of a stay." (Stay Order, p. 7)

    2. <u>The Burden on Cohen is Significant</u>

Under the second Keating factor, the Court analyzes "the burden which any particular aspect of the proceedings may impose on defendants." *Keating*, 45 F. 3d at 325. Cohen's Fifth Amendment rights are heavily implicated within the context of the current proceedings. Compelling Cohen to sit for a deposition or otherwise provide testimony that bears heavily on these rights would cause undue prejudice. Cohen would have to choose between his Fifth Amendment privilege and his ability to defend himself on almost every major aspect of the newly filed proceeding. "The adverse inference drawn from the invocation of his privilege, if he so chose to maintain it, would undeniably impact the case." *See Keating*, 45 F. 3d at 326. (RJN, ECF #53; Stay Order, pp. 7-9)

    3. <u>The Efficient Use of Judicial Resources Weigh Toward Staying the Case</u>

The third *Keating* factor permits the court to determine whether a stay will impact "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *Keating* 45 F. 3d at 325. As this Court has already held, "it is unlikely that compelling testimony from Mr. Cohen on the issues cited by Plaintiff would lead to an efficient outcome. The majority of questions brought forth under Plaintiff's [complaint] relate to topics on which Cohen has indicated he is entitled to invoke his Fifth Amendment privilege, and are likely to cause a number of disputes related to discovery, procedure, and timing. It is also quite possible that the outcome of the criminal investigation will benefit the parties and the Court by streamlining the issues and questions presented in this action." (RJN, ECF #53, Stay Order, p. 8)

    4. <u>The Interests in the Public in the Pending Civil and Criminal Litigation</u>

This *Keating* factor directs a court to analyze "the interest of the public in the pending civil and criminal litigation. *Keating* 45 F. 3d at 325. As this Court has already held:

-7-
DEFENDANT MICHAEL COHEN'S
MOTION FOR STAY OF THIS ACTION

> [W]here, as here, the civil litigation has just commenced, and there is significant public attention given to both proceedings, the public interest is best served by ensuring the integrity of the criminal process and strict adherence to the rule of law. And, as the Ninth Circuit recognized in *Keating*, in such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights.

(RJN, ECF #53; Stay Order, p. 9 (quotations and citations omitted))

Accordingly, the requested stay is appropriate and necessary to prevent prejudice in this action.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Michael Cohen respectfully requests that the Court grant the instant Motion and issue an order staying the case for a period of 90 days or to an alternative date suitable to the Court, and permitting Defendant to request a further stay, if necessary.

Dated: July 27, 2018                      BLAKELY LAW GROUP

                                          By:   */s/ Brent H. Blakely*
                                                Brent H. Blakely
                                                ***Attorneys for Defendant Michael Cohen***