UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only       xxx

CASE NO.:   CV 2:18-05052 SJO (FFMx)       DATE:  August 2, 2018

TITLE:   Stephanie Clifford v. Keith Davidson et al.

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                  **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================

PROCEEDINGS (in chambers):  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Docket No. 15]

This matter is before the Court on Plaintiff Stephanie Clifford's ("Ms. Clifford" or "Plaintiff") Motion to Remand Case to Los Angeles Superior Court ("Motion"), filed June 22, 2018. Defendant Michael Cohen ("Mr. Cohen" or "Defendant") opposed the Motion ("Opposition") on July 2, 2018. Plaintiff replied ("Reply") on July 9, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 23, 2018. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The central dispute presented to the Court is the extent to which either party will be permitted to engage in gamesmanship and litigation tactics designed to circumvent the rules, requirements, and orders of this Court. Both sides have a laundry list of complaints concerning the other party's behavior and request that the Court consider the propriety, in light of these complaints, of issuing an order remanding the action back to Los Angeles Superior Court. The relevant procedural history is as follows.

On March 6, 2018, Ms. Clifford filed a complaint in the Superior Court of the State of California for the County of Los Angeles seeking declaratory judgment that an agreement (the "Agreement") between herself, Essential Consultants, LLC ("EC"), and Donald J. Trump ("Mr. Trump") is void, invalid, or unenforceable (the "DJ Action"). (*See* Notice of Removal, Ex. 1 ("DJ Compl."), 2:18-cv-02217-SJO-FFM, ECF No. 1-1.) EC removed the DJ Action to this Court on March 16, 2018. (Notice of Removal, 2:18-cv-02217-SJO-FFM, ECF No. 1.) On March 26, 2018, Plaintiff filed a First Amended Complaint ("FAC") adding a claim for defamation against Mr. Cohen, named in the Agreement as the attorney for EC. (*See generally* FAC, 2:18-cv-02217-SJO-FFM, ECF No. 14.)

On April 5, 2018, Mr. Trump and EC filed an *ex parte* application requesting that the Court grant the defendants an extension of time to respond to the FAC. (*Ex Parte* Application for Extension of Time, 2:18-cv-02217-SJO-FFM, ECF No. 26.) Addressing the parties' dispute over whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6     xxx
Scan Only

CASE NO.:  CV 2:18-05052 SJO (FFMx)         DATE:  August 2, 2018

each side had adequately complied with the Court's "meet and confer" requirement, the Court noted that "[t]he instant dispute could, and should, have been resolved in a civil manner by the parties without intervention by the Court." (Order Granting Def's Ex Parte Appl. 2, 2:18-cv-02217-SJO-FFM, ECF No. 28.)

The issue of a failure to meet and confer was brought before the Court again on April 9, 2018, in objections filed by EC and Mr. Cohen to Ms. Clifford's Motion for Expedite Jury Trial. (Objections, 2:18-cv-02217-SJO-FFM, ECF No. 32.) The Court ruled that "[a]s this is the second time in this one month old action a failure to meet and confer has been brought before the Court, every further motion presented to the Court must include either (1) a stipulation signed by both parties that confirms a meet and confer has occurred, or (2) a declaration from the moving party explaining the exhaustive efforts undertaken to conduct a meet and confer and the exact reasons why the parties have failed to do so." (Order Responding to Def.'s Objections, 2:18-cv-02217-SJO-FFM, ECF No. 35.)

On April 13, 2018, Mr. Cohen and EC moved *ex parte* to stay the DJ Action on the grounds that the proceedings would severely prejudice Mr. Cohen's Fifth Amendment rights in light of an ongoing criminal investigation into Mr. Cohen and EC. (Ex Parte Appl. To Stay Case, 2:18-cv-02217-SJO-FFM, ECF No. 38.) The Court granted the stay (the "Stay Order") on April 27, 2018, noting that while "the exact scope and breadth of the criminal investigation remains unclear, both the government and Mr. Cohen have indicated that the subject matter of the criminal investigation, and the documents seized, in some part reference the $130,000 payment made to Ms. Clifford pursuant to the Agreement." (Order Granting Def's Ex Parte Appl. to Stay Case, 2:18-cv-02217-SJO-FFM, ECF No. 53.) Plaintiff moved the Court to reconsider the Stay Order on May 24, 2018, and the Court denied Plaintiff's motion on June 19, 2018. (Mot. for Reconsideration, 2:18-cv-02217-SJO-FFM, ECF No. 56; Order Denying Pl's Mot. For Reconsideration, 2:18-cv-02217-SJO-FFM, ECF No. 63.)

On June 6, 2018, Plaintiff filed the instant action in the Superior Court of the State of California for the County of Los Angeles, alleging that her former attorney Keith Davidson ("Mr. Davidson"), who negotiated the Agreement with Mr. Cohen, breached his fiduciary duty to Plaintiff by acting in "concerted action with Mr. Cohen" to benefit Mr. Trump at Ms. Clifford's expense. (Notice of Removal Ex. 1 ("Compl.") ¶ 66, ECF No. 1-1.) Plaintiff also alleges that Mr. Cohen "aided and abetted" this breach of fiduciary duty. (Compl. ¶¶ 74-82.) Plaintiff's complaint (the "Complaint") is based on a variety of text message exchanges between Mr. Davidson and Mr. Cohen, an unauthorized attempt by Mr. Davidson to arrange a media appearance for Ms. Clifford for the benefit of Mr. Trump, and Mr. Davidson's alleged failure to return the entirety of Plaintiff's client file, including the totality of his correspondence with Mr. Cohen. (*See generally* Compl.) Plaintiff requests damages from both parties and the return of her client file from Mr. Davidson. (Compl. 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6          xxx
Scan Only

CASE NO.:   CV 2:18-05052 SJO (FFMx)           DATE:  August 2, 2018

Plaintiff's counsel, Michael Avenatti ("Mr. Avenatti"), filed the Complaint at approximately 11:18 a.m. PST.  (Decl. Michael J. Avenatti ("Avenatti Decl.") ¶ 3, ECF No. 15-2.)  At 12:16 p.m., Mr. Avenatti received an e-mail from attorney Michael D. Padula ("Mr. Padula"), stating that "I understand you have filed a lawsuit against Mr. Davidson. I will accept service on this [sic] behalf. Please send me a copy of the complaint."  (Avenatti Decl. ¶ 4, Ex. 2.)  Mr. Avenatti, who had previously attempted to serve Mr. Davidson at his office, ceased his attempts at personal service.  (Avenatti Decl. ¶ 5.)  At 1:10 p.m., a public statement responding to the lawsuit was released on Mr. Davidson's behalf, indicating that Mr. Davidson's self-identified attorneys had received a copy of the Complaint. (Avenatti Decl. ¶ 6.)  At 6:57 p.m., Mr. Avenatti received a second e-mail from Mr. Padula, requesting that Mr. Avenatti "[p]lease note that I previously misspoke. I am not authorized to accept service on Mr. Davidson's behalf." (Avenatti Decl. Ex. 3.)  Mr. Avenatti sent Mr. Padula an e-mail at 7:27 p.m. with a copy of the Complaint attached.  (Avenatti Decl Ex. 4.) Gene Rossi, who was included on the e-mail exchanges between the parties, responded at 8:06 p.m. that "[a]s Michael Padula made very clear and informed you earlier today . . . we are not authorized to accept service of this complaint."  (Avenatti Decl. Ex. 5.)

At exactly 9:00 a.m. on June 7, Mr. Cohen filed the Notice of Removal.  (*See* Notice of Removal, ECF No. 1.)  In the Notice of Removal, Mr. Cohen states that he "is informed and believes that Mr. Davidson has not been served with a copy of the Summons or Complaint in the Action."  (Notice of Removal 2.)  A few hours later, Mr. Davidson filed an answer, a counterclaim for defamation against Ms. Clifford, Mr. Avenatti, and law firms Avenatti & Associates and Eagan Avenatti, LLP, and a crossclaim for violation of the California Invasion of Privacy Act against Mr. Cohen. (Answer, ECF No. 5; Counterclaim, ECF No. 6; Crossclaim, ECF No. 7.)

On June 8, 2018, Mr. Avenatti contacted counsel for Mr. Cohen, Brent Blakely ("Mr. Blakely"), to conduct a meet and confer on the motion for remand. (Avenatti Decl. Ex. 10.)  Mr. Blakely refused multiple requests for a telephonic meet and confer, indicating that he would prefer to meet and confer in person, as strongly encouraged by the local rules, when he returned to Los Angeles approximately one week later.  (Avenatti Decl. Ex. 10.)  The parties held a meet and confer on June 14, just before which Mr. Blakely informed Mr. Avenatti that he would be filing an *ex parte* application for a  restraining order against him in the DJ Action.  (Avenatti Decl. Ex. 10.)  Mr. Blakely filed the *ex parte* application that same day. (Ex Parte Application for Restraining Order, 2:18-cv-02217-SJO-FFM, ECF No. 60.)  Finding that "Defendant has not demonstrated . . . that immediate, irreparable injury would occur in the absence of emergency *ex parte* relief," the Court opted to treat the Application as a regularly noticed motion and set a briefing schedule pursuant to local rule.  (Order Setting Briefing Schedule 1, 2:18-cv-02217-SJO-FFM, ECF No. 61.)

The instant action was transferred to this Court on June 15, 2018. (ECF No. 11.) Plaintiff's Motion followed on June 22, 2018.

MINUTES FORM 11                                                                                              __ : __
CIVIL GEN                              Page 3 of    7                        Initials of Preparer _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | |
| Send | |
| Enter | |
| Closed | |
| JS-5/JS-6 | xxx |
| Scan Only | |

CASE NO.: CV 2:18-05052 SJO (FFMx)      DATE: August 2, 2018

II.     DISCUSSION

In her Motion, Plaintiff argues that removal of this action is a clear violation of the "forum defendant rule," which prohibits removal to federal court on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (*See generally* Mot., ECF No. 15; 28 U.S.C.A. § 1441.) The parties do not dispute that Ms. Clifford resides in Texas, Mr. Davidson resides in and is a citizen of California, and Mr. Cohen resides in and is a citizen of New York. (*See* Compl. ¶¶ 1-3.) Defendant responds that the action is an improper attempt by Plaintiff to forum shop and bypass the Stay Order, that Mr. Davidson is a fraudulently joined party, that the Court should interpret the statute to permit removal before any defendant has been served, including the forum defendant, and that the Court has supplemental jurisdiction over the action. (*See generally* Opp'n, ECF No. 18.) The Court analyzes the parties' arguments below.

    A.     The Forum Defendant Rule

The "forum defendant rule" serves as a restriction on the removal of an action from state to federal court, and thus addresses the "removal jurisdiction" of the federal court. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Unlike subject matter jurisdiction, an objection to removal jurisdiction is "procedural," and a Court may decline to remand an action based on the rule if an objection is not made within 30 days after the filing of the notice of removal. *Id.* District courts are divided over whether the rule's requirement that the forum defendant is "properly joined **and served**" in the action indicates that removal is permitted when the plaintiff has not yet had a meaningful opportunity to effectuate service on any defendant. *See* Christopher M Strogonsky et al, *Removal Jurisdiction: Congressional Intent or Litigation Gamesmanship?*, S.10 No. 1 In-House Def. Q. 12 (2015) (noting that a majority of district courts permit pre-service removal based on the "plain language" of the statute, while approximately a third of district courts hold that allowing removal in these circumstances would be "absurd").

This Court has previously addressed the proper application of the forum defendant rule in *Austin v. AstraZeneca Pharm., LP*, No. CV1301544SJOJCGX, 2013 WL 12142637, at *2 (C.D. Cal. Apr. 22, 2013) (Otero, J.). In *Austin*, the Court noted:

> The purpose of the forum defendant rule is related to the rationale of federal diversity jurisdiction generally in that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). The requirement that a forum defendant be "properly joined and served" was added to the removal statute in 1948. *See Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6    XXX
Scan Only

**CASE NO.:** CV 2:18-05052 SJO (FFMx)            **DATE:** August 2, 2018

> (examining the legislative history surrounding the addition of the "and served" language to § 1441(b)). The purpose of adding this language was to combat the increasing tendency of plaintiffs to join forum defendants they did not intend to pursue solely for the purpose of defeating federal diversity jurisdiction. *See Sullivan*, 575 F. Supp. 2d at 645; *Mohammed*, 2009 WL 857517, at *3; *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003). In other words, the purpose of the amendment was to prevent procedural gamesmanship by plaintiffs. *Mohammed*, 2009 WL 857517, at *3.
>
> Many courts have recently recognized that a literal reading of § 1441(b) in combination with the advent of electronic filing and online dockets promotes procedural gamesmanship by defendants racing to the courthouse in order to remove cases to federal court before the plaintiff can serve a forum defendant . . . . This gamesmanship is especially egregious where, as here, a defendant removes the case before any defendant has been served because such conduct undermines the forum defendant rule and inappropriately prevents plaintiffs from choosing the forum.

*Id.* at *2. The Court thus held that because it "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statue," *Albertson's, Inc. v. Comm'r*, 42 F.3d 537, 545 (9th Cir. 1994), section 1441(b) forecloses removal before the plaintiff has a meaningful opportunity to serve the defendant. *Id.* at *3.

Here, there has been clear gamesmanship designed to subvert the application of the forum defendant rule and bring this action to federal court. While Defendant urges the Court to depart from its previous ruling and find that the "plain language" of the statute governs, in part because of Plaintiff's own litigation gamesmanship and forum shopping, statutory interpretation is not amenable to adjustment on the sole basis of the Court's whim. To hold as Defendant requests would be to hold that pre-service removal is proper where the plaintiff has engaged in **more** gamesmanship than the defendant, creating inconsistency and uncertainty for future litigants as to when the rule applies. As Defendant has not demonstrated that there is a compelling, novel **legal** reason to overturn its prior ruling, and the Ninth Circuit has yet to weigh in on the issue, the Court declines to revisit its holding in *Austin*.

   B.   <u>Sham Defendants</u>

Defendant next argues that the forum defendant rule should not apply because Keith Davidson is a "sham defendant," and that Plaintiff's claim against Davidson is "a clumsy ploy to continue to litigate against Mr. Cohen." (Opp'n 10.) Under Ninth Circuit law, "[i]t is a commonplace that fraudulently joined defendants will not defeat removal[.]" *Ritchey v. Upjohn Drug Co.*, 139 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6      xxx
Scan Only

CASE NO.:   CV 2:18-05052 SJO (FFMx)          DATE:  August 2, 2018

1313, 1318 (9th Cir. 1998).  Defendant argues that "Clifford's claim against Davidson is devoid of merit and has no chance of success," and thus Mr. Davidson was fraudulently joined. (Opp'n 10.)

Even if the Court agreed with Defendant regarding the merits of the underlying claims, this does not in itself indicate that Mr. Davidson was fraudulently **joined** in the action.  The gravamen of Plaintiff's claims, that Mr. Davidson breached his fiduciary duty, are directed specifically toward Mr. Davidson.  (*See generally* Compl.) The claims that Mr. Cohen "aided and abetted" this breach are tangential and directly related to the claims against Mr. Davidson.  If anything, the facts would support a claim that **Mr. Cohen** was fraudulently joined in the action, not that Mr. Davidson was himself fraudulently joined to the action.  Unfortunately for Mr. Cohen, however, it is Mr. Davidson's citizenship that matters for the purpose of the forum defendant rule, and if the Court does not have removal jurisdiction, it cannot rule on the merits of these claims.

  C. Supplemental Jurisdiction and Administrative Discretion

Defendant finally argues that the Court has "supplemental subject matter jurisdiction" over Plaintiff's claims, and that it should exercise its "inherent authority" to manage cases to either dismiss Mr. Cohen as a defendant, dismiss the entire action, or stay the lawsuit. (Opp'n 15-19.) The Ninth Circuit has made it clear, however, that "[s]upplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86 (9th Cir. 1997), as amended on denial of reh'g (June 10, 1997).  While the factual circumstances in the cases may overlap to some extent, these are clearly separate claims in two separately filed actions.  Supplemental jurisdiction is therefore inappropriate.

As to Defendant's argument regarding "inherent authority," the Court does not have the authority to issue rulings or manage cases over which it does not have jurisdiction.  Though the Ninth Circuit has made it clear that an objection to removal jurisdiction is waivable, Defendant points to no case that suggests that a district court may ignore or decline to follow the forum defendant rule if an objection is properly raised by the plaintiff within the thirty day time limit.  Moreover, while the Court agrees that the resolution of these issues in one court would promote judicial economy, California courts are capable of resolving all of the objections raised by Defendant, including the substantive merits of Plaintiff's claims, personal jurisdiction over Mr. Cohen, and the preservation of Mr. Cohen's Fifth Amendment privilege.

As a final matter, the Court notes that the resolution of this issue is based on the application of removal jurisdiction only, and the Court is not condoning or making findings regarding Plaintiff's alleged gamesmanship and oppressive litigation tactics.  Ms. Clifford and Mr. Cohen are parties to an action that still remains before this Court and **must** follow the rules and requirements thereof, including the requirement that the parties meet and confer seven days prior to the filing of a properly noticed motion.  This meeting, absent good cause, must occur **in person**.  Failure

MINUTES FORM 11                                                                                                                :
CIVIL GEN               Page 6 of 7        Initials of Preparer

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6 __XXX__
Scan Only

**CASE NO.:** CV 2:18-05052 SJO (FFMx)  **DATE:** August 2, 2018

to comply with the rules may result in sanctions or other measures the Court deems appropriate.

III. RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

IT IS SO ORDERED.